# EXHIBIT 17

STATE OF NORTH CAROLINA     FILED    IN THE GENERAL COURT OF JUSTICE

COUNTY OF RANDOLPH    2023 SEP -6 A 11:35    SUPERIOR COURT DIVISION
23 CVS 867

RANDOLPH CO., C.S.C.

EASTWOOD CONSTRUCTION, LLC,
d/b/a EASTWOOD HOMES    BY ____

         Plaintiff,

vs.

JAMES L. BRYANT, JR. and SHARON R. BRYANT,

         Defendants.

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR PROTECTIVE ORDERS AND DENYING DEFENDANTS' MOTION TO COMPEL**

THIS MATTER CAME ON FOR HEARING before the Honorable Keith Gregory on September 5, 2023 during the September 5, 2023 session of the General Court of Justice, Superior Court Division, of Randolph County on motion of Plaintiff Eastwood Construction, LLC, d/b/a Eastwood Homes' ("Eastwood" or "Plaintiff") Motion for Protective Order regarding document requests ("First Motion") and Motion for Protective order regarding depositions ("Second Motion"), and Defendants' Motion to Compel ("Motion to Compel"). The Court, having reviewed the First Motion and Second Motion, the Motion to Compel, authorities submitted by Plaintiff's counsel, and having heard arguments from the parties, finds the facts, states its conclusions of law based thereon, and directs entry of an Order granting the First Motion and Second Motion and denying the Motion to Compel as follows:

Error! Unknown document property name.

# THE COURT HEREBY FINDS AND CONCLUDES THE FOLLOWING:

## CONCLUSIONS OF FACT

1. On April 27, 2023, Eastwood filed this action for tortious interference with contract, interference with prospective economic advantage, libel per se, libel per quod, breach of contract, and unfair and deceptive trade practices.

2. On May 19, 2023, Defendants filed its Answer and Counterclaims. Defendants' Counterclaims included claims for breach of contract, negligence, libel per se, libel per quod, and unfair and deceptive trade practices.

3. On July 7, 2023, Plaintiff's counsel was served by email with a copy of "Defendants' First Request for Production of Documents" (the "Document Requests."). The Document Requests effectively sought all documents of Eastwood's entire company and included "all documents of Eastwood's Executive Team," "all documents of Eastwood's Banking Information," "all documents of Eastwood's Investment Information," "All documents of Eastwood's Financial Records," by way of example. There was no effort to limit the Requests to the issues raised in the lawsuit.

4. When Defendant James Bryant emailed the Document Requests to Plaintiff's counsel, Mr. Bryant stated, "In the interim, please ask your client their wishes concerning settlement in lieu of this time consuming, expensive discovery. I am bound to 'discover' some information that may be damning, embarrassing, or even illegal during this process. . . . What will the President and CEO of Eastwood think and do when they get a subpoena to be deposed about the finances and taxes of their business?"

5. On July 23, 2023, Defendants emailed counsel for Plaintiffs a copy of the subpoenas to Clark Stewart and Mike Conley, and Brian Neely (the Subpoenas) and corresponding Notices of Depositions.

6. The Subpoenas were mailed to Eastwood's Charlotte office at 2857 Westport Road, Charlotte, NC 28208. This address is not the home address of either Mr. Stewart or Mr. Conley. No person was authorized to be served or to accept service on behalf of Mr. Stewart or Mr. Conley at Eastwood's Charlotte office.

7. The subpoenas were not personally served on either Mr. Conley or Mr. Stewart.

8. The Subpoenas requested three depositions on August 21, 2023. The deposition for Mr. Stewart was to occur at 10:00am. The deposition for Mr. Neely was to occur at 11:00am. The deposition for Mr. Conley was to occur at 12:00pm.

9. Mr. Conley and Mr. Stewart do not have any personal knowledge about the issues in the lawsuit.

10. On July 25, 2023, Eastwood filed the First Motion.

11. On August 18, Eastwood filed the Second Motion.

## CONCLUSIONS OF LAW

1. Mr. Stewart and Mr. Conley were not served properly with a copy of the Subpoenas under Rule 45(b) of the North Carolina Rules of Civil Procedure.

2. Rule 26(1a) of the North Carolina Rules of Civil Procedure provides that, on motion pursuant to Rule 26(c), discovery "shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative,

Error! Unknown document property name.

3

or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation."

3. Rule 26(c) of the North Carolina Rules of Civil Procedure provides that "[u]pon motion by a party or by the person from whom discovery is sought, and for good cause shown, the judge of the court in which the action is pending may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, or undue burden or expense." Such orders may include "(i) that discovery not be had" or "(iv) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters."

4. Courts may grant protective orders where a party's requests for production of documents are very broad and a party is unable to show that the materials sought are relevant or necessary. *See Williams v. State Farm Mut. Auto. Ins. Co.*, 67 N.C. App. 271, 274, 312 S.E.2d 905, 907 (1984); *see also Powers v. Parisher*, 104 N.C. App. 400, 409, 409 S.E.2d 725, 730 (1991) (holding that it was an abuse of discretion to not grant the defendant some relief pursuant to his motion for a protective order where plaintiff sent broad requests for financial documents).

5. The purpose of Rule 34 is to "prevent litigants from engaging in mere fishing expeditions to discover evidence or using the rule for harassment purposes." *Williams*, 67 N.C. App. at 273, 312 S.E.2d at 907.

6. The Document Requests and Subpoenas are oppressive, unduly burdensome and expensive considering the needs of the case, the amount in controversy, and the issues at stake in the litigation.

7. Defendants have not shown that the documents requested and deposition testimony from Mr. Stewart or Mr. Conley are necessary.

8. Eastwood has good cause for a protective order because Defendants intend to harass and embarrass Eastwood with the Document Requests and Subpoenas.

NOW, THEREFORE, IN THE EXERCISE OF THE COURT'S DISCRETION, IT IS ORDERED, ADJUDGED AND DECREED that:

1. Eastwood is relieved of any requirement to respond to the Document Requests;

2. Joseph Clark Stewart is relieved of any requirement to appear for deposition in this matter;

3. Mike Conley is relieved of any requirement to appear for deposition in this matter;

Error! Unknown document property name.

This the 6th day of September, 2023.

_____
Honorable Keith Gregory

6

Error! Unknown document property name.