**SO ORDERED.**

**SIGNED this 30th day of September, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

```
                UNITED STATES BANKRUPTCY COURT
               MIDDLE DISTRICT OF NORTH CAROLINA
                      GREENSBORO DIVISION

In re:                              )
                                    )
James Lawrence Bryant, Jr.,         )
Sharon Renea Bryant,                )   Case No. 25-10147
                                    )   Chapter 7
             Debtors.               )
_____)
```

**ORDER REGARDING EASTWOOD HOMES' MOTION TO SHOW CAUSE AS TO WHY DEBTORS SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH ORDER COMPELLING COMPLIANCE WITH RULE 2004 SUBPOENAS AND SANCTIONED FOR SUCH CONTEMPT**

This case came before the Court for hearing on September 30, 2025, on the Motion to Show Cause as to Why Debtors Should not be Held in Contempt of Court for failure to Comply with Order Compelling Compliance with Rule 2004 Subpoenas and Sanctioned for Such Contempt (the "Motion"), filed by Eastwood Construction Partners, LLC d/b/a Eastwood Homes ("Eastwood") on September 5, 2025. ECF No. 88. Appearing at the hearing were counsel for Eastwood as well as James Bryant and Sharon Bryant ("Debtors"). Debtors are proceeding pro se. For the reasons stated herein, and on the record at hearing, the Court will (1) direct Debtors to comply with the Court's June 16, 2025 Order Granting Eastwood

Construction Partners, LLC's Motion for Order Authorizing Examination and Requiring Production of Documents Under Federal Rule of Bankruptcy Procedure 2004, ECF No. 48 (the "2004 Order"), as provided herein; (2) continue the hearing on the Motion to November 25, 2025; and (3) extend the deadline to object to Debtors' claims of property exemptions to December 5, 2025.

## BACKGROUND

On March 13, 2025, Debtors commenced this case by filing a voluntary petition under chapter 7 of title 11.  ECF No. 1.  On Schedule A/B, Debtors listed real property located at 5629 Siler Street, Trinity, NC (the "Real Property") which Debtors own as tenants by the entirety.  Id. at 11.  On Schedule D, Debtors listed a claim held by Eastwood Homes in the total amount of $150,000.00, secured by the Real Property.  Id. at 29.  On April 3, 2025, Debtors filed a claim for property exemptions in which they claim a $25,000.00 exemption in the Real Property.  ECF No. 14.  Eastwood is considering a challenge to the discharge of its debt and contends that Debtors' schedules suggest inconsistent disclosures of assets and liabilities.  ECF No. 88, ¶ 2.

On May 9, 2025, Eastwood filed an Amended Motion for Order Authorizing Examination and Requiring Production of Documents under Federal Rule of Bankruptcy Procedure 2004, ECF No. 23, which the Court granted in part on June 16, 2025.  ECF No. 48.  The 2004 Order provided that Debtors must produce responsive documents in

their possession, custody, or control by Thursday, July 31, 2025; that Debtors must appear for examination at an agreed upon time no later than Friday, August 22, 2025; and that Eastwood is allowed to issue subpoenas compelling Debtors to comply with the 2004 Order.  Id.

On September 5, 2025, Eastwood filed the current Motion, requesting an order requiring Debtors to (1) show cause why they should not be held in civil contempt for failing to comply with the 2004 Order and (2) pay a per diem sanction until they purge themselves of such civil contempt and comply with the 2004 Order. ECF No. 88, ¶ 9.

## DISCUSSION

A party cannot be compelled to produce documents that are not in the party's possession, custody, or control.  Fed. R. Bankr. P. 7034.  "'[D]ocuments are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, or control **or the legal right to obtain the documents on demand**.'"  Ultra-Mek, Inc. v. Man Wah (USA), Inc., 318 F.R.D. 309, 312 (M.D.N.C. 2016) (quoting In re: NC Swine Farm Nuisance Litig., No. 5:15-CV-00013-BR, 2016 WL 3661266, at *3 (E.D.N.C. July 1, 2016) (emphasis added)).  A party does not discharge the obligation to produce documents by simply stating that the documents are not in his possession.  Morris v. Lowe's Home Centers, Inc., No. 1:10CV388, 2012 WL 1073405, at *8 (M.D.N.C. Mar. 29, 2012); Searock

v. Stripling, 736 F.2d 650, 654 (11th Cir. 1984) ("[T]he primary dispositive issue is whether [the responding party] made a good faith effort to obtain the documents over which he may have indicated he had 'control' in whatever sense, and whether after making such a good faith effort he was unable to obtain and thus produce them.").

