**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**
**CASE # 25-10147**

| | | |
|---|---|---|
| **JAMES LAWRENCE BRYANT, JR. and** | ) | |
| **SHARON RENEA BRYANT  A/K/A** | ) | **AMENDED MOTION TO DECLARE** |
| **SHARON RENEA BLACKMON,** | ) | **CONFESSION OF JUDGMENT VOID** |
| **Debtors** | ) | **AND TO DISALLOW ASSOCIATED CLAIM** |
| | ) | |

**PLEASE NOTE:** (Amended Motion Filed to Supersede Prior Motion *Without* Changing Existing Hearing Date of December 9, 2025)

**Contents of Filing Packet:**

1.  Table of Contents

2.  Table of Cases & Authorities

3.  Amended Motion and Memorandum of Law

4.  Declaration in Support of Motion

5.  Proposed Order

6.  Table of Exhibits

FILED NOV 10 '25 PM 3:35USBC-GBO

# TABLE OF CONTENTS

I. Introduction ................................................................................................ 1

II. Jurisdiction and Venue ............................................................................. 1

III. Background Facts ...................................................................................2

IV. Legal Grounds for Relief .......................................................................3

A. The $150,000 Judgment Is Grossly Inflated ..........................................3

B. The Confession Constitutes an Unenforceable Penalty .........................3

C. Damages Were Fully Mitigated and Judgment Satisfied ........................3

D. Bankruptcy Court Authority to Review Judgment .................................4

V. The Confession Was Premature and Void Under N.C. R. Civ. P. 68.1 .....................4

VI. Relief Under Fed. R. Civ. P. 60(b)(4) and (5) .........................................4

VII. Claim and Lien Void Under §§ 502(b)(1) and 506(d) ............................5

VIII. Conclusion and Relief Requested ........................................................5

VIII. Declaration in Support of Motion...............................................................6,7

IX. Certificate of Service.........................................................................8

X. Proposed Order...........................................................................9

XI. Exhibits A-F (Attached).............................................................10-End

## TABLE OF CASES & AUTHORITIES

**North Carolina Cases**
- *Pulley v. Pulley*, 254 N.C. 714 (1961)

- *Knutton v. Cofield*, 273 N.C. 355, 160 S.E.2d 29 (1968)

- *Brenner v. Little Red School House, Ltd.*, 302 N.C. 207, 274 S.E.2d 206 (1981)

- *Ruffin Woody & Assoc. v. Person County*, 92 N.C. App. 129 (1988)

- *Harrison v. Hinson*, 84 N.C. App. 338, 352 S.E.2d 836 (1987)


**Federal Cases**

- *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)

- *Bank of Am., N.A. v. Caulkett*, 575 U.S. 790 (2015)

- *In re Lane*, No. 18-60059, 2020 WL 2832270 (9th Cir. June 1, 2020)

- *In re Schmid*, No. 10-12142, 2013 WL 4835463 (Bankr. W.D. Wis. Sept. 5, 2013)

- *In re Weiman*, 22 F.3d 135 (7th Cir. 1994)


**Statutes and Rules**

- 11 U.S.C. §§ 502(b)(1), 506(d)

- Fed. R. Civ. P. 60(b)(4), (5) / Fed. R. Bankr. P. 9024

- N.C. R. Civ. P. 68.1

- 28 U.S.C. §§ 1334 and 157(b)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION
## CASE # 25-10147

| | | |
|---|---|---|
| **JAMES LAWRENCE BRYANT, JR. and** | ) | |
| **SHARON RENEA BRYANT  A/K/A** | ) | **AMENDED MOTION TO DECLARE** |
| **SHARON RENEA BLACKMON,** | ) | **CONFESSION OF JUDGMENT VOID** |
| **Debtors** | ) | **AND TO DISALLOW ASSOCIATED CLAIM** |
| | ) | |

**NOW COME** the Debtors, **James and Sharon Bryant**, appearing *pro se*, and respectfully move this Court, pursuant to **Fed. R. Civ. P. 60(b)(4) and (5)** (made applicable by **Bankr. R. 9024**) and **11 U.S.C. §§ 502(b)(1)** and **506(d)**, for an order declaring that the Confession of Judgment filed by **Eastwood Construction, LLC d/b/a Eastwood Homes** on **March 25, 2024**, in **Randolph County Superior Court Case No. 23 CVS 867** is void or unenforceable, and that any claim or lien arising from that judgment is disallowed and void.

## I. INTRODUCTION

The confessed judgment was filed on **March 25, 2024**, in **Randolph County Superior Court, Case No. 23 CVS 867**, before the underlying obligation matured and before performance under the settlement agreement was complete. The judgment amount—**$150,000**—was derived from speculative future profit and a punitive liquidated-damages clause that North Carolina law deems unenforceable. Because Eastwood later mitigated any potential loss by completing construction on the same lot and selling the property for a **$122,000** higher price, the judgment has been satisfied in full and cannot stand.

Relief is warranted under **Fed. R. Civ. P. 60(b)(4) and (5)** (via **Bankr. R. 9024**) and under **11 U.S.C. §§ 502(b)(1)** and **506(d)** to prevent enforcement of a void or satisfied judgment and to disallow any claim or lien founded thereon.

## II. JURISDICTION AND VENUE

This Court has **jurisdiction** under **28 U.S.C. §§ 1334(a)** and **157(b)** over all matters concerning the administration of the estate and the allowance or disallowance of claims. This motion concerns the validity and enforceability of a confessed judgment that forms the basis of Eastwood's asserted claim in this Chapter 7 case and therefore constitutes a **core proceeding** under **28 U.S.C. § 157(b)(2)(B)** and **(K)**.

Venue is proper in this District under **28 U.S.C. § 1409(a)** because the Debtors' bankruptcy case is pending in the **Greensboro Division** of the Middle District of North Carolina.

Venue is proper in this District under **28 U.S.C. § 1409(a)** because the Debtors' bankruptcy case is pending in the **Greensboro Division** of the Middle District of North Carolina.

---

## III. BACKGROUND FACTS

1. **Underlying Real Estate Contract.**
   On March 16, 2023, Eastwood Construction, LLC d/b/a Eastwood Homes ("Eastwood") entered into a purchase agreement with *Connie Long* (a third-party customer, not the Debtors) for the construction of a residence on **Lot 29** for **$373,500**. Ms. Long paid Eastwood a deposit of **$7,941** toward that purchase.

2. **Contract Cancellation and Refund.**
   Eastwood never built the home because Ms. Long cancelled her purchase agreement. On **May 2, 2023**, Eastwood refunded the full $7,941 deposit to Ms. Long. No property was transferred, and Eastwood incurred no measurable loss.

3. **Settlement Agreement Between Eastwood and the Bryants.**
   Following prior disputes and litigation involving the Bryants and Eastwood, the parties executed a **Settlement Agreement** dated **December 28, 2023**. Under that agreement, Eastwood provided monetary consideration to the Bryants on **December 31, 2023**, in exchange for the Bryants' voluntary dismissal *with prejudice* of all pending claims, including the federal lawsuit then pending in the Middle District of North Carolina, *Bryant v. Eastwood Homes*, Case No. **1:23-CV-637**.

4. The Settlement Agreement also contained a **Confession of Judgment** provision authorizing Eastwood to file a judgment for **$150,000** "in the event of default," defined as the Bryants' failure to dismiss the federal lawsuit within five (5) days after receiving the settlement consideration. (*See Exhibit A, Settlement Agreement.*)

5. **State-Court Enforcement and Confession of Judgment.**
   On **March 24, 2024**, Eastwood obtained an order from the Randolph County Superior Court enforcing the settlement agreement. The next day, **March 25, 2024**, Eastwood filed a **Confession of Judgment** in Case No. **23 CVS 867** for $150,000, based solely on the alleged non-dismissal of the federal case. At that time, however, performance under the settlement agreement was still ongoing, and the federal action had not yet been dismissed.

6. **Federal Action Dismissed With Prejudice.**
   On **September 27, 2024**, the federal lawsuit was dismissed *with prejudice*, and on **January 8, 2025**, the Fourth Circuit denied further review, closing the case. As of that date, the Bryants were in full compliance with every term of the settlement agreement.

7. **Eastwood's Resale and Full Mitigation of Damages.**
   On **September 24, 2024**, Eastwood completed a new home on the same Lot 29 and sold it for **$495,000**, more than **$120,000 above** the original contract price. (*See Exhibit E, Deed/Resale Documentation.*) This resale eliminated any potential loss and demonstrated that Eastwood had fully mitigated and satisfied any claimed damages.

