**SO ORDERED.**

**SIGNED this 18th day of November, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

```
In re:                             )
                                   )
James Lawrence Bryant, Jr.,        )
Sharon Renea Bryant,               )   Case No. 25-10147
                                   )   Chapter 7
           Debtors.                )
_____)
```

## ORDER DIRECTING DEBTORS TO APPEAR AND SHOW CAUSE WHY THE COURT SHOULD NOT SANCTION DEBTORS FOR FAILURE TO COMPLY WITH RULE 9011

This case is before the Court on various filings by James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Debtors"). Debtors commenced this case by filing a voluntary petition under chapter 7 of title 11 on March 13, 2025. ECF No. 1. Debtors are proceeding pro se. For the reasons stated herein, the Court will order Debtors to appear on **November 25, 2025**, and show cause why the Court should not sanction Debtors for failure to comply with Federal Rule of Bankruptcy Procedure 9011.

In the last three weeks, Debtors have filed multiple documents appearing to utilize generative artificial intelligence (GAI).

1

The filed documents include: a Motion to Set Aside Confession of Judgement, ECF No. 100; a Motion for Sanctions for Violating Automatic Stay and Discharge Injunction, ECF No. 103; an Emergency Motion to Stay and Quash Rule 2004 Examination, ECF No. 106; a document titled "Notice of No Creditor Standing and Satisfaction of Judgment," ECF No. 107; an Amended Motion to Declare Confession of Judgment Void and to Disallow Associated Claim, ECF No. 111; a Motion to Avoid Judicial Lien, ECF No. 116; a Motion to Confirm Allowance and Finality of Homestead Exemption, ECF No. 117; and a Reply in Support of Motion for Sanctions.  ECF No. 128.

Several of these filings request duplicative relief and contain false or misleading case citations, also known as "hallucinations."[1]  For example, in the Amended Motion to Declare Confession of Judgment Void and to Disallow Associated Claim, ECF No. 111, Debtors cite to "**Pulley v. Pulley,**[2] 254 N.C. 714 (1961),"[3]

---

[1] See In re Richburg, 671 B.R. 918, 924 n.11 (Bankr. D.S.C. 2025)(citing Conor Murray, Why AI "Hallucinations" Are Worse Than Ever, FORBES (May 6, 2025, 1:12 PM), https://www.forbes.com/sites/conormurray/2025/05/06/why-ai-hallucinations-are-worse-than-ever/ ("noting that '[q]uestions asked outside of the data the AI model knows can lead to the bot responding with incorrect information,' and reasoning models like ChatGPT and OpenAI are 'designed to maximize the chance of giving an answer, meaning the bot will be more likely to give an incorrect response than admit it doesn't know something'")).

[2] All cases cited to in bold indicate that the citations are inaccurate or wholly non-existent.

[3] Pulley v. Pulley's correct citation is Pulley v. Pulley, 255 N.C. 423 (1961) (reversing the trial court judgment determining that the confession of judgment was invalid due to the payment of a portion of the obligation evidenced by the judgment prior to recording the judgment, and holding that debtor was estopped from questioning the validity of his own confession of judgment for alimony). While the citation is inaccurate, Debtors are correct that Pulley v. Pulley,

"**Harrison v. Hinson**, 338, 352 S.E.2d 836 (1987),"[4] and "**In re Weiman**, 22 F.3d 135 (7th Cir. 1994)".[5]  None of the citations above exist as cited, and neither "**Harrison**" nor "**Weiman**" support the proposition for which Debtors cite them.  Debtors also cite to "**In re Schmid**, No. 10-12142, 2013 WL 4835463 (Bankr. W.D. Wis. Sept. 5, 2013)," which is not an authentic Westlaw citation, and the orders in the actual Schmid case do not support the proposition for which Debtors offer in this case.[6]  Similarly, in the Emergency

---

does support that a confession of judgment must "show the consideration, and the amount confessed as justly due . . . ."  255 N.C. at 879-80.

[4] "**Harrison v. Hinson**" does not exist.  It appears that the correct citation is Harris v. Hinson, 360 S.E.2d 118 (N.C. Ct. App. 1987) (holding that under N.C. Gen. Stat. § 1-362, a "judgment debtor can receive his salary, and dispose of it in any manner he chooses, regardless of whether it contains an amount of funds in excess of what is required to satisfy his and his family's reasonable living expenses").  Debtors cite "**Harrison**" for the proposition that, in North Carolina, "stipulated-damages clauses are enforceable [only] when they represent a reasonable forecast of probable loss and not when they function as a penalty to compel."  ECF No. 111, at 6.  However, in Hinson the underlying judgment derived from a jury verdict and not a contract with a stipulated damages clause.  360 S.E.2d at 119.

[5] The caption of the case with the citation provided is Kirk v. Fed. Prop. Mgmt. Corp., 22 F.3d 135 (7th Cir. 1994) (holding that the Defendant failed to establish a prima facie case of employment discrimination under 42 U.S.C. § 2000e-2(a)(1), among other things).  Debtors cite Kirk is inapposite to the matters raised in this case.

[6] Seeking to have this Court set aside the Confession of Judgment, Debtors in this case attempt to take a direct assault on the state court judgment by asking this Court to declare it void and vacate it, see No. 25-10147, ECF No. 111, citing "**Schmid**."  In Schmid, the only order dated September 5, 2013, is an order denying the prior motion to reconsider the court's prior order overruling the debtor's objection to a claim.  In re Schmid, Case No. 1-10-12142-cjf, ECF No. 190 (Bankr. W.D. Wis. Sep. 5, 2013).  The original order determined that the court was bound by a prior state court determination of the contested issues under both the Rooker-Feldman doctrine and issue and claim preclusion.  The original order is a reported decision.  See In re Schmid, 494 B.R. 737, 750 (Bankr. W.D. Wis. 2013) (holding, inter alia, that, where debtor objected to the standing of a creditor after a state court determined that the creditor was the proper holder of the mortgage, the issue of the creditor's standing was unreviewable under the Rooker-Feldman doctrine and preclusion).

