**SO ORDERED.**

**SIGNED this 16th day of December, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

In re:                                      )
                                            )
James Lawrence Bryant, Jr.,                 )
Sharon Renea Bryant,                        )          Chapter 7
                                            )          Case No. 25-10147
                                            )
        Debtors.                            )
_____)

<u>**ORDER DENYING MOTION FOR SANCTIONS**</u>

This case came before the Court for hearing on December 9,
2025, on the Motion for Sanctions for Violating Automatic Stay and
Discharge Injunction, filed by James Lawrence Bryant, Jr. and
Sharon Renea Bryant ("Debtors") on November 3, 2025, ECF No. 103
(the "Motion")[1], and the Response to Debtors' Motion filed by
Eastwood Construction Partners, LLC d/b/a Eastwood Homes

---

[1] On November 14, 2025, Debtors filed a Reply in support of the Motion. ECF
No. 128. On December 10, 2025, Debtors filed five documents titled "Debtors'
Proposed Findings of Fact in Support of Motions for Sanctions," "Declaration of
Sharon R. Bryant," "Declaration of James L. Bryant Jr.," "Debtors' Notice of
Supplemental Exhibits," and "Debtors' Supplemental Brief in Support of Motion
for Sanctions for Discharge Injunction Violations." ECF Nos. 160, 161, 162,
163, 164.

1

("Eastwood") on November 13, 2025.   ECF No. 123.   Debtors and counsel for Eastwood appeared.   Debtors are proceeding pro se.[2] Because the actions which Eastwood and its counsel have taken in this Court do not violate either the automatic stay or the discharge injunction, the Court will deny Debtors' Motion.

### Background

On March 13, 2025, Debtors commenced this case by filing a voluntary petition under chapter 7 of title 11.   ECF No. 1.   On Schedule A/B, Debtors listed real property located at 5629 Siler Street, Trinity, NC (the "Real Property") which Debtors own as tenants by the entirety.   Id. at 11.   On Schedule D, Debtors listed a claim held by Eastwood Homes in the total amount of $150,000.00, secured by the Real Property.   Id. at 28.   Debtors filed claims of property exemptions in which they claim exemptions totaling $50,000.00 in the Real Property.   ECF No. 1, at 23; ECF No. 14, at 1.

On May 5, 2025, Eastwood filed an amended motion seeking an order requiring Debtors to produce documents and appear for examination under Fed. R. Bankr. P. 2004.   ECF No. 23.   In its motion, Eastwood stated that the purpose of the document production and examination was to determine potential objections to Debtors' exemptions, discharge, and the dischargeability of Eastwood's

---

[2] The Court must construe filings by pro se litigants liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

debt. Id. ¶ 10. In the interim, on June 5, 2025, Eastwood commenced an adversary proceeding seeking to have the Court determine whether debt owed to Eastwood from Debtors should be excepted from Debtors' discharge under 11 U.S.C. § 523(a)(6). Adv. No. 25-02009, ECF No. 3 (the "Amended Complaint").[3]

On June 12, 2025, the Court conducted a hearing at which it orally granted Eastwood's motion for 2004 examination and thereafter entered an Order effectuating this oral ruling. ECF No. 48 (the "2004 Order"). The 2004 Order provided that Eastwood was entitled to examine Debtors and request documents so long as neither the examination, nor the document requests involved issues related to or bases in support of Eastwood's adversary proceeding. Id. at 2. The 2004 Order further required Debtors to produce broad categories of responsive documents[4] in their possession, custody, or control by Thursday, July 31, 2025, and appear for examination at an agreed upon time no later than Friday, August 22, 2025. Id.

---

[3] On August 29, 2025, Debtors, Defendants in the adversary proceeding, moved to dismiss the adversary proceeding for failure to state a claim on which relief could be granted, among other things. Adv. No. 25-02009, ECF No. 16. On November 18, 2025, after considering Defendants' motion to dismiss and arguments made by Debtors, the Court entered an Order and Opinion Denying Defendants' Motion to Dismiss. ECF No. 36. On November 19, 2025, Defendants filed a motion asking this Court to reconsider and vacate its Order and Opinion Denying Defendants' Motion to Dismiss. ECF No. 37. On November 21, 2025, the Court entered an Order denying Defendants' Motion to Reconsider the Denial of Defendants' Motion to Dismiss. ECF No. 41.

