**SO ORDERED.**

**SIGNED this 16th day of December, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

_____

```
             UNITED STATES BANKRUPTCY COURT
             MIDDLE DISTRICT OF NORTH CAROLINA
                    GREENSBORO DIVISION
```

In re:                                  )
                                        )
James Lawrence Bryant, Jr.,             )
Sharon Renea Bryant,                    )         Chapter 7
                                        )         Case No. 25-10147
                                        )
    Debtors.                            )
_____)

**ORDER REGARDING DEBTORS' FAILURE TO COMPLY WITH RULE 9011**

This case came before the Court for hearing on December 9, 2025, on the Order Directing Debtors to Appear and Show Cause Why the Court Should Not Sanction Debtors for Failure to Comply with Rule 9011, entered by the Court on November 19, 2025. ECF No. 137 (the "Show Cause Order"). At the hearing James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Debtors"), as well as counsel for Eastwood Construction, LLC d/b/a Eastwood Homes ("Eastwood"), and the Bankruptcy Administrator appeared. Debtors are proceeding pro se.

1

**BACKGROUND**

The Court entered the Show Cause Order in response to Debtors filing multiple documents containing arguments that were not warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law, and because the filings requested duplicative relief and contained false or misleading case citations and law, hallmarks of generative artificial intelligence (GAI) which is known to "hallucinate" nonexistent cases and law.[1]  ECF No. 137.  The Court recognizes that GAI offers significant benefit in providing unrepresented parties access to justice, but GAI comes with significant drawbacks, limitations, and does not relieve litigants of their responsibility to independently ensure that the arguments raised are not frivolous.  Unrepresented parties must ensure that filings comply with applicable standards, including Fed. R. Bankr. P. 9011.  In re Weiss, 111 F.3d 1159, 1170 (4th Cir. 1997) (affirming the imposition of sanctions by the bankruptcy court against unrepresented party whose filings violated Rule 9011).  To rule otherwise—especially with the advent of GAI, which can produce volumes of text with little input from the user—would relieve unrepresented parties from the obligations imposed by that rule

---

[1] See In re Martin, 670 B.R. 636, 647 n.7 (Bankr. N.D. Ill. 2025) (collecting cases discussing the pitfalls of generative AI usage and imposing $5,500 sanction against counsel for filing documents containing hallucinations).

2

and would place an unbearable burden and expense on courts and opposing parties. Therefore, the Court ordered Debtors to appear and show cause why it should not sanction them through its inherent powers, 11 U.S.C. § 105, and Rule 9011(c) for failure to comply with Rule 9011. ECF No. 137 at 7.

Since entry of the Show Cause Order, Debtors withdrew some of their filings containing non-existent law and erroneous citations,[2] see ECF No. 159, at 01:29:45-01:30:00, but did not withdraw all filings that violated the rules and continue to assert arguments on which the Court has previously ruled. For example, in Debtors' Motion for Sanctions for Violating Automatic Stay and Discharge Injunction, ECF No. 103, Debtors argued that the Confession of Judgment was unenforceable as the underlying state lawsuit was dismissed. Debtors failed to withdraw those documents even after then Court specifically rejected that argument. Adv. No. 25-2009, ECF No. 41, pp. 5-9. In Debtors' Motion to Avoid Judicial Lien, Debtors claim that lien avoidance renders Eastwood's adversary proceeding moot and that Eastwood' failure to file a Proof of Claim means that Eastwood is not a party in interest under the Bankruptcy Code. ECF No. 116, at 3. Debtors also have filed new documents

---

[2] See ECF No. 140 (requesting an order setting aside the Confession of Judgment entered March 25, 2024); ECF No. 148 (requesting an order declaring the Confession of Judgment entered March 25, 2024, void or unenforceable); ECF No. 155 (requesting an order finding that Eastwood violated the discharge injunction); ECF No. 156 (seeking an order declaring Debtor's homestead exemption allowed and final).

containing inaccurate statements of law. In the document titled "Debtors' Supplemental Brief in Support of Motion for Sanctions for Discharge Injunction Violations," ECF No. 161, Debtors assert that the discharge injunction was violated by Eastwood's adversary proceeding and Rule 2004 examinations. Id. As explained in this Court's December 16, 2025 Order, ECF No. 166, actions taken in accordance with the Code, Rules of Bankruptcy Procedure, and Orders of this Court do not constitute violations of the automatic stay or discharge injunctions.

