**SO ORDERED.**

**SIGNED this 16th day of December, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

In re:                             )
                                   )
James Lawrence Bryant, Jr.,        )
Sharon Renea Bryant,               )          Chapter 7
                                   )          Case No. 25-10147
                                   )
        Debtors.                   )
_____)

**ORDER AVOIDING JUDICIAL LIEN**

This case came before the Court for hearing on December 9, 2025, on the Motion to Avoid Judicial Lien filed by James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Debtors") on November 12, 2025, ECF No. 116, the Response filed by Eastwood Construction Partners, LLC d/b/a Eastwood Homes ("Eastwood") on November 26, 2025, ECF No. 151, and the Reply filed by Debtors on December 1, 2025. ECF No. 154. At the hearing counsel for Eastwood and Debtors appeared. Debtors are proceeding <u>pro</u> <u>se</u>.[1] At the

---

[1] The Court must construe filings by <u>pro</u> <u>se</u> litigants liberally. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

1

conclusion of the hearing, the Court took this matter under advisement.  For the reasons stated herein the Court will grant Debtors' Motion to the extent provided herein.

**BACKGROUND**

On March 13, 2025, Debtors commenced this case by filing a voluntary petition under chapter 7 of title 11.  ECF No. 1.  On Schedule A/B, Debtors listed real property located at 5629 Siler Street, Trinity, NC (the "Real Property") with a value of $425,000.00.  Id. at 11.  On Schedule D, Debtors listed a claim held by Eastwood in the total amount of $150,000.00, secured by the Real Property.  Id. at 28.  Debtors also listed a claim held by Movement Mortgage in the total amount of $400,000.00 secured by the Real Property.  Id.  On November 12, 2025, Debtors filed the current Motion seeking to avoid Eastwood's judicial lien under 11 U.S.C. § 522(f).  ECF No. 116.  On November 26, 2025, Eastwood filed the Response, ECF No. 151, and on December 1, 2025, Debtors filed the Reply.  ECF No. 154.  On December 9, 2025, the Court conducted a hearing at which Debtor testified that he believed the fair market value of the Real Property on the petition date was $425,000.00.  ECF No. 159, at 01:13:30-01:13:45.  The Court took judicial notice that the 2025 tax assessment valued the Real Property at $345,250.00.

## DISCUSSION

Under § 522(f)(1)(A), "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—a judicial lien . . . ." 11 U.S.C. § 522(f)(1)(A).[2] "[A] lien shall be considered to impair an exemption to the extent that the sum of— (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522 (f)(2)(A). "Value" as used in § 522 means fair market value as of the petition date. 11 U.S.C. § 522(a)(2). While § 522(a)(2) applies to property valuations, "it is implicit that the nature and extent of a debtor's exemption rights [in valued property] are also determined as of the date of the petition." In re Phillips, 553 B.R. 536, 547 (Bankr. E.D.N.C. 2016) (alteration in original) (citation modified); see also In re Kennedy, No. 08-81687, 2016 WL 6649200, at *5 (Bankr. M.D.N.C.

---

[2] North Carolina has opted out of the federal exemptions provided by § 522(d). In re Powers, No. 14-06943-5-SWH, 2016 Bankr. LEXIS 2180, at *3 (Bankr. E.D.N.C. June 2, 2016) (citing N.C. Gen. Stat. § 1C-1601(f)). Under North Carolina law, a debtor may claim up to $35,000.00 as exempt in real property used as their principal residence. N.C. Gen. Stat. § 1C-1601(a)(1). In a joint bankruptcy case, this exemption is available to each codebtor.

Apr. 6, 2016) (collecting cases in which courts determined whether a lien impairs an exemption as of the petition date).

The debtor has the burden of establishing the fair market value of the real property. In re Ward, No. 16-05795-5-JNC, 2017 Bankr. LEXIS 2000, at *4 (Bankr. E.D.N.C. July 19, 2017) ("A homeowner's lay opinion of the value of his or her home has long been considered admissible evidence in assessing property value in North Carolina." (citing Lowe v. Bradford, 305 N.C. 366, 372 (1982) ("One with knowledge of value gained from experience, information and observation may give an opinion on the value of specific real property."))).