In this case, Debtors must produce the following documents, to the extent they exist, and are in Debtors' possession, custody, or control within the meaning described in the preceding paragraph, on or before November 14, 2025: (1) a copy of Debtors' 2023 Tax Return; (2) a copy of Debtors' Schedule SE (Form 1040) (Self-Employment Tax) from their 2024 Tax Return; (3) a copy of every mortgage modification application submitted by Debtors to Movement Mortgage in 2025 (the "Mortgage Modification Application"); and (4) a copy of Debtors' monthly bank statements from January 2022 to the present from the following accounts (collectively, the "Bank Statements"):

```
(1)  PNC bank account
(2)  FST Premier account
(3)  Synchrony Bank account number ending in 1504
(4)  Trident Asset Management, LLC account ending in 1504
(5)  Navy Federal Account ending in 1078
(6)  Portfolio Recover Associates account
(7)  LVNV Funding, LLC account ending in 0693
(8)  Merrick Bank account ending in 1504
(9)  Midland Credit Management, Inc. account ending in 8330
(10) Truist account number ending in 9001
(11) Wells Fargo Bank account ending in 6012
(12) Truist account number ender in 4004
```

With respect to the Bank Statements, Debtors must make reasonable efforts to obtain these statements including online attempts, written requests, and physical visits to a branch of each bank.  To the extent that any one of these efforts is unsuccessful, Debtors must try the others.  To the extent that Debtors are unable to obtain any of these statements, Debtors shall, with respect to each account, provide a statement complying with 28 U.S.C. § 1746, stating each and every step taken to obtain the statements as well as the response Debtors received from the bank.  Additionally, to the extent Debtors must go to the affected banks in person, Debtors must provide the name of the person they spoke to in-person at each branch and identify the date and time in which they visited the branch.

With respect to the Mortgage Modification Application, if Debtors are unable to obtain this application through other means, Debtors must send a letter, <u>via certified mail</u>, to the mortgage company or loan servicer, at the established address provided by the mortgage company or loan servicer for information requests, or to the address posted on the mortgage company or loan servicer's website and which is identified as the address for receiving information requests.  The letter should be addressed to the attention of either the mortgage loan accounting department or the borrower inquiry department. The letter must include: (1) Debtors' names and the account number(s) associated with Debtors'

account(s); (2) Debtors' address; and (3) a statement that Debtors are requesting a copy of any request for loan modification made by Debtors and any response, written or otherwise, made between Debtors and the mortgage company or loan servicer.

To account for the additional time provided to Debtors to comply with the 2004 Order, the Court will continue the hearing on the Motion to November 25, 2025, and extend the deadline to object to Debtors' claims of property exemptions to December 5, 2025.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that:

1. Debtors must comply with 2004 Order as provided herein on or before November 14, 2025.

2. The hearing on the Motion is continued as follows:

```
DATE:     November 25, 2025
TIME:     9:30 am
LOCATION: Second Floor, Courtroom #1
          South Edgeworth Street
          Greensboro, NC 27401
```

3. The deadline to object to Debtors' claim of property exemptions is extended to December 5, 2025.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-10147

```
John Paul Hughes Cournoyer
Bankruptcy Administrator                        Via CM/ECF

Vicki L. Parrott
Chapter 7 Trustee                               Via CM/ECF

Jamey Lowdermilk
Katarina K. Wong
Counsel for Eastwood                            Via CM/ECF

James Lawrence Bryant, Jr.
Sharon Renea Bryant
5629 Siler Street
Trinity, NC 27370
```