8. **Bankruptcy Filing and Subsequent Proceedings.**
   The Bryants filed their **Chapter 7 bankruptcy petition** on **March 13, 2025** (Case No. **25-10147**). Thereafter, on **June 5, 2025**, Eastwood initiated an **Adversary Proceeding** in

this Court (Adv. Proc. No. **25-02009**) asserting rights based on the same confessed judgment that is the subject of this motion.

9. **Purpose of This Motion.**
   The Debtors now seek to declare the March 25, 2024 Confession of Judgment void or unenforceable and to disallow any claim or lien based on it under **11 U.S.C. §§ 502(b)(1) and 506(d)**, or, alternatively, to obtain relief under **Fed. R. Civ. P. 60(b)(4) and (5)** as incorporated by **Bankr. R. 9024**.

## IV. LEGAL GROUNDS FOR RELIEF

### A. The $150,000 Judgment Amount Is Grossly Inflated and Lacks Factual Basis

The $150,000 judgment bears no relationship to any verifiable damages suffered by Eastwood. There was no transaction between the parties. Eastwood and their customer transacted a $7,941 earnest-money deposit on a $373,000 home that Eastwood never built. When Ms. Long, 3rd party customer, canceled the contract, Eastwood refunded that deposit in full. The remaining $75,000 identified in the settlement as "liquidated damages" represented nothing more than an estimate of anticipated profit on a speculative, unbuilt house. No evidence supports that such profit was fixed, due, or actually lost.

Because the confessed judgment doubles that speculative amount to $150,000, it is **grossly inflated**, punitive, and unsupported by any accounting or loss documentation. (See *Exhibit B*, Confession of Judgment; *Exhibit E*, Deed showing resale). North Carolina courts disfavor judgments that award amounts exceeding the loss actually sustained. The excessive amount renders the judgment **factually baseless** and **unenforceable** under state law.

### B. The Confession of Judgment Constitutes an Unenforceable Penalty

North Carolina law enforces a stipulated-damages clauses only when they represent a reasonable forecast of probable loss and not when they function as a penalty to compel performance. *Knutton v. Cofield*, 273 N.C. 355, 160 S.E.2d 29 (1968); *Brenner v. Little Red School House, Ltd.*, 302 N.C. 207, 274 S.E.2d 206 (1981); *Harrison v. Hinson*, 84 N.C. App. 338, 352 S.E.2d 836 (1987); *Ruffin Woody & Assoc. v. Person County*, 92 N.C. App. 129 (1988). Those decisions uniformly hold that liquidated-damages clauses bearing no reasonable relation to actual loss are void as penalties.

Eastwood's $75,000 "liquidated damages" clause—which the confession doubled to $150,000—was never a reasonable pre-estimate of probable loss. At the time of contracting, any damages from a buyer's cancellation were readily measurable: advertising, holding costs, or minor administrative expenses, not six-figure profits. The clause's sole function was to punish nonperformance. As such, the confessed judgment is based on a **penalty**, not a "debt justly due," and is void under **N.C. R. Civ. P. 68.1** and *Pulley v. Pulley*, 254 N.C. 714 (1961) (requiring confession to be for money "justly due or to become due").

### C. Eastwood's Damages Were Fully Mitigated and the Judgment Has Been Satisfied

Even if any loss had occurred, Eastwood's later conduct **fully mitigated and satisfied** its claimed damages. On **September 24, 2024**, Eastwood completed a new home on the same lot and sold it for **$495,000**—approximately **$120,000** more than the Debtors' canceled contract price. (*Exhibit E*). This subsequent sale eliminated any possible shortfall and produced a profit exceeding the alleged "damages" entirely.

Under both **North Carolina contract law** and **Fed. R. Civ. P. 60(b)(5)**, a judgment may be set aside when it has been satisfied or its prospective application is inequitable. Because Eastwood's claimed loss has been recouped in full, the confessed judgment is now satisfied in fact and law, and its continued enforcement would constitute unjust enrichment.

### D. The Bankruptcy Court Has Authority to Review and Set Aside the State-Court Judgment

This Court possesses core jurisdiction to determine the allowance, enforceability, and secured status of claims under **28 U.S.C. § 157(b)(2)(B)** and **(K)**. Relief from a void or satisfied judgment is governed by **Fed. R. Civ. P. 60(b)(4)** and **(5)**, incorporated by **Bankr. R. 9024**, and by **11 U.S.C. §§ 502(b)(1)** and **506(d)**. The bankruptcy court is empowered to determine whether a state-court judgment forms a valid, enforceable claim against the estate. *In re Weiman*, 22 F.3d 135 (7th Cir. 1994) (holding that bankruptcy courts may independently determine enforceability of state judgments); *In re Schmid*, No. 10-12142, 2013 WL 4835463 (Bankr. W.D. Wis. Sept. 5, 2013).

This request does **not** invite appellate review of the state court's ruling. Rather, it asks this Court to exercise its independent duty under the Bankruptcy Code to determine whether Eastwood's judgment represents a valid, subsisting debt enforceable against the Debtors' estate. That determination lies squarely within this Court's authority.

### V. THE CONFESSION OF JUDGMENT WAS PREMATURE AND VOID UNDER N.C. R. CIV. P. 68.1

A valid confession of judgment under North Carolina law must be for a **present, subsisting debt** or for money that *may become due* under a fixed, unconditional obligation. *N.C. R. Civ. P. 68.1(a); Pulley v. Pulley*, 254 N.C. 714 (1961). Eastwood's confession was filed on **March 25, 2024**, immediately after the state court's enforcement order but months before the Debtors' performance was complete and before the alleged condition precedent—the voluntary dismissal of the federal action—had occurred.

Because the obligation was conditional at the time of filing, the confessed judgment was entered **prematurely** and without a subsisting debt. A judgment entered without an existing obligation is void *ab initio* for lack of jurisdiction over the debt itself. The later dismissal of the federal action with prejudice on **September 27, 2024** eliminated any alleged default and confirmed that the condition precedent had been satisfied.

### VI. RELIEF UNDER FED. R. CIV. P. 60(b)(4) AND (5)

The preceding factual grounds establish that the confessed judgment is both **void** and **satisfied**, meeting the standards for relief under **Rule 60(b)(4)** and **(5)**, incorporated through **Bankr. R. 9024**.

Rule 60(b)(4) applies where the rendering court lacked jurisdiction or where a judgment was entered in a manner inconsistent with due process. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). Here, the state court lacked jurisdiction to enter a confession predicated on a conditional obligation; the debt did not exist at the time of filing. A judgment rendered without a subsisting debt is void for want of subject-matter jurisdiction.

Rule 60(b)(5) authorizes relief when "the judgment has been satisfied, released, or discharged" or when its continued enforcement would be inequitable. Eastwood's resale of the

property for a higher profit fully satisfied any possible damages and renders continued enforcement unjust.

Bankruptcy courts routinely vacate judgments that are void or satisfied under these provisions. *In re Schmid*, No. 10-12142, 2013 WL 4835463 (Bankr. W.D. Wis. Sept. 5, 2013) (applying Rule 60(b)(4) to void state judgment). Accordingly, the Court should set aside Eastwood's confessed judgment as void or satisfied.

## VII. ANY CLAIM OR LIEN BASED ON THE CONFESSION IS VOID UNDER 11 U.S.C. §§ 502(b)(1) AND 506(d)

**Eastwood has not filed a proof of claim in this bankruptcy case.** Without a proof of claim, there is no "allowed claim" under § 502 to support any lien. *See Caulkett*, 575 U.S. at 792 (lien survives only when creditor holds an allowed secured claim). The adversary proceeding filed by Eastwood on June 5, 2025 (Adv. Proc. No. 25-02009) seeks declaratory relief concerning the confessed judgment but does not constitute a proof of claim or a request for distribution from the estate. Because Eastwood failed to file a proof of claim, it cannot receive any distribution and holds no "allowed secured claim" within the meaning of § 506(d).

The Chapter 7 Trustee filed a Report of No Distribution on July 16, 2025, designating this as a no-asset case. Eastwood did not file a proof of claim before or after that date, and the claims bar date has expired. Without a filed proof of claim, there is no "allowed secured claim" within the meaning of 11 U.S.C. § 506(d). See *Bank of Am., N.A. v. Caulkett*, 575 U.S. 790 (2015). Accordingly, any lien arising from the confessed judgment is void as a matter of law, and Eastwood holds no enforceable claim in this bankruptcy proceeding.