Motion to Stay and Quash Rule 2004 Examination, ECF No. 106, Debtors cited to In re Symington, 209 B.R. 678, 689 (Bankr. D. Md. 1997), while that case exists, the quote Debtors attribute to that case does not.

Federal Rule of Bankruptcy Procedure 9011(b) provides that:

> By presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law.

Fed. R. Bankr. P. 9011(b).  In deciding cases based on violations of Rule 9011, courts may look to cases that interpret Federal Rule of Civil Procedure 11.  In re Weiss, 111 F.3d 1159, 1170 (4th Cir. 1997).

Bankruptcy Rule 9011, like Rule 11, empowers a bankruptcy court to enter an order describing the specific conduct that appears to violate subdivision 9011(b) and directing that party to show cause why it has not violated (b).  Fed. R. Bankr. P. 9011.

> In determining whether a signatory violated Rule 11, the court must apply an objective standard of reasonableness.  See Robeson Defense Comm. v. Britt (In re Kunstler), 914 F.2d 505, 514 (4th Cir.1990).  The fact [that a litigant is] pro se in the proceedings . . . does not change [the] analysis.  Rule 9011 does not exempt pro se litigants from its operation; a pro se litigant has the same duties under Rule 9011 as an attorney.

<u>Weiss</u>, 111 F.3d at, 1170; <u>see also</u> <u>In re Burse</u>, 120 B.R. 833, 837 (Bankr. E.D. Va. 1990).

If a court determines that sanctions are appropriate, because a provision of Rule 9011(b) was violated, it may "impose an appropriate sanction on any . . . party that committed the violation [under subdivision (b)] . . . ." Fed. R. Bankr. P. 9011(c). Sanctions under Rule 9011 are limited to what is sufficient to deter repetition or comparable conduct, and those sanctions can include striking motions and monetary relief, among other things. <u>Green v. Prince George's Cnty. Off. of Child Support</u>, 641 B.R. 820, 840-41 (D. Md. 2022), <u>aff'd,</u> No. 22-1705, 2023 WL 3051812 (4th Cir. Apr. 24, 2023) ("Sanctions should be sufficient to serve the purposes of Rule 9011, but not greater than necessary to deter abuse." (citation omitted)).

Debtors' citation errors are emblematic of GAI, which is known to "hallucinate" nonexistent cases and law.[7] While this technology may be beneficial and assist in the preparation of court filings, even <u>pro se</u> plaintiffs must perform a reasonable inquiry under the circumstances that the claims defenses and other legal contentions are warranted and nonfrivolous. Fed. R. Bankr. P. 9011; <u>see, e.g.,</u> <u>O'Brien v. Flick</u>, No. 24-61529-CIV, 2025 WL 242924, at *7 (S.D.

---

[7] <u>See</u> <u>In re Martin</u>, 670 B.R. 636, 647 n.7 (Bankr. N.D. Ill. 2025) (collecting cases discussing the pitfalls of generative AI usage and imposing $5,500 sanction against counsel for filing documents containing hallucinations).

Fla. Jan. 10, 2025), aff'd, No. 25-10143, 2025 WL 2731627 (11th Cir. Sep. 25, 2025). "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." Martin, 670 B.R. at 642-43 (quoting Benjamin v. Costco Wholesale Corp., 779 F. Supp. 3d 341, 347 (E.D.N.Y. 2025)). Unrepresented parties have the same minimum obligations.

The Court recognizes that GAI offers significant benefit in providing unrepresented parties access to justice. This access, however, comes with the responsibility for unrepresented parties to ensure that filings comply with applicable standards, including Rule 9011. To rule otherwise, would relieve unrepresented parties from the obligations clearly imposed by that rule, and would place an unbearable burden on the Courts and opposing parties.

Thus, even unrepresented litigants are required to independently verify that the cases represented therein exist and support the proposition for which they are cited. Fed. R. Bankr. P. 9011(b). Debtors' filings are based in part on non-existent case law and case law which supports propositions wholly opposite to those for which Debtors offer them. Further, Debtors filings seek overlapping and duplicative relief. See, e.g., ECF No. 103; ECF No. 111. The numerous and continuous filings containing arguments and citations that violate Rule 9011 imposes an undue and untenable burden on the Court and opposing parties. Therefore,

6

the Court will order Debtors to appear on **November 25, 2025**, and show cause why the Court should not sanction Debtors through its inherent powers, 11 U.S.C. § 105, and Rule 9011(c) for failure to comply with Rule 9011. **Such sanctions may include monetary sanctions, striking of documents from the record, and denial of relief requested in violative documents**.

      **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** as follows:

      1.   Debtors must appear and show cause why the Court should not sanction Debtors for failure to comply with Rule 9011.

      2.   The Court will conduct the hearing as follows:

DATE:         **November 25, 2025**
TIME:         **9:30 am**
LOCATION:   Second Floor, Courtroom #1
                  South Edgeworth Street
                  Greensboro, NC 27401

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-10147

John Paul Hughes Cournoyer
Bankruptcy Administrator                    Via CM/ECF

Vicki L. Parrott
Chapter 7 Trustee                           Via CM/ECF

James Lawrence Bryant, Jr.
Sharon Renea Bryant
5629 Siler Street
Trinity, NC 27370