[4] "The scope of a Rule 2004 examination is exceptionally broad and the rule itself is 'peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that . . . Rule 26 of the Federal Rules of Civil Procedure does.'" In re Duratech Indus., Inc., 241 B.R. 283, 289 (E.D.N.Y. 1999) (quoting In re GHR Energy Corp., 33 B.R. 451, 454 (Bankr. D. Mass. 1983)).

Finally, the Order permitted Eastwood to issue subpoenas compelling Debtors to comply with the Order.  Id.

June 13, 2025, was the deadline to file a complaint objecting to discharge, and no party in interest filed an action objecting to Debtors' discharge or seeking an extension of the deadline.  On July 16, the chapter 7 trustee filed her report of no distribution. ECF No. 60.  On July 17, 2025, the Court entered an Order of Discharge under 11 U.S.C. § 727 for Ms. Bryant.  ECF No. 61.  On September 4, 2025, the Court entered an Order of Discharge under 11 U.S.C. § 727 for Mr. Bryant.  ECF No. 87.

On September 5, 2025, Eastwood filed a Motion seeking an order requiring Debtors to show cause why they should not be held in civil contempt for failing to comply with the Rule 2004 examination and requesting per diem sanction until Debtors comply.  ECF No. 88 (the "Motion to Compel").  On October 1, 2025, the Court entered an Order granting in part and continuing in part Eastwood's Motion to Compel.  ECF No. 96.  This Order required Debtors to comply with the 2004 Order by November 14, 2025, and limited the categories of Debtors' obligations under the 2004 Order.  Id.  This Order also continued the hearing on Eastwood's Motion to Compel to November 25, 2025, and continued the deadline to object to Debtors' claims of property exemptions to December 5, 2025.  Id.

On November 5, 2025, Debtors filed an Emergency Motion to Stay and Quash Rule 2004 Examination, ECF No. 106, requesting an

4

order staying enforcement of all Rule 2004 examination deadlines pending a decision on the motion, quashing the Rule 2004 examination and document production requests, and directing that all future discovery occur only under the adversary proceeding rules.  Id.

The Court liberally construed the motion to quash as a motion to reconsider the 2004 Order, and set a hearing for November 25, 2025, on the emergency motion to determine whether any remaining production and the examination required by the 2004 Order were appropriate in light of the expiration of the deadline to object to discharge, the report of no distribution filed by the trustee, and the Court's uncertainty about any viable remaining basis for objecting to Debtors' homestead exemption.  See ECF No. 110.  The Court stayed further compliance with the order pending the hearing on the motion to reconsider.  Id.  On November 21, 2025, at Debtors' request, the Court entered an Order continuing all matters set for November 25, 2025, to December 9, 2025.  ECF No. 144.  On December 10, 2025, the Court entered an order relieving Debtors of any further requirements under the 2004 Order.  ECF No. 158.

Soon after filing the Emergency Motion to Stay and Quash Rule 2004 Examination, ECF No. 106, Debtors filed the instant motion and a Reply in Support of that Motion.  ECF Nos. 103 & 128.  Debtors seek sanctions against Eastwood and its counsel for willful violations of the automatic stay under 11 U.S.C. § 362 and

5

violation of the discharge injunction under 11 U.S.C. § 524. ECF No. 103. Debtors contend Eastwood and its counsel violated the stay and the discharge injunction in six instances by: 1) filing the 2004 Motion on June 12, 2025; 2) filing the Motion to Compel on September 5, 2025 – one day after both Debtors received their discharge; 3) filing the dischargeability adversary proceeding against Debtors; 4) filing a motion for summary judgment in the adversary proceeding; 5) "attempting post-petition collection in superior court by asserting their 'right' to continue collection on the confession of judgment despite dismissing their claims with prejudice;"[5] and 6) failing to destroy[6] or return documents collected throughout the 2004 production after the Court entered its Order staying the Rule 2004 examination and further production of documents on November 10, 2025. See ECF Nos. 103, 110, 123, 161.[7] Debtors also request that the Court find Eastwood's

---

[5] At the hearing, Debtor clarified that neither Eastwood, nor its counsel have attempted to enforce the confession of judgment outside of this Court since the commencement of the bankruptcy case. ECF No. 159, at 00:06:00-00:07:03.