Debtors appear to have attempted to remedy their Rule 9011 violations by removing case citations, and Mr. Bryant showed contrition at the December 9 hearing. For these reasons, and considering Debtors' pro se status, the Court will not enter sanctions at this time. Nevertheless, as stated on the record at the hearing, Rule 9011 imposes requirements on all filers, including unrepresented parties, providing in relevant part:

> (b) Representations to the Court. By presenting to the court a . . . document . . . an . . . unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
>
> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;

4

>> (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence—or if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). Thus, filings are a Rule 9011 violation if they contain unwarranted or frivolous statements of law or repeat arguments on which the Court already has ruled,[3] regardless of whether the filings contain hallucinated case citations.[4] At the hearing on the Show Cause Order, the Court explained that if Debtors continue to file duplicative, repetitive, or frivolous motions, the Court will impose sanctions, which may include:

1) monetary sanctions;

2) requiring any filings made by Debtors to be signed by an attorney licensed to practice law;

---

[3] Although Rule 9011 applies equally to unrepresented parties, a court "must take into account . . . pro se status when determining whether the filing was reasonable." Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989). Nevertheless, sanctions are appropriate where a party continues to assert a claim that already has been litigated. Matter of Shibley, No. 18-68584-LRC, 2024 WL 4280793, *5 (Bankr. N.D. Ga. Sep. 24, 2024) (and cases cited therein).

[4] Artificial intelligence also may confirm incorrect assumptions by the user. See Anna Bashkirova & Dario Krpan, Confirmation bias in AI-assisted decision-making: AI triage recommendations congruent with expert judgments increase psychologist trust and recommendation acceptance, 2 Comput. in Hum. Behav. Artificial Humans *2, 3, 10-11 (2024) (explaining that "[c]onfirmation bias represents the tendency to search for information that confirms one's initial beliefs and ignore or distort data which contradicts them . . . . Automation bias denotes the propensity to favor and over-rely on the recommendations made by automated systems and aids (e.g., computers, AI chatbots and assistants, recommendation algorithms, decision-making software) when making decisions;" and further explaining that even skilled psychologists were more likely to accept and incorporate AI recommendations in their decision-making where it confirmed their preliminary diagnosis).

5

3) requiring Debtors to include with any filing, as an exhibit, printouts of all cases cited or quoted. With all relevant language cited or quoted highlighted, and with any noncompliant pleading struck without further consideration, and in consideration of further sanctions;

4) requiring Debtors to include with any filing, as an exhibit, cases where they believe their argument is supported by the law and printouts of the same. With all relevant language cited or quoted highlighted, and with any noncompliant pleading struck without further consideration, and in consideration of further sanctions;

5) limiting the length of filings to no more than 2,5000 words in length, including body text and footnotes but omitting captions and certifications and other non-substantive materials. Further certifications by Debtors regarding the length of Debtors' pleadings, and with any noncompliant pleading struck without further consideration, and in consideration of further sanctions.

Although, the Court declines to levy any sanctions against Debtors at this time, Debtors filings must comport with the Code and applicable bankruptcy rules going forward, or the Court will impose conditions and sanctions as set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the show cause hearing is concluded, subject to further action and orders as contemplated herein, or as otherwise may be considered appropriate by the Court.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-10147

```
John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                    Via CM/ECF

Clint S. Morse
Counsel for Eastwood                             Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370
```