In this case, the parties dispute the total amount of the lien held by Movement Mortgage as well as the fair market value of the Real Property.[3]  ECF No. 151, at ¶ 11; ECF No. 154, at 2. Debtors stated in the Motion that the Real Property's fair market value is $435,000.00 subject to a lien held by Movement Mortgage with a current balance of $423,000.00. Id. at 1.  In the Response, Eastwood argues that the fair market value of the Real Property is $495,000.00 based solely on the fact that Debtor's previously listed the property at that amount.  ECF No. 151, ¶ 11.  Eastwood

---

[3] In the Motion, Debtors' incorrectly state that Eastwood's pending adversary proceeding, in which Eastwood has objected to the dischargeability of the debt underlying the judicial lien, becomes moot once the lien is avoided.  ECF No. 116, at 3.  As stated on the record at the hearing, avoidance of the lien and the dischargeability of the underlying debt are separate issues and the avoidance of the lien has no effect on the pending adversary proceeding.

further argued that the lien held by Movement Mortgage had a value on the petition date of $387,990.00.  Id.  Because the extent of exemption impairment is determined as of the petition date, the Court will apply the petition date value of the property and the lien of Movement Mortgage.  11 U.S.C. § 522(a)(2) (providing that, with respect to prepetition property, "'value' means fair market value as of the date of the filing of the petition").

Eastwood relies solely on the listing price Debtors used when listing the Real Property for sale in July of 2024 as indicative of the fair market value of the Real Property.  ECF No. 151, ¶ 11. Mr. Bryant testified at the hearing that this listing price did not represent what he thought the Real Property was worth.  ECF No. 159, at 01:12:20-01:13:40.  Instead, Debtor testified that he believed the actual fair market value of the property was around $425,000.00, which is the value Debtors stated on Schedules A/B. Id.; ECF No. 1, Schedule A/B: Property Part 1, ¶ 1.1.

The Court puts little weight in the prior listing price because homes routinely sell for substantially less than the listing price.  See, e.g., In re Strever, 468 B.R. 776, 781 (Bankr. D.S.C. 2012) ("this Court finds that active listings are not as reliable of an indication of value as arms length sales, as most properties likely sell for below the listing price"); In re Martin, No. 11-07600-JW, 2012 Bankr. LEXIS 1852, at *7 (Bankr. D.S.C. Apr. 25, 2012) ("The Court has similarly found that active listing

prices are also not the most reliable way to determine fair market value."). Debtor's lay opinion of the value of the real Property based on his own knowledge and experience is the best available evidence of the property's value. Therefore, the Court determines that the value of the Real Property as of the petition date is $425,000.00.

In its response, Eastwood contends that the amount owed under the judgment is $153,245.67 plus interest. ECF No. 151, ¶ 1.[4] Using the $150,000 base amount of the confession of judgment, the aggregate of the judgment, all other liens, and the amount of exemptions that Debtors could claim in the property is $607,990 ($387,990 first lien, plus $70,000 exemptions, plus $150,000 judgment), which exceeds the petition date value of the Debtors' interest in the Real Property by $182,990. Because this amount is greater than the amount of the judicial lien, the judicial lien impairs Debtors' exemptions under 11 U.S.C. § 522(f) and may be completely avoided under 11 U.S.C. § 522(f)(1). See In re Smith, 09-10282C-7G, ECF No. 66 (Bankr. M.D.N.C. Jul. 27, 2009) (applying the calculation mandated by § 522(f)(2)(A) and avoiding lien in its entirety).

---

[4] It is unclear from when Eastwood contends the interest on this amount runs—either the judgment date or from the petition date to the extent that the debt is determined to be non-dischargeable. ECF No. 151, at ¶ 1. The difference is immaterial to the calculation in this case because any additional interest would merely create additional impairment after the lien already is fully avoidable. Therefore, the Court will use the face amount of the confession of judgment, as Eastwood did in its response.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     Subject to paragraph 2 below, Eastwood's judicial lien is hereby avoided and cancelled as to the Real Property.

2.     Eastwood's judicial lien has no further force or effect as to the Real Property unless the case is dismissed and Eastwood's judicial lien is reinstated under 11 U.S.C.§ 349(b)(1).

3.     This order may not be recorded until such time as a final decree has been entered, but, absent further order of the Court, in no event may this order be recorded if the case is dismissed.

4.     The Clerk of Superior Court for Randolph County, North Carolina, is authorized to record in the office of said clerk a copy of this order and the order of discharge and final decree upon being presented with certified copies thereof.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-10147

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                    Via CM/ECF

Clint S. Morse
Counsel for Eastwood                             Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370