## VIII. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, the Debtors respectfully request that this Court:

1. **Declare** the March 25, 2024 Confession of Judgment in Randolph County Case No. 23 CVS 867 **void or unenforceable**;
2. **Disallow** Eastwood Construction's claim based on that judgment pursuant to 11 U.S.C. § 502(b)(1);
3. **Void** any lien or encumbrance arising from the confessed judgment under 11 U.S.C. § 506(d); and
4. **Grant such other and further relief** as the Court deems just and proper.

Respectfully submitted this 10th day of November 2025.

James L. Bryant, Jr. & Sharon R. Bryant
Pro Se Litigants
5629 Siler St
Trinity, North Carolina 27370
Tel: (478) 256-8625
Jlbryantjr11@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**
**CASE # 25-10147**

| | | |
|---|---|---|
| **JAMES LAWRENCE BRYANT, JR. and** | ) | |
| **SHARON RENEA BRYANT a/k/a** | ) | **DECLARATION OF JAMES L. BRYANT  JR.** |
| **SHARON RENEA BLACKMON,** | ) | **IN SUPPORT OF DEBTORS' MOTION TO** |
| **Debtors** | ) | **DECLARE CONFESSION JUDGMENT VOID** |
| | ) | **AND DISALLOW ASSOCIATED CLAIM** |

I, James L. Bryant, Jr., hereby declare as follows:

1. I am one of the Debtors in the above-captioned bankruptcy case, and I make this Declaration in support of the Debtors' *Motion to Declare Confession of Judgment Void and Disallow Associated Claim* filed contemporaneously herewith.

2. I have personal knowledge of the facts set forth in this declaration and could competently testify thereto if I am called a witness.

3. Attached hereto are true and correct copies of the following documents, which are referenced and relied upon in the Motion:

 * **Exhibit 1̶–** A **Final Settlement and Release Agreement** executed between Eastwood Construction, LLC d/b/a Eastwood Homes and the Debtors, dated December 28, 2023.

 * **Exhibit 2̶–** B **Order Enforcing Settlement Agreement** entered by the Randolph County Superior Court in *Eastwood Construction, LLC d/b/a Eastwood Homes v. Bryant, et al.*, Case No. 23 CVS 867, on March 19, 2024.

 * **Exhibit 3̶–** C **Confession of Judgment** filed in *Eastwood Construction, LLC d/b/a Eastwood Homes v. Bryant, et al.*, Case No. 23 CVS 867, on March 25, 2024.

* **Exhibit D –** * *Order of Dismissal with Prejudice* entered by the United States District Court for the Middle District of North Carolina on January 8th, 2025, in *Bryant, et al. v. Eastwood Construction, LLC d/b/a Eastwood Homes*, Case No. 1:23-cv-637.

* **Exhibit E –** * *Warranty Deed and Tax Record* showing Eastwood Construction Partners, LLC's resale of Lot 29 in the Cottages at Piper Village on September 23, 2024, for $495,000.

4. Each of the foregoing exhibits is a true and correct copy of the original document as maintained in my records or obtained from the appropriate public source.

5. I submit this Declaration pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 901 to authenticate the attached documents as evidence in support of the Debtors' Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of November 2025, at Trinity North Carolina.

James L. Bryant, Jr.
Pro Se Litigant
5629 Siler St
Trinity, North Carolina 27370
Tel: (478) 256-8625
Jlbryantjr11@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Amended Motion to Declare Confession of Judgment Void * was served on all creditors and parties in interest by CM/ECF and by U.S. Mail to the following:

Katie Wong
Brooks, Pierce, McClendon, Humphrey, & Leonard, LLP
150 Fayetteville Street, Suite 1700
Raleigh, NC 27601
P.O. Box 1800 (27602)
KWong@BrooksPierce.com
Phone: 919.882.2520

Clint Sheppard Morse
NC Bar No. 38384
cmorse@brookspierce.com

Jamey M. Lowdermilk
NC Bar No. 52271
jloudermilk@brookspierce.com
Brooks, Pierce, McClendon, Humphrey, & Leonard, LLP
230 North Elm Street, Suite 2000
Greensboro, NC. 27401
Phone: 336.271.3167

Vicki Parrot
Trustee

John Paul Hughes Cournoyer
Bankruptcy Administrator

Respectfully submitted this 10th day of November 2025.

James L. Bryant, Jr. and Sharon R. Bryant
Pro Se Litigants
5629 Siler St
Trinity, North Carolina 27370
Tel: (478) 256-8625
Jlbryantjr11@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION
### CASE # 25-10147

| | | |
|---|---|---|
| **JAMES LAWRENCE BRYANT, JR. and** | ) | |
| **SHARON RENEA BRYANT a/k/a** | ) | **PROPOSED ORDER** |
| **SHARON RENEA BLACKMON,** | ) | |
| **Debtors** | ) | |
| | ) | |

## ORDER DECLARING CONFESSION OF JUDGMENT VOID OR UNENFORCEABLE AND DISALLOWING ASSOCIATED CLAIM

Upon consideration of the Debtors' *Amended Motion to Declare Confession of Judgment Void or Unenforceable and to Disallow Associated Claim* (the "Motion"), after notice and opportunity for hearing, and for good cause shown, the Court finds that:

1. The Confession of Judgment filed March 25, 2024, in Randolph County Superior Court Case No. 23 CVS 867, was entered before the underlying obligation became due and has since been satisfied;
2. The judgment is unenforceable under North Carolina law and the Bankruptcy Code; and
3. Cause exists to grant the requested relief.

**IT IS THEREFORE ORDERED THAT:**

4. The Confession of Judgment filed by Eastwood Construction, LLC d/b/a Eastwood Homes on March 25, 2024, is declared **void and unenforceable** for purposes of this bankruptcy case.
5. Any claim based on that judgment is **disallowed** under 11 U.S.C. § 502(b)(1).
6. Any lien or encumbrance securing such claim is **void** under 11 U.S.C. § 506(d).
7. Eastwood Construction, LLC shall take all steps necessary to release or cancel any judgment lien of record arising from the Confession of Judgment.
8. The Clerk may transmit a certified copy of this Order to the Randolph County Clerk of Superior Court for notation of cancellation.

SO ORDERED.

_____

**The Honorable Benjamin A. Khan**
United States Bankruptcy Court
Middle District of North Carolina

*Exhibit A*

## FINAL SETTLEMENT AND RELEASE AGREEMENT

This Final Settlement and Release Agreement ("Agreement") is made and entered into by and between Eastwood Construction, LLC d/b/a Eastwood Homes ("Eastwood") on the one hand, and James L. Bryant, Jr. and Sharon R. Bryant (collectively the "Defendants") on the other hand. Eastwood and Defendants are individually referred to hereinafter as "Party" and collectively referred to hereinafter as "the Parties."

### Facts and Procedure:

WHEREAS, Eastwood is in the business of constructing residential homes in a neighborhood called the Cottages at Piper Village ("Piper Village"), in Randolph County, North Carolina.

WHEREAS, on June 25, 2022, Defendants entered into a contract for the purchase of property in Piper Village called the New Home Purchase Agreement, and Defendants closed on the purchase of the house on July 29, 2022.

WHEREAS, a dispute arose between Eastwood, on the one hand, and Defendants, on the other hand, regarding the Defendants' conduct towards Eastwood's business, customers, and employees and the performance of the New Home Purchase Agreement.

WHEREAS, Eastwood initiated a lawsuit in Randolph County Superior Court entitled Eastwood Construction, LLC d/b/a Eastwood Homes v. James L. Bryant, Jr. and Sharon R. Bryant (the "State Lawsuit"), and brought claims including tortious interference with contract, interference with prospective economic advantage, libel per se, libel per quod, breach of contract, and unfair and deceptive trade practices.

WHEREAS, Defendants filed various counterclaims against Eastwood including claims for breach of contract, libel per se, libel per quod, negligence, and unfair and deceptive trade practices in the State Lawsuit.

WHEREAS, the Randolph County Superior Court entered a preliminary injunction against Defendants to prevent Defendants from interfering with Eastwood's business in the State Lawsuit on June 27, 2023 (the "Preliminary Injunction Order") in the form attached as Exhibit A.

WHEREAS, on July 31, 2023, Defendants initiated a lawsuit in federal court in the Middle District of North Carolina entitled James L. Bryant Jr. and Sharon R. Bryant v. Eastwood Construction, LLC d/b/a Eastwood Homes, LLC (the "Federal Lawsuit"), and brought claims including violations of the Fair Housing Act, Civil Rights Act of 1866, North Carolina Unfair and Deceptive Trade Practices Act, and North Carolina State Fair Housing Act.