[6] See In re Correra, 589 B.R. 76, 133 (Bankr. N.D. Tex. 2018) (explaining the duty to preserve evidence in the course of pending or reasonably foreseeable litigation when under a party's control).

[7] The day after the hearing on this Motion and after evidence was closed, Debtors filed five documents titled "Debtors' Proposed Findings of Fact in Support of Motions for Sanctions," "Declaration of Sharon R. Bryant," "Declaration of James L. Bryant Jr.," "Debtors' Notice of Supplemental Exhibits," and "Debtors' Supplemental Brief in Support of Motion for Sanctions for Discharge Injunction Violations.". ECF Nos. 160, 161, 162, 163, 164. While the Court has considered the arguments therein, the hearing on the Motion for sanctions against Eastwood for violation of the automatic stay was properly noticed, ECF No. 105, and Debtors Notice of Supplemental Exhibits, Proposed Findings of Fact in Support of Motions for Sanctions, Declaration of Sharon R. Bryant, and Declaration of

counsel's actions violate 28 U.S.C. § 1927. ECF No. 103. On December 5, 2025, the Bankruptcy Administrator filed a Response to the Order Directing Debtors to Appear and Show Cause why the Court Should Not Sanction Debtors for Failure to Comply with Rule 9011, stating that the instant Motion is not supported by any non-frivolous legal argument because the post-petition pleadings filed by Eastwood are not stay violations, discharge violations, or otherwise sanctionable. ECF No. 157, at 3.

**Analysis**

I.   **Neither Eastwood nor its counsel violated the automatic stay under 11 U.S.C. § 362(a).**

"[T]he automatic stay provision is intended 'to allow the bankruptcy court to centralize all disputes concerning property of

---

James L. Bryant Jr. are not properly considered as evidence. To Determine whether additional evidence will be considered after evidence has closed a court will consider the following: "(1) whether the party moving to reopen provided a reasonable explanation for failing to present the evidence in its case-in-chief; (2) whether the evidence was relevant, admissible, or helpful to the jury; and (3) whether reopening the case would have infused the evidence with distorted importance, prejudiced the opposing party's case, or precluded the opposing party from meeting the evidence." United States v. Abbas, 74 F.3d 506, 511 (4th Cir. 1996). Evidence was closed with the conclusion of the December 9, 2025, hearing and there was no reasonable explanation for failing to present the evidence in Debtors case-in-chief. Id. at 511 (explaining that it is within the trial court's sole discretion to reopen a case to admit new evidence). Moreover, even if Debtors were permitted to include the additional evidence and exhibits, Debtor's declarations and included exhibits do not demonstrate any violation of the automatic stay or discharge injunction. See ECF No. 161, at 4-6. Instead, each exhibit describes actions Eastwood has taken as permitted by the Rule 2004 examination and order on the Motion to Compel. Id. For example, Debtors' Exhibits 13 and 14, are purported to be copies of notices served on both Debtors demanding Debtors submit to examinations under Rule 2004. ECF No. 162, Ex. 13 & 14. Those notices were served as permitted by the Court's 2004 Order, ECF Nos. 48 & 96, which was still in effect on October 22, 2025, the day they were signed and served on Debtors. ECF No. 162, Ex. 13 & 14. These additional exhibits fail to add anything of substance to Debtors' claims and will therefore not be admitted into evidence.

the debtor's estate so that a reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas.'" S.E.C. v. Brennan, 230 F.3d 65, 70 (2d Cir. 2000) (quoting In re U.S. Lines, Inc., 197 F.3d 631, 640 (2d Cir. 1999)). Thus, upon filing of a bankruptcy petition, creditors seeking to recover a debt must proceed in bankruptcy court by following the congressionally-prescribed process in title 11 (the "Code") and the Federal Rules of Bankruptcy Procedure, or suffer the consequences. See, e.g., 11 U.S.C. § 362(k).