WHEREAS, Eastwood denies the allegations of Defendants in the State Lawsuit and Federal Lawsuit, and Defendants deny the allegations of Eastwood in the State Lawsuit.

WHEREAS, the Parties have agreed to forever resolve and settle all matters in controversy between and among the Parties, without any admission of liability, related to the State Lawsuit and Federal Lawsuit (collectively, the "Lawsuits"), as well as all claims that could have been raised in the Lawsuits.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.   **Incorporation of Recitals.** The Parties certify and agree that the Recitals are true, accurate and complete, in all material respects and are incorporated into the Agreement.

2.   **Settlement of all Claims Arising Under the Lawsuits and Proceeds Allocation:** Upon execution and delivery of this Agreement, and performance of its terms, this Agreement settles all claims arising under the Lawsuits ("All Claims"). All Claims are being settled for payment of an amount of agreed damages (the "Payment Terms") and performance of certain terms

(the "Performance Terms"). After due deliberation, based upon consideration of the controlling facts and circumstances and bargained for consideration, the Parties agree to following terms regarding

3. **Payment Terms**

   a. Upon execution of this Agreement and all exhibits thereto, Eastwood shall pay to Defendants, in readily available funds, the sum of Seven Thousand Five Hundred and No/100 Dollars ($7,500).

4. **Performance Terms**

   a. **Compliance with Preliminary Injunction.** Defendants shall comply with the terms of the Preliminary Injunction Order in perpetuity as though the Preliminary Injunction Order was still in effect. The Preliminary Injunction is attached hereto as Exhibit A and is incorporated herein by reference.

   b. **Confession of Judgment.** Defendants shall execute a Confession of Judgment in the form attached as Exhibit B hereto in the principal amount of One Hundred and Fifty Thousand and No/100 Dollars ($150,000). The Confession of Judgment shall be kept confidential and shall not be filed unless and until an event of default occurs ("Default"). For purposes of this subparagraph, Default means failure by Defendants comply with the Performance Terms in Paragraph 5. The Confession of Judgment shall be retained by counsel for Eastwood.

   c. **Dismissal of Lawsuits.**

      i. Within five (5) business days of the delivery of the Payment, (A) Defendants shall execute and file a Stipulation of Voluntary Dismissal with Prejudice of the State Lawsuit with the Randolph County Clerk of Court,

dismissing all of their counterclaims with prejudice, and (B) Defendants shall also execute and file a Stipulation of Voluntary Dismissal with Prejudice of the Federal Lawsuit with the Clerk of the United States District Court for the Middle District of North Carolina, dismissing all of their claims with prejudice.

ii. Upon filing of the Dismissals by Defendants, Eastwood shall execute and file a Stipulation of Voluntary Dismissal with Prejudice of the State Lawsuit with the Randolph County Clerk of Superior Court, dismissing all claims without prejudice.

d. **Withdrawal of Other Complaints**

i. Upon execution of this Agreement and all exhibits hereto, Defendants shall dismiss or withdraw all complaints it has filed with any other organization or government entity including, but not limited to the National Association for the Advance of Colored People, the United State Department of Housing and Urban Development, the North Carolina Real Estate Commission, the North Carolina Department of Environment and Natural Resources, the American Civil Liberties Union, Federal Trade Commission, or Department of Justice. Defendants will provide a notarized certification to Eastwood when they have dismissed and/or withdrawn all complaints. If complaints cannot be dismissed, Defendants agree not to prosecute or pursue any of the complaints.

5. **Enforceability.** The Parties agree that this Agreement sets forth all material terms of the Parties' settlement, and it may be specifically enforced by the Court.

6.     **Release By Eastwood.** Other than with respect to any rights it may have under this Agreement, Eastwood, for itself, and for its respective trustees, insurers, agents, assigns, servants, employees, officers, directors, members, representatives, heirs, and any and all other persons, parties or corporations that might be in privity with them, does hereby relinquish, remise, release and forever discharge the Defendants and their respective representatives, trustees, assigns, heirs, and all other persons, parties or corporations that might be in privity with them, whether named herein or not, of and from all liabilities, costs, claims, demands, damages, losses, causes of action and suits which Eastwood may now have or claim to have, or might hereafter have or claim to have, whether same is known or not known at this time, from the beginning of time to the date of the execution of this Agreement arising out of or related to the allegations that were or could have been set forth in the Lawsuits, such that all claims that are or might be in controversy among the Parties in or related to the Lawsuits are forever put to rest, it being the clear intention of the Parties to forever discharge and release all past, present and future claims against one another for any and all acts or omissions alleged in the Lawsuits or that could have been alleged in the Lawsuits and all consequences or claims potentially resulting therefrom.

7.     **Release By Defendants.** Other than with respect to any rights they may have under this Agreement, Defendants, for themselves, and for their respective representatives, heirs, assigns and any and all other persons, parties or corporations that might be in privity with them, do hereby relinquish, remise, release and forever discharge Eastwood, and their respective trustees, insurers, agents, assigns, servants, employees, officers, directors, members, managers, representatives, heirs, and any and all other persons, parties or corporations that might be in privity with them, whether named herein or not, of and from all liabilities, costs, claims, demands, damages, losses, causes of action and suits which Defendants may now have or claim to have, or might hereafter

have or claim to have, whether same is known or not known at this time, from the beginning of time to the date of the execution of this Agreement arising out of or related to the allegations that were or could have been set forth in the Lawsuits, such that all claims that are or might be in controversy among the Parties in or related to the Lawsuits are forever put to rest, it being the clear intention of the Parties to forever discharge and release all past, present and future claims against one another for any and all acts or omissions alleged in the Lawsuits or that could have been alleged in the Lawsuits and all consequences or claims potentially resulting therefrom.

This release also includes, but is not limited to, any claims by Defendants for damages, attorneys' fees, costs, expenses, or benefits, arising from any alleged violation of any federal, state or other governmental statute, regulation, or ordinance, including, without limitation, the Fair Housing Act, Civil Rights Act of 1866, North Carolina Unfair and Deceptive Trade Practices Act, and North Carolina State Fair Housing Act, or any tort or other legal or contractual duty arising under the laws of any state, the laws of the United States, or the common law, which Defendants now have, own or hold, may at any time claim to have, own or hold, or which Defendants at any time heretofore had, owned or held against Eastwood.

8.     **Confidentiality.**  The Parties acknowledge and agree that this Agreement shall be kept confidential.  The Parties agree that they, their counsel, and their agents, will not at any time, directly or indirectly, publicize, divulge, or disclose to any person, entity, or media representative, the amount of the Payments or any of the terms of this Agreement, except as expressly authorized in writing by the Parties or as otherwise required by law, insurance or for tax purposes, and each Party may disclose information to its legal, tax, and financial advisors to the extent required to conduct its business.  Notwithstanding the foregoing, the Parties may inform their respective appropriate sales and other personnel of the Party's limitations under the Agreement solely to the

extent necessary to ensure the Party's compliance with its obligations herein. If asked regarding this Agreement, the Parties and their counsel will state that "the Parties have resolved the case on mutually acceptable terms", "the case has settled," or words to that effect, but without reference to any of the terms in this Agreement.

9.      **Representations.** All Parties warrant and represent, each to the other, that they have been fully informed and have full knowledge of the terms, conditions and effects of this Agreement. All Parties warrant and represent, each to the other, that they sign this agreement voluntarily and with full advice of counsel.

10.     **Construction and Choice of Law.** The Parties acknowledge and agree that each Party has participated in the drafting of this Agreement and that this document has been reviewed by respective legal counsel for the Parties and that the rule of construction to the effect of any ambiguities are to be resolved against the drafting Party shall not be applied to the interpretation of this Agreement. No inference in favor of, or against, any Party shall be drawn from the fact that one Party has drafted any portion hereof. The validity, construction, interpretation and administration of this Agreement shall be governed by the substantive laws of the State of North Carolina, without regard to North Carolina's choice of law provisions.

11.     **Integration.** This Agreement constitutes the entire agreement among the Parties pertaining to the subject matter contained herein. All Exhibits and other attachments referred to in this Agreement are incorporated by reference as if fully reproduced in this Agreement.

12.     **No Admission of Liability.** Each Party understands and agrees that this Agreement is a compromise and settlement of disputed claims, disputed accounting records and interpretations, and disputed debt; that the provision and acceptance of any benefits pursuant to this Agreement is intended merely to avoid future cost of litigation among the Parties. No

provision of this Agreement shall be considered as admissions by any Party of any liability or wrongdoing.