Notwithstanding the imposition of the automatic stay, creditors may seek relief in the bankruptcy court. Relief that may be sought in a bankruptcy case includes requests for information from the debtors or any entity under Rule 2004. Fed. R. Bankr. P. 2004. Under that rule, a party in interest may file a motion with the court seeking the examination of any entity, and that examination may relate to, inter alia, "any matter which may affect the administration of the debtor's estate, or . . . the debtor's right to a discharge." In re Jasper Pellets, LLC, 647 B.R. 151, 155 (Bankr. D.S.C. 2022) (citing Fed. R. Bankr. P. 2004(b)). Rule 2004 places creditors in the position of seeking the court's approval before taking an action that would otherwise violate the stay; it also provides the court discretion to determine the propriety and limits of the request. See, e.g., In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)

(explaining that when a proceeding is pending before the court, Rule 2004 examinations are typically limited to ensure that the examination may not be used as a tactic to circumvent the procedural safeguards of the Federal Rules of Civil Procedure).

The Code also permits the filing of a suit in the bankruptcy court against the debtor by commencing an adversary proceeding without violating the automatic stay. In re Fabian, 458 B.R. 235, 247 n.6 (Bankr. D. Md. 2011), aff'd, 475 B.R. 463 (D. Md. 2012), aff'd sub nom., Fabian v. Guttman ex rel. Strategic Partners Int'l, Inc., 491 F. App'x 420 (4th Cir. 2012) (citing In re Transcolor, 296 B.R. 343, 358 (Bankr. D. Md. 2003) (collecting cases)). Once an adversary proceeding is commenced part VII of the bankruptcy rules apply, which incorporate many of the Federal Rules of Civil Procedure, including the discovery rules and Rule 56. See Fed. R. Bankr. P. 7026-37, 7056.

The thrust of Debtors' argument is that, by seeking and obtaining a Rule 2004 examination, filing a Motion to Compel as to the Rule 2004 examination, filing the adversary proceeding to determine the dischargeability of the confession of judgment, and filing a motion for summary judgment before discovery was complete, Eastwood attempted to collect on the confession of judgment post-petition and pre-discharge, making these actions a willful violation of the automatic stay under 11 U.S.C. § 362. ECF No. 103, at 2. These arguments are not warranted by existing law or

9

by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law.[8]

---

[8] On December 9, the Court also conducted a hearing on its order for Debtors to show cause why they should not be sanctioned for violation of Rule 9011 for filing multiple documents that contain misstatements of law, frivolous arguments, fictitious case cites, and fictitious case holdings. ECF No. 137. The Court declined at that time to impose sanctions but warned Debtors of their obligations in filing documents with the Court. The Court again warns Debtors that they must comply with the requirements of the rules, including Rule 9011. Rule 9011 provides:

> By presenting to the court a . . . document . . . an . . . unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
>>
>> (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence—or if specifically so identified, are reasonably based on a lack of information or belief.

The Court may impose sanctions for violation of this rule. See Rule 9011(c). As explained to Debtors on the record at the December 9 hearing, fictitious cases and cites are not the only way litigants present frivolous arguments. Even unrepresented debtors must ensure that their arguments are not frivolous. Both the Bankruptcy Administrator and this Court have cautioned Debtors that many of the arguments they have raised are frivolous. See ECF No. 159, at 01:33:38-01:34:00. The additional filings on December 11 again contain frivolous arguments that are unsupported by existing law, many of which previously have been rejected by the Court, including arguments regarding the continuing validity of the confession of judgment on which the Court has already ruled. Adv. No. 25-2009, ECF No. 41, pp. 5-9. Debtors duplicative, large, and frivolous filings are a burden on the Court and impose unnecessary expenses on all parties. The Court again warns Debtors that further violations of Rule 9011 will result in sanctions that will include striking pleadings, denying relief requested, and monetary sanctions.

10

Filing an adversary proceeding to determine the dischargeability of a debt is not a violation of the automatic stay. In re Transcolor, 296 B.R. at 358. Eastwood was not required to seek relief from the automatic stay before filing its Complaint. Id. The same is true of the motions filed in the adversary proceeding.[9] The Court has determined that Eastwood's Amended Complaint plausibly states a claim for nondischargeability under 11 U.S.C. § 523(a)(6) and denied a motion to reconsider that ruling. Adv. No. 25-02009, ECF Nos. 36 & 41.