13.  **Attorneys' Fees and Costs.** Except as set forth herein, each Party shall bear its own attorneys' fees, expert fees, mediator fees and all costs associated with the Lawsuits, this Agreement and all matters and documents referred to herein, the dismissal of the Lawsuits, and all other matters related to the Lawsuits and the settlement thereof.  In the event of any litigation to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs.

14.  **Execution in Counterparts.** The Parties agree that this Agreement may be executed in counterparts and that when so executed by all Parties shall constitute one agreement binding on all Parties hereto.  The Parties agree that a facsimile or original signature shall be an acceptable means of execution.

*[The remainder of this page intentionally left blank]*

IN WITNESS WHEREOF, the Parties hereto have duly executed this Settlement and Release Agreement.

[SIGNATURE PAGES TO FOLLOW]

Executed on December __29__, 2023

EASTWOOD CONSTRUCTION, LLC d/b/a
EASTWOOD HOMES

By: _Allen Mason_

Title: General Counsel, Managing Member

Executed on December __**28**__ , 2023

_(signature)_
James L. Bryant, Jr.

_(signature)_
Sharon R. Bryant

*Exhibit B*

STATE OF NORTH CAROLINA    FILED    IN THE GENERAL COURT OF JUSTICE

COUNTY OF RANDOLPH    2024 MAR 25  A 8: 48    SUPERIOR COURT DIVISION

23 CVS 867

RANDOLPH CO.. C.S.C.

BY

|  |  |
|---|---|
| EASTWOOD CONSTRUCTION, LLC, d/b/a EASTWOOD HOMES<br><br>      Plaintiff,<br><br>  vs.<br><br>JAMES L. BRYANT, JR. and SHARON R. BRYANT,<br><br>      Defendants. | **CONFESSION OF JUDGMENT** |

Defendants James L. Bryant, Jr. and Sharon R. Bryant show the Court as follows.

1.    Eastwood Construction, LLC d/b/a Eastwood Homes ("Eastwood") is a limited liability company formed and existing under the laws of the State of North Carolina, with its principal office in Mecklenburg County, North Carolina.

2.    Defendant James L. Bryant, Jr. is a citizen and resident of Randolph County, North Carolina at all times relevant.

3.    Defendant Sharon R. Bryant is a citizen and resident of Randolph County, North Carolina at all times relevant.

4.    Eastwood is in the business of constructing residential homes in a neighborhood called the Cottages at Piper Village ("Piper Village"), in Randolph County, North Carolina.

5.     On June 25, 2022, the Bryants entered into a contract for the purchase of property in Piper Village called the New Home Purchase Agreement. The Bryants closed on the purchase of the house on July 29, 2022.

6.     In April 2023, the Bryants began a campaign to damage Eastwood's business and reputation in the neighborhood and on social media. The Bryants approached Eastwood's customers and made negative comments about Eastwood, placed defamatory signs on their yards, and made defamatory social media posts.

7.     The Bryants' conduct caused Eastwood to lose at least one contract for the purchase of a lot and home in Piper Village. Eastwood suffered damages in the amount of at least $74,400 in profit on the sale of the lot and home.

8.     Eastwood initiated a lawsuit in Randolph County Superior Court entitled <u>Eastwood Construction, LLC d/b/a Eastwood Homes v. James L. Bryant, Jr. and Sharon R. Bryant</u> (the "State Lawsuit"), and brought claims including tortious interference with contract, interference with prospective economic advantage, libel per se, libel per quod, breach of contract, and unfair and deceptive trade practices.

9.     Defendants filed various counterclaims against Eastwood including claims for breach of contract, libel per se, libel per quod, negligence, and unfair and deceptive trade practices in the State Lawsuit.

10.     On June 27, 2023, the Randolph County Superior Court entered a preliminary injunction against Defendants to prevent Defendants from interfering with Eastwood's business (the "Preliminary Injunction Order").

11.     On July 31, 2023, Defendants initiated a lawsuit in federal court in the Middle District of North Carolina entitled <u>James L. Bryant Jr. and Sharon R. Bryant v. Eastwood Construction, LLC d/b/a Eastwood Homes, LLC</u> (the "Federal Lawsuit"), and brought claims including violations of the Fair Housing Act, Civil Rights Act of 1866, North Carolina Unfair and Deceptive Trade Practices Act, and North Carolina State Fair Housing Act.

12.     On or about December 28, 2023, Eastwood and the Bryants (collectively, the "Parties") signed a settlement agreement (the "Settlement Agreement"). Under the Settlement Agreement, the Bryants agreed to continue to comply with the terms of the Preliminary Injunction Order in perpetuity and, as security for its obligations would confess judgment in the amount of $150,000.

13.     The Bryants acknowledge that Eastwood's damages are at least $74,400, and that under Chapter 75 of the North Carolina General Statutes, Eastwood's damages may be trebled in the amount of $223,200. The Bryants acknowledge that they are confessing to a lower amount of damages in the amount of One Hundred and Fifty Thousand Dollars ($150,000).

14.     Defendants are liable, jointly and severally, to Eastwood in the amount of $150,000, which amount is owed under the terms of the Settlement Agreement.

15.     To secure its obligations to Eastwood arising under Settlement Agreement, Defendants desire to confess judgment in favor of Eastwood.

16.     Defendants hereby confesses and acknowledges that, as of December 21, 2023 they are liable to Eastwood in the principal amount of $150,0000.

4870-5865-8456.v2

17.     Defendants hereby acknowledge that their liability to Eastwood is not subject to any defense, counterclaim, or offset, but that any amount paid by Defendants from and after the date set forth below shall be credited against the total amount set forth above.

18.     Following the Defendant's execution hereof, this Confession of Judgment shall be delivered to counsel for Eastwood to be held in escrow, subject to the terms hereof:  (A) If (i) Defendants, or either of them, shall default on their obligations under the Settlement Agreement counsel for Eastwood may tender this Confession of Judgment to the Court for filing; and (B) if there is no default under the Settlement Agreement this Confession of Judgment will not be entered.

19.     Defendants freely, knowingly, and voluntarily waive with prejudice any right they may have to appeal, modify, stay, or vacate this Judgment, and Defendants hereby expressly jointly waive the 30-day deadline (or any other applicable deadline) to appeal the entry of the Judgment.

WHEREFORE, the Defendants authorizes that this Confession of Judgment shall be entered against them, jointly and severally, in the principal amount of

$150,000, with credit applied thereto for amounts, if any, paid to Eastwood by Defendants from and after the date set forth below.

This the 28th day of December, 2023.

_____
James L. Bryant, Jr.

STATE OF NORTH CAROLINA, COUNTY OF GUILFORD

I certify that James L. Bryant, Jr. personally appeared before me this day and acknowledged the due execution of the foregoing document.

DATE: December 28th, 2023

_____
Signature of Notary Public

Printed Name: K. Danielle Fearer

My Commission Expires: 3/4/2024

_____
Sharon R. Bryant

STATE OF NORTH CAROLINA, COUNTY OF GUILFORD

I certify that Sharon R. Bryant personally appeared before me this day and acknowledged the due execution of the foregoing document.

DATE: December 28th, 2023

_____
Signature of Notary Public

Printed Name: K. Danielle Fearer

My Commission Expires: 3/4/2024

5

4870-5865-8456.v2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served upon the following by email and US Mail:

James L. Bryant, Jr.
5629 Siler Street
Trinity, NC 27370
Jlbryantjr11@gmail.com

Sharon R. Bryant
5629 Siler Street
Trinity, NC 27370
srblackmon@hotmail.com

This the 25th day of March, 2024.

_____
James C. Adams, II

Exhibit C

STATE OF NORTH CAROLINA

COUNTY OF RANDOLPH

IN THE GENERAL COURT OF
JUSTICE
SUPERIOR COURT DIVISION
23 CVS 867

FILED

2024 MAR 22 A 10: 04

RANDOLPH CO., C.S.C.

EASTWOOD CONSTRUCTION, LLC,
d/b/a EASTWOOD HOMES

        Plaintiff,

    vs.

JAMES L. BRYANT, JR. and SHARON
R. BRYANT,

        Defendants.

**ORDER GRANTING PLAINTIFF'S
MOTION TO ENFORCE
SETTLEMENT AGREEMENT**

    THIS MATTER CAME ON FOR HEARING before the Honorable Clayton Somers on March 11, 2024 during the March 11, 2024 session of the General Court of Justice, Superior Court Division, of Randolph County on Plaintiff Eastwood Construction, LLC, d/b/a Eastwood Homes' ("Eastwood") Motion to Enforce the Settlement Agreement (the "Motion"). The Court considered the pleadings, and arguments from the parties, and materials presented by Eastwood and defendants James L. Bryant, Jr. and Sharon R. Bryant ("Defendants").