The Rule 2004 Motion and any subsequent related litigation also was not a violation of the automatic stay. To conduct an examination, a party in interest files a motion with the Court seeking permission to examine any entity, including the Debtors. Fed. R. Bankr. P. 2004(a). Eastwood's 2004 Motion, and the 2004 Order granting Eastwood's Motion for an examination and production under Rule 2004 were litigated in accordance with Rule 2004. See ECF Nos. 6 & 48. Debtors were given an opportunity to be heard in response to the 2004 Motion. Filing and prosecuting the motion did not violate the automatic stay.

---

[9] At the hearing, Debtors argued that Eastwood's Motion for Summary Judgment in the adversary proceeding was also in violation of the stay and retaliatory. ECF No. 159, at 0:19:37-0:21:10. A plaintiff is not required to wait until a defendant has filed an answer to file a motion for summary judgement, but "courts have approached such motions with extreme caution." Matini v. Reliance Standard Life Ins. Co., No. 1:05CV944 (JCC), 2005 WL 2739030, at *2 (E.D. Va. Oct. 24, 2005) (citing Stuart Inv. Co. v. Westinghouse Elec. Corp., 11 F.R.D. 277, 280 (D. Neb. 1951). See also Fed. R. Civ. P. 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of discovery").

Debtors next argue that even if the Motion and Order granting the Rule 2004 examination was not a violation of the automatic stay, because Eastwood filed and litigated the Motion to Compel after both Debtors received a discharge, any further litigation as to the Rule 2004 examination would be in violation of the automatic stay. To support that proposition, Debtors rely on this Court's Order Setting Hearing on Emergency Motion to Quash, ECF No. 110, which found that "there [were] substantial changes since entry of the 2004 Order and such changes warrant reconsideration of the Order under Fed. R. Civ. P. 54(b)." ECF No. 110, at 5, 6. They contend that, because it appeared that the only remaining potentially relevant basis for Eastwood to conduct a Rule 2004 examination was to pursue an objection to Debtors' claims of property exemption, and because the Court appeared skeptical of that basis in that order, all actions taken before the November 10 order violated the automatic stay.[10] Id.

---

[10] At the hearing, Debtors indicated that they served on Eastwood notices under Fed. R. Bankr. P. 9011(c)(1)(A) demanding the withdrawal of the 2004 examination and Motion to Compel. Rule 9011(c) requires: "[t]he motion for sanctions must not be filed or presented to the court if the challenged document, claim, defense, contention, allegation, or denial is withdrawn or appropriately corrected within 21 days after the motion was served (or within another period as the court may order)." Id. Debtors' supplemental exhibits indicate that Debtors sent an email to Eastwood which purport to constitute notice of their intent to file a motion for sanctions pursuant to Rule 9011 on October 17, 2025, and again on November 4, 2025. ECF No. 128, Ex. A & B. Rule 9011 requires that a motion for sanctions, not an email giving notice of the intent to file a motion, be served on the party alleged to have violated the rule. Fed. R. Bankr. P. 9011(c)(2)(A) and (B). Nevertheless, even if Debtors had served a motion for sanctions against Eastwood for both the 2004 examination and Motion to Compel on the date of the emails, because Eastwood withdrew both underlying motions on November 11, 2025, 21 days after the emails, a motion for sanctions

The stay terminated with respect to the debtors after the discharge was entered.  11 U.S.C. § 362(c)(2)(C).  Nevertheless, even if the stay remained in effect, Debtors misconstrue the effect of orders of the Court that have not been vacated or reversed and the nature of the November 10 order.  That order set a hearing to consider Debtors' motion to reconsider the 2004 Order and stayed the Rule 2004 examination and the production of documents required by it until the order could be reconsidered.  At the hearing Debtors presented no evidence that Eastwood took any further actions to compel production under the 2004 Order or order on the Motion to Compel after the Court stayed enforcement.  ECF Nos. 48 & 96.  In fact, on November 11, 2025, Eastwood withdrew the original 2004 Motion as well as the Motion to Compel.  ECF Nos. 114 & 115.  Nothing in the order on the Motion to Compel found that Eastwood's actions were improper, and filing a motion to compel compliance with an order entered by this Court is not a violation of the automatic stay.  Cf. In re Transcolor, 296 B.R. at 358 (collecting cases and explaining that filing an adversary proceeding is, as a matter of law, not a violation of the automatic stay).  The stay serves the interests of the debtor, but not the debtor alone, it also serves the interests of creditors by