    Having considered the above, the Court first finds it has jurisdiction over the Motion notwithstanding the fact that Defendants filed two improper, interlocutory appeals on March 5, 2024 and March 7, 2024. Judge Holt's Orders dated February 29, 2024 and March 6, 2024 were interlocutory orders in that they did not resolve all issues in the lawsuit. Even if Defendants' appeals of the interlocutory orders entered on February 29, 2024 and March 6, 2024 were proper, this Court

retains jurisdiction because the subject matter and relief requested in the Motion are not within the scope of the February 29 and March 6 Orders so as to divest the court of jurisdiction.

Having concluded that this Court has jurisdiction over the Motion, the Court also finds that the parties executed a Settlement Agreement on December 28, 2023 (the "Settlement Agreement"), which is attached as Exhibit A to Eastwood's Motion to Enforce Settlement Agreement (filed on January 12, 2024) and that Defendants have failed to comply with the terms of that Agreement.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. Defendants shall dismiss the federal lawsuit it filed against Eastwood (Case No. 1:23cv637 in the Middle District of North Carolina) within five (5) business days from the issuance of this Order;

2. Pursuant to Paragraph 4(b) of the Settlement Agreement, Eastwood shall file the Confession of Judgment;

3. The following costs are taxed against Defendants to be paid to Plaintiff in fifteen (15) days from the date of this Order:

   a. Attorneys' fees of $12,465 pursuant to Paragraph 13 of the Settlement Agreement and as supported by the Affidavit of Katarina K. Wong (filed on or around March 15, 2024), and the Affidavit of Christopher Graebe (filed December 11, 2024) and costs of $116.48.

2

4.      Pursuant to Paragraph 4(a) of the Settlement Agreement, Defendants shall comply with the terms of the written Preliminary Injunction Order issued in this matter on June 27, 2024 and are permanently enjoined from:

  a. Harassing, threatening, or otherwise approaching Eastwood's customers and prospective customers.  The term "Customers" shall not include individuals who have previously closed on the purchase of a home in Piper's Village;

  b. Brandishing a gun, firearm, or other weapon in connection with any act which is intended, or could reasonably be inferred, to disrupt or harm Eastwood's business;

  c. Making statements regarding Eastwood to any persons who have agreed to buy or are considering buying a home from Eastwood;

  d. Entering on any property owned by Eastwood, for any purpose, without permission;

  e. Harassing, threatening or otherwise approaching employees, vendors or contractors of Eastwood;

  f. Brandishing a gun, firearm, or other weapon while approaching employees, vendors or contractors of Eastwood;

  g. Making disparaging and/or defamatory statements regarding Eastwood, either directly or indirectly;

h. Posting videos or statements defaming Eastwood or casting Eastwood in a false and negative light on Facebook, Tik Tok, or on any other social media site accessible via the Internet;

i. Using Eastwood's name, or any variation of Eastwood's name, in connection with any statement which is intended, or could reasonably be inferred, to disrupt or harm Eastwood's business without written approval;

j. Distributing or placing fliers, signs, or any other written material defaming Eastwood or casting Eastwood in a false and negative light, or causing or directing such fliers, signs, or written material to be distributed or placed;

k. Conducting rallies or other gatherings designed to incite Eastwood's employees, agents or customers; or to harass Eastwood's customers, agents and employees, and

l. Engaging in any other act or practice intended to harm Eastwood's business and/or reputation.

5. Upon dismissal by Defendants of the federal lawsuit, Plaintiff shall dismiss its claims in this action pursuant to Paragraph 4(c) of the Settlement Agreement.

This the ____ day of March 2024.

Honorable Clayton Somers
Superior Court Judge

All or a portion of the Property ☑ includes or ☐ does not include the primary residence of a Grantor.

A map showing the Property is recorded in Plat Book 177 Page 50.

TO HAVE AND TO HOLD the Property and all privileges and appurtenances thereto belonging to Grantee in fee simple.  Grantor covenants with Grantee that Grantor is seized of the Property in fee simple, Grantor has the right to convey the Property in fee simple, title to the Property is marketable and free and clear of all encumbrances, and Grantor shall warrant and defend the title against the lawful claims of all persons whomsoever, other than the following exceptions:

1. The lien of ad valorem real property taxes not yet due and payable.

2. Easements and rights-of-way of record affecting the property.

3. Restrictive covenants of record affecting the property.

4. Any matters that would appear on an accurate survey of the property.

5. Any matters that would appear as exceptions in an Owner's Policy of Title Insurance, if Grantee elected to obtain one.

2

NC Bar Association Real Property Section Form No.  3 © Revised 02/2021
Printed by Agreement with the NC Bar Association

*Exhibit D*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JAMES L. BRYANT, JR. and        )
SHARON R. BRYANT,               )
                                )
              Plaintiffs,       )
                                )
          v.                    )        1:23cv637
                                )
EASTWOOD CONSTRUCTION, LLC,     )
d/b/a EASTWOOD HOMES,           )
                                )
              Defendant.        )
```

### JUDGMENT

For the reasons set forth in the Opinion dated September 27, 2024 (see Docket Entry 36 at 1-20),* and in light of Defendant's Notice Regarding Attorney's Fees (Docket Entry 46 (bold and all-cap font omitted)), which disclaimed an intent to recover attorney's fees in this action (see id. at 1),

**IT IS HEREBY ORDERED AND ADJUDGED** that, following the dismissal with prejudice of their claims, judgment is entered against James R. Bryant and Sharon R. Bryant on all claims in this action.

This 8th day of January, 2025.