---

would improper.  ECF Nos. 114 & 115; Fed. R. Bankr. P. 9011(c)(1)(A).  In any event, Debtors filed the current motion for sanctions on November 3, 2025, prior to 21 days after the emails.  See Akira Technologies, Inc. v. Conceptant, Inc., 773 Fed. Appx. 122, 125 (4th Cir. 2019) (holding that Rule 11 "cannot provide a basis for sanctions" where the procedural requirements were not met).

facilitating an orderly administration of the bankruptcy estate. In re Smith, 636 B.R. 521, 528 (Bankr. E.D. Tenn. 2021).[11]  This is the bargain that Debtors struck when they voluntarily sought bankruptcy protection.  For these reasons, the litigation in this Court did not violate the stay.

## II.   Neither Eastwood nor its counsel violated the discharge injunction under 11 U.S.C. § 524.

Debtors similarly ask this Court to find that Eastwood's actions violated the discharge injunction, citing the same actions above to the extent they continued after Debtors received their respective discharges.  ECF Nos. 61 & 87; see also 11 U.S.C. § 362(c).  The Code promises the honest but unfortunate Debtor a fresh start.  The discharge is the embodiment of the fresh start, it does not extinguish the debt itself but instead releases the debtor of personal liability from that debt, and operates as an "injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ."  11 U.S.C. § 524(a)(2).  While a violation of the discharge injunction does not provide an express remedy akin to § 362(k) for violations of the automatic stay, § 105(a) allows a bankruptcy court to hold

---

[11] Possession of documents already produced by Debtors according to the orders of this Court also is not a violation of the automatic stay.  Any document production that did occur was made under the supervision of the Court, and no further order of the Court has required Eastwood to return any documents produced by Debtors as required by the previous orders.  ECF No. 158.

14

a creditor in civil contempt, and impose contempt sanctions, for violating the discharge injunction.  In re Carnegie, 621 B.R. 392, 401 (Bankr. M.D.N.C. 2020).  The discharge injunction does not apply to debts deemed non-dischargeable under 11 U.S.C. § 523, see 11 U.S.C. § 727(b), and the proper place to determine the dischargeability of any debt under 11 U.S.C. § 523(a)(6) remains with the bankruptcy court.  In re Jones, 348 B.R. 715, 719 (Bankr. E.D. Va. 2006); see also 11 U.S.C. § 523(c)(1).  Prosecuting the adversary proceeding, including filing motions therein did not violate the discharge injunction for the same reasons that Eastwood's conduct did not violate the automatic stay.  Litigating the dischargeability of a debt before the bankruptcy court is not itself a violation of the injunction, instead it is the proper procedure for determining dischargeability as contemplated by Congress.  Eastwood's actions, including filing and prosecuting a motion under Rule 2004, enforcing a bankruptcy court order in the bankruptcy case, and seeking summary judgment prior to the close of discovery, were specifically permitted by the Code, the applicable Rules, and the orders of this Court and did not violate the discharge injunction.

**III.   Neither Eastwood nor its counsel engaged in vexatious litigation under 28 U.S.C. § 1927.**

Section 1927 states that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and

vexatiously" may be required to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. As the Fourth Circuit has explained, "[i]nherent then, in both the court's authority to impose sanctions and in Section 1927, is an element of bad faith." Harvey v. Cable News Network, Inc., 48 F.4th 257, 276 (4th Cir. 2022). Even if conduct is unreasonable, the statute additionally requires that conduct be vexatious. Kotsilieris v. Chalmers, 966 F.2d 1181, 1183-84 (7th Cir. 1992) (affirming the district court's denial of sanctions under § 1927 even for objectively unreasonable behavior because the lawyer had not engaged in "'a serious and studied disregard for the orderly process of justice,'" quoting Walter v. Fiorenzo, 840 F.2d 427, 433 (7th Cir. 1988)).