```
                    /s/ L. Patrick Auld
                    L. Patrick Auld
              United States Magistrate Judge
```

_____

*       Pursuant to the parties' consent, Chief United States District Judge Catherine C. Eagles referred this case to the undersigned United States Magistrate Judge for all proceedings. (See Docket Entry 24 at 1.) [Docket Entry page citations utilize the CM/ECF footer's pagination.]

BK 2929   PG 332 - 334 (3)   DOC# 20189021
This Document eRecorded:   09/23/2024   03:37:08 PM
Fee: $26.00   DocType: DEED   Tax: $990.00
Randolph County, North Carolina
Krista M. Lowe, Register of Deeds

*Exhibit E*

## NORTH CAROLINA GENERAL WARRANTY DEED

| | |
|---|---|
| Excise Tax: | $990.00 |
| Parcel ID: | 7708-53-5608 |
| Mail Tax Bill to: | 5737 Siler Street, Trinity, NC 27370 |
| Prepared by and return to: | Philip Searcy, a licensed North Carolina Attorney, McAngus Goudelock & Courie, PLLC, 500 Pineview Drive Suite 203 Kernersville, NC 27284 File#:2799.24083WARNER |
| Brief description for the index: | Lot 29, Cottages at Piper Village Ph 4 |

This instrument prepared by: Philip Searcy, a licensed North Carolina Attorney. Delinquent taxes, if any, to be paid by the closing attorney to the county tax collector upon disbursement of closing proceeds.

THIS GENERAL WARRANTY DEED ("Deed") is made on the 23 day of September, 2024, by and between:

| GRANTOR | GRANTEE |
|---|---|
| Eastwood Construction Partners, LLC 3980 Premier Drive Suite 120 High Point, NC 27265 | Daniel Warner and spouse, Rebecca Flowers Warner; and Helen Barbara Prater, individually 5737 Siler Street Trinity, NC 27370 |

FOR VALUABLE CONSIDERATION paid by Grantee, the receipt and legal sufficiency of which is acknowledged, Grantor by this Deed does hereby grant, bargain, sell and convey to Grantee, in fee simple, all that certain lot, parcel of land or condominium unit in the City of Trinity, Randolph County, North Carolina and more particularly described as follows (the "Property"):

Being all of Lot 29 as shown on the plat entitled "The Cottages at Piper Village, Phase 4" as recorded in Plat Book 177, Page 50 in the Randolph County Register of Deeds of North Carolina. Reference to said plat hereby made for a more particular description.

All or a portion of the Property was acquired by Grantor by instrument recorded in Book 2854 Page 972.

This conveyance is made subject to Declaration of Covenants, Conditions, Restrictions, Easements, Charges and Liens for Cottages at Piper Village in the Office of the ROD for Randolph in Book 2642, Page 1850, Book 2843, Page 1143, Book 2862, Page 719, and Book 2866, Page 249 and, any amendments thereto.

1

NC Bar Association Real Property Section Form No. 3 © Revised 02/2021
Printed by Agreement with the NC Bar Association

Submitted electronically by "McAngus Goudelock & Courie, LLC"
in compliance with North Carolina statutes governing recordable documents
and the terms of the submitter agreement with the Randolph County Register of Deeds.

A map showing the Property is recorded in Plat Book _2854_ Pages _972_.

TO HAVE AND TO HOLD the Property and all privileges and appurtenances thereto belonging to Grantee in fee simple. Grantor covenants with Grantee that Grantor is seized of the Property in fee simple, Grantor has the right to convey the Property in fee simple, title to the Property is marketable and free and clear of all encumbrances, and Grantor shall warrant and defend the title against the lawful claims of all persons whomsoever, other than the following exceptions:

IN WITNESS WHEREOF, the Grantor has duly executed this North Carolina General Warranty Deed, if an entity by its duly authorized representative.

Name: _____

Name: _____

Name: _____

Name: _____

Eastwood Construction Partners, LLC
**Entity Name**

By: _____
Name:  Amanda Brooks
Title:  Vice-President

By: _____
Name:
Title:

STATE OF NORTH CAROLINA

COUNTY OF ___Forsyth___

I, _Lekisa M. Simpson_, a Notary Public certify that Amanda Brooks personally came before me this day and acknowledged the he/she is  of Eastwood Construction Partners, LLC, a Limited Liability Company.

Witness my hand and official seal, this the _23_ day of _September_, 20_24_.

_Lekisa M. Simpson_

Notary Public

Printed Name: _Lekisa M. Simpson_

My Commission Expires: ___4/25/2028___

LEKISA M. SIMPSON
Notary Public - North Carolina
Guilford County
My Commission Expires 4 25 2028

</IF>

NC Bar Association Real Property Section Form No. 3 © Revised 02/2021
Printed by Agreement with the NC Bar Association

## Property Summary

**Tax Year: 2025**

| REID | 92967 | PIN | 7708-53-5608 | Property Owner | WARNER, DANIEL;WARNER, REBECCA FLOWERS;PRATER, HELEN BARBARA |
| Location Address | 5737 SILER ST | Property Description | COTTAGES AT PIPER VILLAGE LO:29 PH:4 PL:177-50 | Owner's Mailing Address | 5737 SILER ST TRINITY NC 27370 |

### Administrative Data

| | |
|---|---|
| **Plat Book & Page** | 177-50 |
| **Old Map #** | |
| **Market Area** | 8881 |
| **Township** | TRINITY |
| **Planning Jurisdiction** | Trinity |
| **City** | TRINITY |
| **Fire District** | GUILRAND |
| **Spec District** | Trinity School |
| **Land Class** | NEW CONST RES |
| **History REID 1** | |
| **History REID 2** | |
| **Acreage** | 0.29 |
| **Permit Date** | |
| **Permit #** | |

### Transfer Information

| | |
|---|---|
| **Deed Date** | 9/23/2024 |
| **Deed Book** | 002929 |
| **Deed Page** | 00332 |
| **Revenue Stamps** | $990 |
| **Package Sale Date** | 9/23/2024 |
| **Package Sale Price** | $495,000 |
| **Land Sale Date** | |
| **Land Sale Price** | |

### Improvement Summary

| | |
|---|---|
| **Total Buildings** | 1 |
| **Total Units** | 0 |
| **Total Living Area** | 2,956 |
| **Total Gross Leasable Area** | 0 |

### Property Value

| | |
|---|---|
| **Total Appraised Land Value** | $55,000 |
| **Total Appraised Building Value** | $358,170 |
| **Total Appraised Misc Improvements Value** | |
| **Total Cost Value** | $413,170 |
| **Total Appraised Value - Valued By Cost** | $413,170 |
| **Other Exemptions** | |
| **Exemption Desc** | |
| **Use Value Deferred** | |
| **Historic Value Deferred** | |
| **Total Deferred Value** | |
| **Total Taxable Value** | $413,170 |

DocuSign Envelope ID: A1DDA4E5-264D-407B-8301-AFC8FG9EAC90

| | | |
|---|---|---|
| Lot/Block | | 029 / 01 |
| Subdivision | | Cottages at Piper Village |

## Eastwood Homes New Home Purchase Agreement

THIS CONTRACT, made and entered into this March 16, 2023 between Eastwood Homes (herein referred to as Seller) and Connie Long hereinafter called Buyer(s). This Agreement cannot be assigned or transferred without the written consent of Seller. The date of sale is the date that Buyer(s) signed this agreement.

### WITNESSETH:

That the parties hereto, in exchange for the mutual covenants herein contained, contract and agree with the other as follows:

1. **The Property:** Seller shall sell to Buyer and Buyer shall purchase from Seller all that parcel of land located in Randolph County, NC known as Lot 029 in Cottages at Piper Village Subdivision which Seller agrees to construct a house as shown on a map or plat thereof which is recorded in the Register of Deeds/Mesne Conveyances/Clerk of Court's Office, according to the Seller's plans and specifications. Seller covenants with Buyer that said plans and specifications meet FHA/VA/HUD requirements for a loan thereon, house to be completed according to said specifications and closed following final inspection (if applicable). The Plan Number/Name is 7144 Avery Elevation D - 2 Car Front Load Garage and is built at street address TBD  Trinity NC 27370 together with all improvements thereon and appurtenances thereto (collectively, the "Property").

2. **Authority and Built With Care:** If two or more persons are named as Buyers within this Agreement herein, and after both Buyers execute this New Home Purchase Agreement, any one of them is thereafter authorized to act as agent for the other, with the right and authority to bind all persons named as Buyer, including in modifications to this Agreement and all subsequent Addendums thereto. Hence, the term 'Buyer' shall have the same meaning as 'Buyers' (plural) throughout this Agreement. As part of Seller's Built With Care commitment, Seller will treat Buyer with respect, courtesy, professionalism and use best efforts to be responsive to Buyer questions. In turn, Buyer agrees to treat Seller with respect, courtesy, professionalism and use best efforts to be responsive to Seller and Buyer's lender's questions and requests for information and documentation.

3. **Recorded Map Review:** Buyer has reviewed the recorded plat map for The Property; which shows page and plat book number 177-50

4. **Cooperating Broker/Agent:** This New Home Purchase Agreement has ___X__ has not _____ been executed with a licensed Realtor in accordance with Eastwood Homes' Cooperating Broker Policy. All Eastwood Homes Sales Specialists ("Sales Representative(s)") are Employees of the Seller and only represent Eastwood Homes' interests. If Buyer has a Realtor agent representing his/her/their interests in this New Home Purchase the Buyer agrees to the following: The Buyer agency form will be signed prior to the original Purchase Agreement, which will detail the cooperating Broker/Agent's name, office, license number and contact information and the Realtor Compensation Addendum will be completed to disclose all compensation to be paid Buyer's agent at closing. Eastwood Homes does not offer Buyer's agents. Furthermore, Sales Representatives, who are compensated by Seller, are required to provide Seller with important Buyer information (i.e. personal, financial or other information) that would assist Seller in the sale of the Property.

5. **Occupancy Disclosure:**

___X___ Buyer agrees that the Property is being purchased as a principal occupancy for a primary residence. Buyer also agrees the Property is not being purchased for rental purposes and that no such indicator such as "for rent" signage may be placed upon the Property or advertised within twelve (12) months after closing. Buyer understands that Seller has entered into this agreement on the basis of this representation and this provision survives the closing.

_____ Buyer is purchasing this home as a non-owner occupied and/or investment property and Seller agrees that there will be no holding period placed on the Property. In order to exercise this option a $_N/A_____ earnest money binder must accompany this Agreement. With investment property, Buyer is aware that Seller will only respond to warranty concerns communicated by the title owners of the home.

1