Debtors argue that Eastwoods's Counsel filed and pursued the Rule 2004 Examination, the Motion to Compel, and the adversary proceeding with knowledge that all relevant claims were released and extinguished by settlement, that this was a no-asset case, and that Debtors received their discharge. ECF No. 103, at 2. Debtors also contend that counsel acted unreasonably when they disclosed the terms of a confidential settlement in connection with the motion for summary judgment.[12] As such, Debtors contend that

---

[12] Debtors filed a complete copy of the state court settlement agreement in their bankruptcy case prior to the motion for summary judgment, along with a copy of the state court order directing filing of the confession of judgment, and the confession of judgment itself, among other documents. ECF No. 100-1.

Eastwood's filings were for an improper purpose, lacking a factual foundation and in reckless disregard of the Court's orders, constituting bad faith and vexatious litigation.

None of these assertions is warranted by existing law. The Court has determined that the dischargeability action is not affected by the release and settlement, and that it may not reconsider the state court judgment. Adv. No. 25-2009, ECF Nos. 36 & 41. A timely filed dischargeability action is unaffected by the lack of estate assets to be distributed to holders of claims[13] and the action is not mooted by the entry of discharge.

Even if any of Debtors' arguments supported denying the relief requested by Eastwood, the actions in this case were not vexatious as contemplated by 28 U.S.C. § 1927. In Harvey, the Fourth Circuit found that it was an abuse of discretion for a district court to award sanctions against an attorney under its inherent powers and § 1927, where the plaintiff, whose complaint failed to state a claim upon which relief could be granted, filed an amended complaint that failed to cure the deficiencies of the earlier complaint. Harvey, 48 F.4th at 277-79. The court explained that the mere fact that plaintiff failed to state a claim on its amended

---

[13] See In re Dambowsky, 526 B.R. 590, 601 n.12 (Bankr. M.D.N.C. 2015) (noting the lack of privity between the estate in the claim process and the debtor in a dischargeability proceeding, and finding that the lack of distributable assets in the estate does not affect the subject matter jurisdiction of the court to determine dischargeability of claims).

complaint, without more, did not arise to the level of misconduct that supports a finding of bad faith and vexatious conduct. Id. at 281.

Debtors' arguments rest on the premise that the adversary proceeding was filed in bad faith, however as this court has already explained in both the Order and Opinion Denying Defendants' Motion to Dismiss and the Order Denying Defendants' Motion to Reconsider Defendants' Motion to Dismiss, Eastwood has plausibly stated a claim under 11 U.S.C. 523(a)(6), and neither the settlement and release, nor the voluntary dismissal in the state court affects the viability of that claim. Adv. No. 25-02009, ECF Nos. 36 & 41; cf. Harvey, 48 F.4th at 279, 281 (explaining that failing to state a claim on an amended complaint even after a successful motion to dismiss, without more, would not be a violation of § 1927). The Court has ruled that the confession of judgment is res judicata. Adv. No. 25-2009, ECF No. 36, pp. 17-19. The Court specifically rejected the argument that the voluntary dismissal affected the efficacy of the confession of judgment. Adv. No. 25-2009, ECF No. 41, pp. 5-9. And, as discussed above, the Rule 2004 examination, and show cause hearings were conducted under the Federal Rules of Bankruptcy Procedure and by Order of this Court. Immediately after Debtors filed their motion to reconsider and quash and the Court entered its show cause Order,

ECF No. 110, Eastwood promptly withdrew both underlying motions.[14]

There is no sanctionable conduct under 28 U.S.C. § 1927.

Now, therefore, it is ORDERED that Debtors' Motion is denied.

[END OF DOCUMENT]

---

[14] The 2004 Motions were also not duplicative, the Court limited the examinations in light of the pending adversary proceeding filed by Eastwood against Debtors and further limited the required production in its order compelling compliance. ECF No. 48, at 2; Adv. No. 25-02009, ECF No. 3.

<u>Parties to be Served</u>
25-02009

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                    Via CM/ECF

Jamey M. Lowdermilk
Katarina Kyung Oak Wong
Counsel for Plaintiff                             Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370