Seller [AB] /Buyer(s) [CL]

DocuSign Envelope ID: A1DDA4E5-264D-407B-8301-AFC8FC9EAC90

home plans. Purchase price may vary depending on lot selection, floor plan selection, options or other Buyer requests. Seller owns all intellectual property rights for its plans, drawings, renderings, name, logo, website and other advertising, and no license to Seller's intellectual property is granted or conveyed to Buyer.

Buyer and Seller understand that federal and state fair housing acts prohibit discrimination in housing based on race or color, national origin, religion, familial status, and disability/handicap. Seller is committed to make all homes for sale available on an equal opportunity basis.

11. **Seller Paid Closing Costs, Concessions, Prepaids and Prorations:** Buyer agrees to use best efforts to procure a loan or perform a cash closing to purchase the Property within the agreed time frames and consistent with this Agreement's requirements. Seller and Lender will pay, as separate consideration for waiver of paragraph 30 warranties, up to $5,000 from Seller and/or lender toward the following closing costs associated with closing a first mortgage only, *provided Buyer utilizes a Seller approved or preferred lender and Seller's designated attorney.* These approved closing costs include loan origination, underwriting and/or processing fee(s), appraisal, credit report, buy down funds and sales price concessions, flood certification, attorney's fee(s), title and recording fee(s), title binder and insurance, courier fees, survey, and state tax/stamp fees/tax impounds/Grantor/Grantee taxes.

*Buyer will pay all prepaids, FHA insurance premium, VA funding fees, private mortgage insurance and discount points, if required by the loan. Taxes are prorated as of date of closing. Buyer agrees to pay all state tax/stamp fees/Grantor/Grantee taxes. Buyer agrees to reimburse or pay Seller for costs of the survey which is provided to Buyer at closing, and which shall enable Buyer to obtain title insurance. Seller, in its sole discretion, may approve application of closing cost assistance to Buyer identified closing costs, prepaids, HOA fees and other closing expenses. At and after closing, Buyer is responsible for Homeowners Association ("HOA") dues and capitalization fees. Such fees are paid at closing, where applicable. Estimated HOA Dues are $17.00per month and the estimated Capitalization Fee is $34.00. HOA operations and services are provided by a third party which Eastwood Homes does not own/operate; therefore, HOA fees may change without notice and Buyer holds Seller harmless regarding estimated HOA and Capitalization fees.*

12. **Binder Payment:** Buyer agrees to pay to the Seller the sum of $7,461 as a non-refundable binder/earnest money deposit ("Binder"), and an additional non-refundable deposit of N/A on or before N/A and to be applied to the purchase price of $373,050 of the hereinbefore described real property and the improvements constructed thereon, plus any additions for change orders as may be shown on any addendum which may be attached. Binder money will be placed in an interest-bearing escrow account and Eastwood Homes will retain all interest earned. Cash will not be accepted.

In the event Buyer has not paid the binder funds specified in this paragraph, or in any binder Addendum(s) attached hereto, within thirty (30) days from the date of sale, and/or within thirty (30) days from the date of executed binder Addendum(s), or, Buyer has not provided reasonable written evidence within thirty (30) days from contract to Seller from Buyer's lender evidencing Buyer's ability to borrow sufficient funds or proof of funds to close the sale of house and lot, that in either event, the Seller has certain rights. Seller shall have the absolute right to: 1) cancel this contract and retain earnest monies; or 2) maintain the contract in full force and effect and increase the purchase price of the house and lot one percent (1%), or, 3) maintain the contract in full force and effect and increase the purchase price of the house and lot to that which Eastwood Homes is charging for a comparable house and lot on the thirtieth (30th) day after the date of sale and/or within thirty (30) days from the date of executed binder addendum, or, 4) Seller can assess late fees to Buyer of up to $500.00 per day, and in which case an Interest Carry Addendum will be executed and agreed anticipated Interest Carry Costs will be paid to Seller, which payment are nonrefundable and are not part of the purchase price.

*Binder, and other transaction monies paid, are nonrefundable upon Buyer, or Buyer's agent, furnishing a lender preapproval letter (or other evidence of financing acceptable to Seller) to Seller. Upon Seller's receipt of the Buyer's lender's preapproval letter Seller shall, in reliance upon Buyer's compliance with all preapproval letter or financing terms, begin or continue construction of Buyer's home and add Buyer selected options to the home as contracted for. The Seller, in addition to the binder money, shall retain the right to pursue all other remedies in law and equity for noncompliance with paragraphs 12 and 13.*

Buyer(s) _CL_ /

13. **Buyer's Loan Application and Approval:** Buyer will make an application for a loan within five (5) days. *Buyer will*

3

Seller [AB] /Buyer(s) [CL] /

DocuSign Envelope ID: A1DDA4E5-264D-407B-8301-AFC8FC9EAC90

36. **Post-Closing Improvements, Alterations, Additions and Renovations;** Buyer is solely responsible, liable, and indemnifies and holds Seller harmless without qualification regarding any improvements, alterations, additions, or other Property renovations which are commissioned or constructed by, or accomplished at the request of, Buyer. Buyer accepts solely responsible, and assumes all liability after Closing, for verifying Property boundaries, setbacks, easement restrictions -- and associated alteration, addition or renovation restrictions, authority for new Property fixtures, fences, sheds, storage buildings or the like, permit requirements, receipt of homeowner's association and/or governing jurisdiction approvals, watershed or impervious restrictions or other required approvals. In no event shall Seller be responsible, or liable for, any such work which occurs at the request of Buyer after Closing, to include warranty work accomplished by a third party hired by Buyer to perform warranty work outside of the parameters of Seller warranty program. Should Buyer violate this provision, Seller shall be entitled to pursue all remedies as set forth herein.

## EXECUTION

By signing below, Buyer and Seller agree to be bound by all of the provisions of the Purchase Agreement. This Purchase Agreement shall not become binding upon Seller unless and until it is signed by the Division President, Vice President of Sales, Sales Manager, or other authorized Officer of Seller. Acceptance and deposit of a check prior to this Purchase Agreement being binding on Seller shall be done solely for the security of such payment. If this Purchase Agreement is not signed within ten (10) business days from the date on page one (1), then Seller can refund any payments made by the Buyer without interest and neither Seller nor Buyer shall have any liability hereunder.

Eastwood Construction Partners, LLC f/k/a Eastwood Construction, LLC d/b/a Eastwood Homes or Eastwood Homes of Raleigh, LLC or Eastwood Homes of Richmond, LLC or Eastwood Homes of Georgia, LLC & Eastwood Homes of Columbia, LLC or their Affiliates d/b/a Eastwood Homes.

_Canie Long_         3/16/2023
Buyer 930F5B00B712401      Date

_____      _____
Buyer                    Date

_Deborah Frazier_       3/16/2023
New Homes Specialist     Date

_Amanda Brooks_       3/17/2023
Corporate Officer C.      Date
(Valid only when executed by Officer of Corporation)

Rev. 9.2.2022

9

Seller _AB_ /Buyer(s) _CL_

DocuSign Envelope ID: 232C6D68-51D6-4DEC-9A3A-1B4ACA7357A1

**Division:** Triad
**Community:** PV - Piper Village
**Lot/Block:** 029 / 01

# Mutual Release and Revocation
## of a Prior Agreement to Purchase Real Estate

Whereas, on or about **March 16, 2023** Eastwood Construction Partners, LLC f/k/a Eastwood Construction, LLC d/b/a Eastwood Homes and/or Eastwood Homes, Inc. and/or their Affiliates d/b/a Eastwood Homes (*hereinafter referred to as EASTWOOD*) and **Connie Long** (hereinafter referred to as BUYER) entered into a certain written Sales Agreement whereby EASTWOOD agreed to sell and BUYER agreed to purchase a parcel of land described as Lot **029** of **Cottages at Piper Village**, according to the map or plat thereof as recorded in **Randolph**, State of **NC** together with any improvements now existing or to be placed thereon (collectively called PROPERTY) and BUYER hereby states the following reason for Termination of the Sales Agreement on their behalf:

~~Buyer no longer desires to live in Piper Village~~

After which, both EASTWOOD and BUYER now desire to terminate the Sales Agreement and mutually release one another from any further obligations of liabilities thereon;

AND, THEREFORE, in consideration of the return by EASTWOOD to BUYER of $ _7,941.00_ and/or the retention of $ _0.00_ of the latter's earnest money, the sufficiency of which is hereby acknowledged; and in further consideration of the mutual covenants contained herein, and intending to be legally bound thereby;

IT IS AGREED that the said Sales Agreement for the purchase of the said PROPERTY is hereby mutually revoked, cancelled, set aside, and declared to be of no further force and effect, and;

IT IS FURTHER AGREED that EASTWOOD and BUYER hereby mutually and irrevocably release one another from any and all claims and liabilities arising from or in connection with either the Sales Agreement for the purchase of the PROPERTY or this agreement revoking the same.

**Primary Buyer Signature:** *Connie Long* — DocuSigned by: D38FS888B712401...  **Date:** 5/2/2023

**Co-Buyer Signature:** _____  **Date:** _____

**NHS / Witness:** *Deborah Frazier* — DocuSigned by:  **Date:** 5/2/2023

**Corporate Officer:** *Amanda Brooks* — 1FA70307811041C...  **Date:** 5/3/2023

**Mailing Address:** 105 Naola Ct  Archdale NC 27263

*Refunds of binder monies will be mailed within 21 days after all necessary documents are received by Eastwood Homes Corporate Office.*

3.11.2020