IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re:<br>JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,<br>Debtors. | ) | Case No. 25-10147<br>Chapter 7 |
| EASTWOOD CONSTRUCTION PARTNERS, LLC d/b/a EASTWOOD HOMES,<br>Plaintiff,<br>v.<br>JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,<br>Defendants | ) | Adversary Proceeding No. 25-02009 |

**EASTWOOD CONSTRUCTION PARTNERS, LLC'S RESPONSE TO DEBTORS' MOTION TO ENFORCE DISCHARGE INJUNCTION AND FOR ORDER TO SHOW CAUSE**

Eastwood Construction Partners, LLC d/b/a Eastwood Homes ("Eastwood") submits this Response to the Motion to Enforce Discharge Injunction and For Order to Show Cause (the "Show Cause Motion," ECF No. 183) of James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Defendants").

1. The present dispute shows, yet again, that the Debtors are vexatious litigants. The Motion to show cause should be denied.

2. On September 16, 2026, Mr. Bryant emailed undersigned counsel about two "active" judgments against Debtors in Randolph County Superior Court. A copy of the email correspondence is attached as **Exhibit 1** at 5-7.

3. In response, counsel for Eastwood sent Mr. Bryant the following message urging Mr. Bryant to review the North Carolina Clerk's Procedural Manual:

> Eastwood recognizes and honors the bankruptcy discharge and order avoiding the judicial lien.
>
> It appears to me that your dispute is with the Clerk of Court, not Eastwood. I am not your attorney and cannot provide you with legal advice. However, it may be worth reviewing the Clerk's procedure manual to see exactly the paperwork the Clerk is looking for from the bankruptcy court to get the judgment lien updates as you want.

Ex. 1 at 4.

4. Had Mr. Bryant reviewed the North Carolina Superior Court Clerk's Procedural Manual, he would have found the procedures for the clerk to enter and file the certificate of discharge. ***See* Exhibit 2.** He would have also found that it was not the duty of Eastwood, but the duty of the debtors to file the correct paperwork with the court. *See id.* at 22 ("The burden is on the debtor to bring to the clerk sufficient information for the clerk to be satisfied that specific judgments have been discharged. If the notice does not list specific judgments, the clerk should file it as a Registration.") (emphasis added).

5. Mr. Bryant responded to Eastwood's email and made no indication that he intended to review the Clerk's procedure manual. Ex. 1 at 3-4.

6. Counsel for Eastwood again urged Mr. Bryant to look at the Clerk's procedures manual. He stated:

> Eastwood is not trying to enforce any debts against you and it honors the discharge injunction and the Order Avoiding Judicial Lien.
>
> Again, your issue is with the Clerk of Court, not Eastwood. I do not know the exact procedure, that should be in the Clerk's Procedures Manual.
>
> But, I am sure that it is some version of taking the discharge order and the Order Avoiding Judicial Lien (that one is particularly important) to the Clerk's Office and

> filing the Order – you may need to file a copy of the order with the Register of Deeds, I do not know, but that might be something to ask the Clerk.
>
> Once the Order Avoiding the Judicial Lien is properly filed in whatever manner the Clerk tells you to file it, you should be able to ask the Clerk to identify the judgment lien as discharged in bankruptcy in the judgment lien index.
>
> Again, this is not Eastwood's obligation or responsibility. I kindly suggest that you please follow the proper procedures with the clerk's office.

See Ex. 1 at 2.

7. Mr. Bryant responded to Eastwood's email and again, made no indication that he intended to review the Clerk's procedure manual. Instead, he threatened to bring claims against Eastwood and/or its undersigned counsel.

> You, Katie, and Jamie have bigger potential problems. I am evaluating whether your post-December 2025 litigation conduct in the adversary proceeding warrants relief under 28 U.S.C. § 1927 or the Court's inherent authority, including recovery of excess out-of-pocket expenses directly caused by unnecessary proceedings.
>
> Before pursuing any such relief, I am giving you an opportunity to resolve the remaining expense issue voluntarily. My documented out-of-pocket expenses were incurred defending litigation that ultimately concluded with dismissal with prejudice.
>
> If counsel is willing to discuss reimbursement of those expenses, please advise within ten days. Otherwise, I will evaluate the appropriate procedural remedies based on the record and applicable law. **At this point, what do i have to lose**?

See Ex. 1 at 1-2 (emphasis added).

8. On September 18, 2026, the Bryants filed this Show Cause Motion. (ECF No. 183). In this Motion, Debtors have asked Eastwood to show cause why it refuses to take reasonable corrective action, and that the Court issue sanctions against Eastwood and award Debtors their expenses for bringing this Motion, among other requests for relief. *Id.* at 3.

9. Debtors' Show Cause Motion has no merits. According to the Clerk's Manual, it is not Eastwood's responsibility to provide paperwork (either the order of discharge, certificate of

discharge, or notice of discharge) to the clerk so that the clerk can file the certificate of discharge and enter a notation of the certificate on the judgment in compliance with N.C. Gen. Stat. §1-245. "The burden is on the debtor." *See* Ex. 2 at 22.

10. In short, there is no basis in law or fact for this motion. It is frivolous. Had Debtors simply followed the Clerk's Procedural Manual as counsel for Eastwood urged, this motion would never have been filed.

11. Given Debtors' repeated threats and history of vexatious litigation, Eastwood intends to file a Motion for Gatekeeping and Channeling Injunction contemporaneously with this filing.

12. Debtors cite *Johnson v. Cadles of Grassy Meadows II, LLC*, 466 B.R. 67, 69-70 (Bankr. Ed. Va. 2012) for the contention that affirmative correction action by the judgment creditor may be required when there was a discharged judgment reflected in the public records. However, Debtors failed to acknowledge that it was a Virginia statute that required the judgment creditor to "take some action to remedy this situation and should mark the judgment as 'discharged in bankruptcy.'" *See In re Johnson*, 466 B.R. 67, 69–70 (Bankr. E.D. Va. 2012). North Carolina law does not have such requirement.

13. Debtors' request that Eastwood take "corrective steps" in Randolph County Superior Court and that the Court issue sanctions against and exact fees from Eastwood should therefore be denied.

WHEREFORE, Eastwood respectfully requests that the Court enter an order:

1. Denying Debtors' Show Cause Motion; and

2. Granting such other and further relief as the Court deems just and proper.

This the 24th day of September, 2026.

/s/ Clint S. Morse

Clint S. Morse
NC Bar No. 38384
cmorse@brookspierce.com
Jamey M. Lowdermilk
NC Bar No. 52271
jlowdermilk@brookspierce.com
Katarina K. Wong
NC Bar No. 55040
kwong@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
230 North Elm Street, Suite 2000
Greensboro, NC 27401
Phone: 336.271.3167
Fax: 336.232.9167

*Attorneys for Creditor Eastwood Construction Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response to the Motion to Enforce Discharge Injunction and For Order to Show Cause served on all parties who have made an appearance in the above captioned bankruptcy case by filing with the Court's CM/ECF system and by mailing as shown below.

James Lawrence Bryant, Jr.
Sharon Renea Bryant
5629 Siler Street
Trinity, NC 27370
jlbryantjr11@gmail.com
srblackmon@hotmail.com

*Debtors via Email and First Class Mail*

John Paul Hughes Cournoyer

*Bankruptcy Administrator via CM/ECF*

Vicki L. Parrott
NORTHEN BLUE, LLP
1414 Raleigh Road, Suite 435
Chapel Hill, NC 27517
vlp@nbfirm.com

*Trustee via Email*

This the 24th day of September, 2026.

/s/ Clint S. Morse

# Exhibit 1

**Katie Wong**

---

| | |
|---|---|
| **From:** | Clint Morse |
| **Sent:** | Wednesday, September 16, 2026 5:10 PM |
| **To:** | James Bryant |
| **Cc:** | Katie Wong; Jamey M. Lowdermilk; James C. Adams, II |
| **Subject:** | RE: FINAL DEMAND – Notice of Potential Bankruptcy Contempt Proceedings – Randolph County Case No. 23CVS000867-750 |

Mr. Bryant,

We will defend our rights as necessary in response to any such filings.

Clint

Clint Morse

BROOKS PIERCE

t: 336.271.3152
f: 336.232.9152

230 North Elm Street, Suite 2000
Greensboro, NC 27401
P.O. Box 26000 (27420)

---

**From:** James Bryant <jlbryantjr11@gmail.com>
**Sent:** Wednesday, September 16, 2026 4:43 PM
**To:** Clint Morse <CMORSE@brookspierce.com>
**Cc:** Katie Wong <KWong@BrooksPierce.com>; Jamey M. Lowdermilk <JLowdermilk@BrooksPierce.com>; James C. Adams, II <JADAMS@brookspierce.com>
**Subject:** Re: FINAL DEMAND – Notice of Potential Bankruptcy Contempt Proceedings – Randolph County Case No. 23CVS000867-750

**This Message Is From an External Sender**

**This email originated from outside the firm. Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Counsel,

You, Katie, and Jamie have bigger potential problems. I am evaluating whether your post-December 2025 litigation conduct in the adversary proceeding warrants relief under 28 U.S.C. § 1927 or the Court's

inherent authority, including recovery of excess out-of-pocket expenses directly caused by unnecessary proceedings.

Before pursuing any such relief, I am giving you an opportunity to resolve the remaining expense issue voluntarily. My documented out-of-pocket expenses were incurred defending litigation that ultimately concluded with dismissal with prejudice.

If counsel is willing to discuss reimbursement of those expenses, please advise within ten days. Otherwise, I will evaluate the appropriate procedural remedies based on the record and applicable law. At this point, what do i have to lose?

Regards,
James L. Bryant, Jr

On Wed, Sep 16, 2026, 4:08 PM Clint Morse <CMORSE@brookspierce.com> wrote:

> Mr. Bryant,
>
> Eastwood is not trying to enforce any debts against you and it honors the discharge injunction and the Order Avoiding Judicial Lien.
>
> Again, your issue is with the Clerk of Court, not Eastwood. I do not know the exact procedure, that should be in the Clerk's Procedures Manual.
>
> But, I am sure that it is some version of taking the discharge order and the Order Avoiding Judicial Lien (that one is particularly important) to the Clerk's Office and filing the Order – you may need to file a copy of the order with the Register of Deeds, I do not know, but that might be something to ask the Clerk.
>
> Once the Order Avoiding the Judicial Lien is properly filed in whatever manner the Clerk tells you to file it, you should be able to ask the Clerk to identify the judgment lien as discharged in bankruptcy in the judgment lien index.
>
> Again, this is not Eastwood's obligation or responsibility. I kindly suggest that you please follow the proper procedures with the clerk's office.
>
> Thank you,

Clint

Clint Morse

BROOKS PIERCE

t: 336.271.3152
f: 336.232.9152

230 North Elm Street, Suite 2000
Greensboro, NC 27401
P.O. Box 26000 (27420)

---

**From:** James Bryant <jlbryantjr11@gmail.com>
**Sent:** Wednesday, September 16, 2026 3:55 PM
**To:** Clint Morse <CMORSE@brookspierce.com>
**Cc:** Katie Wong <KWong@BrooksPierce.com>; Jamey M. Lowdermilk <JLowdermilk@BrooksPierce.com>; James C. Adams, II <JADAMS@brookspierce.com>
**Subject:** Re: FINAL DEMAND – Notice of Potential Bankruptcy Contempt Proceedings – Randolph County Case No. 23CVS000867-750

**This Message Is From an External Sender**

**This email originated from outside the firm. Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Mr. Morse,

I know you are not my attorney. As you and your colleagues are aware, I represent myself extremely well and dont need one. If I did, it would not be from a firm who cant beat a pro se!

In any case, pass the message to Eastwood. They have 5 days to clean this up. If not, see you in court. I look forward to beating you again!

James Bryant

On Wed, Sep 16, 2026, 3:39 PM Clint Morse <CMORSE@brookspierce.com> wrote:

Mr. Bryant,

Eastwood recognizes and honors the bankruptcy discharge and order avoiding the judicial lien.

It appears to me that your dispute is with the Clerk of Court, not Eastwood. I am not your attorney and cannot provide you with legal advice. However, it may be worth reviewing the Clerk's procedure manual to see exactly the paperwork the Clerk is looking for from the bankruptcy court to get the judgment lien updates as you want.

Clint

Clint Morse

BROOKS PIERCE

t: 336.271.3152
f: 336.232.9152

230 North Elm Street, Suite 2000
Greensboro, NC 27401
P.O. Box 26000 (27420)

**From:** James Bryant <jlbryantjr11@gmail.com>
**Sent:** Wednesday, September 16, 2026 3:13 PM
**To:** Katie Wong <KWong@BrooksPierce.com>; Jamey M. Lowdermilk <JLowdermilk@BrooksPierce.com>; Clint Morse <CMORSE@brookspierce.com>; James C. Adams, II <JADAMS@brookspierce.com>
**Subject:** FINAL DEMAND – Notice of Potential Bankruptcy Contempt Proceedings – Randolph County Case No. 23CVS000867-750

**This Message Is From an External Sender**

**This email originated from outside the firm. Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Dear Counsel:

This matter has gone on long enough. You lost to an unrepresented party. Build a bridge and get over it!

Randolph County Superior Court Case No. **23CVS000867-750** continues to publicly reflect two money judgments in favor of Eastwood as **"Active"**:

- a **$3,245.67 judgment**, consisting of attorney's fees and court costs; and
- the **$150,000 Confession of Judgment**, together with the judgment lien previously asserted against our property.

Those public entries create the appearance that Eastwood continues to hold presently enforceable personal judgments against James L. Bryant, Jr. and Sharon R. Bryant.

That appearance is inconsistent with the subsequent bankruptcy proceedings.

The Bryants received Chapter 7 discharges. Under **11 U.S.C. § 524(a)(1)**, a bankruptcy discharge voids a judgment to the extent the judgment constitutes a determination of a debtor's personal liability on a discharged debt. Section 524(a)(2) further operates as an injunction against acts to collect, recover, or offset a discharged debt as the personal liability of the debtor.

Eastwood had actual and extensive notice of the bankruptcy. Indeed, Eastwood filed and litigated an adversary proceeding specifically seeking to have the **$150,000 Confession of Judgment** declared nondischargeable under 11 U.S.C. § 523(a)(6). Eastwood later sought voluntary dismissal of that proceeding, and on September 9, 2026, the Bankruptcy Court dismissed it **with prejudice**. Eastwood itself identified the $150,000 obligation as the debt it sought to preserve from discharge.

The Bankruptcy Court also separately entered an order avoiding Eastwood's judicial lien.

Accordingly, Eastwood is now expressly placed on notice that the continued public designation of these judgments as **"Active"** creates a facially misleading impression concerning their present enforceability.

North Carolina law specifically provides a mechanism for judgments discharged through bankruptcy to be annotated on the state judgment record. N.C.G.S. § 1-245 directs the clerk to place a notation on qualifying judgments reflecting the bankruptcy discharge.

I have contacted the Randolph County Clerk regarding correction of these judgment records. I have also previously requested Eastwood's cooperation. The issue remains unresolved.

This letter therefore constitutes a **final demand and formal notice** to Eastwood.

Within five **(5) days** of this letter, Eastwood should:

1. Take all reasonable and legally appropriate steps necessary to cause **both judgment entries** in Case No. 23CVS000867-750 to accurately reflect their status following the bankruptcy discharge;
2. Execute and file any acknowledgment, release, consent filing, satisfaction to the extent legally appropriate, or other document necessary to prevent either judgment from continuing to appear as a presently enforceable personal obligation;
3. Take appropriate action to ensure that the state-court record reflects that Eastwood's **judicial lien associated with the $150,000 judgment was avoided by order of the Bankruptcy Court**;
4. Confirm in writing that Eastwood does not contend that the $150,000 judgment remains enforceable against either debtor as a personal obligation;
5. State whether Eastwood contends that the separate **$3,245.67 judgment** survived the bankruptcy discharge. If Eastwood takes that position, please identify specifically the legal and factual basis upon which Eastwood contends that judgment remains enforceable; and
6. Provide written confirmation of the actions Eastwood intends to take to resolve both judgment entries.

If Eastwood declines to cooperate, the Bryants will seek appropriate relief in the **Randolph County Superior Court**, including relief under **N.C. Rule of Civil Procedure 60(b)(5)** and other applicable authority based upon the bankruptcy discharge and related federal orders.

In addition, the Bryants expressly reserve the right to seek relief in the **United States Bankruptcy Court**, including a motion to enforce the discharge injunction and, where supported by the facts and applicable law, **civil contempt relief under 11 U.S.C. §§ 105(a) and 524(a)**.

The Supreme Court has held that civil contempt may be imposed for violation of a bankruptcy discharge where there is **"no fair ground of doubt"** as to whether the discharge barred the creditor's conduct. *Taggart v. Lorenzen*, 587 U.S. 554 (2019). Courts routinely use § 105(a) and civil contempt to enforce the § 524 discharge injunction where a creditor treats a discharged debt as continuing to be owed or fails to comply with an obligation to release an invalid lien or collection mechanism.

This letter is intended to eliminate any question concerning Eastwood's knowledge of the issue. Eastwood has now been specifically notified that these judgment entries continue to appear publicly

as "Active" despite the bankruptcy discharge, lien-avoidance order, and dismissal with prejudice of Eastwood's nondischargeability action.

If Eastwood takes the position that maintaining either judgment in its present "Active" posture is legally permissible, then please state that position clearly and identify the authority upon which Eastwood relies.

If Eastwood instead agrees that these records should be corrected, then there is no reason for further litigation. Cooperate in correcting them.

The Bryants are not attempting to reopen the parties' underlying dispute. We are attempting to **end it completely** and ensure that the public record accurately reflects the legal consequences of the bankruptcy proceedings.

The federal adversary proceeding is over. The discharge has been entered. The judicial lien has been avoided. Eastwood's nondischargeability claim was dismissed with prejudice.

**It is time to close the remaining state-court record issues and move on.**

Please provide Eastwood's written response within five (5) days.

Sincerely,

**James L. Bryant, Jr.**
**Sharon R. Bryant**

**Confidentiality Notice:**

The information contained in this e-mail transmittal is privileged and confidential intended for the addressee only. If you are neither the intended recipient nor the employee or agent responsible for delivering this e-mail to the intended recipient, any disclosure of this information in any way or taking of any action in reliance on this information is strictly prohibited. If you have received this e-mail in error, please notify the person transmitting the information immediately.

This email has been scanned for viruses and malware by Mimecast Ltd.

# Exhibit 2

Chapter 3

# Docketing, Crediting, and Canceling Judgments

PRINT: MANUAL CHAPTER

Author: Ann M. Anderson
Updated through January 1, 2022

## I. Docketing Judgments

A. General.

1. The purpose of docketing a judgment is to secure a lien against land that a party (usually the defendant) owns in the county of docketing. Docketing also gives notice of the existence of the lien to third parties. *Hinnant v. Philips*, 184 N.C. App. 241, 246 (2007); *see also Jones v. Currie*, 190 N.C. 260, 263 (1925).

**Practice Note.**

- Clerks should be extremely careful about docketing, crediting, and canceling judgments because the failure to properly carry out these duties is one of the most common situations for which clerks are held liable. These duties are considered ministerial acts to which judicial immunity does not apply. See "Liability of the Clerk," *The Office of the Clerk*, Chapter 4.
- It is important for the clerk to read the relief portion of every judgment entered to make sure that the clerk properly dockets and follows the directions of the judgment.

2. The clerk is the statutory agent of the owner of the judgment (the judgment creditor). *Kendrick v. Cain*, 272 N.C. 719, 722 (1968).

3. Docketing is neither essential to the validity of the judgment "nor a precedent requisite to an enforcement by final process." *Jones v. Currie*, 190 N.C. 260, 263 (1925) (quoting *Lytle v. Lytle*, 94 N.C. 683, 686 (1886)).

B. Judgments that must be docketed.

1. Money judgments.

a. Upon entry under G.S. 1A-1, Rule 58, a judgment of the superior or district court

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

court of the county where the judgment was entered. G.S. 1-233, -234. The judgment may be docketed on the judgment docket of the court of any other county by filing a transcript of the original docket with the clerk in that county. G.S. 1-234

**Practice Note.** An award of costs against a defendant is a judgment requiring in part the payment of money. So, for docketing purposes, upon entry of a small claims judgment for possession of personal property with costs taxed to defendant, for example, the only portion of the judgment requiring docketing is the judgment for costs.

b. The judgment must require that the payment of a specific sum is due at the present time.

i. A child support order is not a judgment for the payment of money because it is a conditional order for payment in the future. However, a judgment reducing past-due child support to a specific amount (child support arrears) must be docketed. G.S. 50-13.4(f)(8). *See also* Op. N.C. Att'y Gen. (Apr. 21, 1977), https://ncdoj.gov/opinions/judgments-child-support-alimony-recordation/.

ii. A confession of judgment agreeing to pay money *in the future* is not a judgment requiring the payment of money.

iii. An equitable distribution (ED) judgment that directs one party to pay a sum of money to the other on the condition of some act is not docketed. Note, however, that an ED judgment that includes an unconditional distributive award is a judgment directing the payment of money and should be docketed pursuant to G.S. 1-234. *See Romulus v. Romulus*, 216 N.C. App. 28, 33 (2011) (an ED judgment that orders payment of a distributive award by periodic payments is a judgment directing the payment of money under G.S. 1-289 and, therefore, is subject to enforcement through execution).

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

a. Upon entry under G.S. 1A-1, Rule 58, a judgment of the superior or district court affecting title to real property must be indexed and recorded by the clerk on the judgment docket of the court of the county where the judgment was entered. G.S. 1-233, -234. The judgment may be docketed on the judgment docket of the court of any other county by filing a transcript of the original docket with the clerk in that county. G.S. 1-234.

i. Examples of judgments that would affect title to real property include

(A) a judgment in an action to quiet title,

(B) a public or private condemnation judgment,

(C) an actual partition, and

(D) a judgment setting aside a deed for undue influence.

ii. Below are examples of judgments that do not affect title.

(A) A judgment entered in an equitable distribution (ED) case in which the judge directs one party to transfer title to real property to another party does not affect title to real property, so it is not docketed pursuant to G.S. 1-233. Similarly, if the judge, pursuant to G.S. 1A-1, Rule 70, enters an order directing a third person to perform the act of signing a deed to property, the judge's order is not docketed. However, once the third person signs the deed, it must be registered with the Register of Deeds. Note that an ED judgment that actually transfers title to real property should be docketed by the clerk; in such cases, the judgment will contain a legal description of the real property.

(B) Judgments in summary ejectment cases that award

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

should not be docketed because they do not "affect the title to real property."

C. Special statutes ordering docketing. Clerks must also docket certain other judgments if those judgments award money or affect title to real property or if statutes otherwise require docketing. Examples of these types of judgments are provided in the subsections below.

1. Federal court judgments. Judgments of the United States district courts of North Carolina may be docketed in North Carolina state courts. G.S. 1-237.

**Practice Note.**

- This means that the clerk, upon request, must docket United States district court judgments rendered in North Carolina. The purpose of docketing federal judgments is to create a lien on the real property of the judgment debtor located in the county of docketing. *See* G.S. 1-237.
- Upon docketing, the judgment becomes a lien and has all the rights, force, and effect of a judgment of the superior court of the county where it is docketed. G.S. 1-237. The federal court in which the judgment was entered must issue any execution to the U.S. marshal. The clerk of superior court should not issue an execution.

2. "Foreign" judgments (judgments of other states and of federal courts outside of North Carolina). G.S. 1C-1701 *et seq.* set out a procedure for filing and docketing judgments from other states and federal courts. See Section VIII, below. These judgments can be enforced by a writ of execution issued by the clerk to the sheriff. The procedure set out in these statutes is the most common method of enforcing these judgments in North Carolina.

3. Foreign country money judgments. G.S. 1C-1850 *et seq.* set out a procedure for the enforcement of certain money judgments from foreign countries. See Section IX, below.

4. Occupational Safety and Health Act (OSHA) orders. The North Carolina Commissioner of Labor may file a certified copy of an order assessing a civil penalty against an employer for an OSHA violation with the clerk; the clerk must then enter judgment in accordance with the order. The judgment must then be docketed and indexed. G.S. 95-141.

5. Employment security orders. The North Carolina

## Sections


I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

contributions owed by an employer. The clerk must docket and index the order. Once docketed, the order has the same force and effect as a judgment rendered by the superior court. G.S. 96-4(s).

6. Workers' compensation awards. The North Carolina Industrial Commission may file a certified copy of an award or of a Certificate of Accrued Arrearages with the clerk, who must then docket and index the award as a judgment. The principal draws interest at the judgment rate from the date of docketing and may be enforced in the same manner as a judgment. G.S. 97-87.

7. Crime Victims' Rights Act restitution.

   a. The Crime Victims' Rights Act is found in G.S. Chapter 15A, Article 46. A "victim," as defined in G.S. 15A-830(7), has the right to receive restitution as ordered by the court pursuant to G.S. Chapter 15A, Article 81C. G.S. 15A-834. Other rights of a victim of crime are set out in G.S. 15A-830.5, *added by* S.L. 2019-216, sec. 3, effective Aug. 31, 2019, applicable to offenses and acts of delinquency committed on or after that date.

   b. If a defendant is being sentenced for an offense for which the victim is entitled to restitution under the Crime Victims' Rights Act, an order for restitution in excess of $250 shall be docketed and indexed in the county of the original conviction in the same manner as a civil judgment pursuant to G.S. 1-233 *et seq.* and may be docketed in any other county pursuant to G.S. 1-234. G.S. 15A-1340.38(a), (b). The judgment may be collected in the same manner as a civil judgment unless the order to pay restitution is a condition of probation. G.S. 15A-1340.38(b).

   c. If the order to pay restitution is a condition of probation, the judgment may only be executed upon in accordance with the requirements of G.S. 15A-1340.38(c). G.S. 15A-1340.38(b).

      i. When restitution is a condition of probation, execution may not issue upon the property of the defendant until the date on which the clerk in the county of the original conviction is notified that (a) the judge presiding at

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

restitution in a sum certain remains due and payable, (b) the defendant's probation has been terminated or revoked, and (c) the remaining balance of restitution owing may be collected by execution on the judgment. G.S. 15A-1340.38(c).

ii. Once the clerk is notified that the judge finds that restitution is due and payable, the clerk must enter on the judgment docket the amount of restitution that remains due on the judgment, together with amounts equal to the standard fees for docketing, copying, certifying, and mailing, as appropriate, and shall collect any other fees or charges incurred as in the enforcement of other civil judgments, including accrued interest. G.S. 15A-1340.38(c).

(A) Interest accrues at the legal rate pursuant to G.S. 24-5 (currently 8 percent under G.S. 24-1) from the date of entry of the order, referenced in Section I.C.7.c.i., above, terminating or revoking probation and finding the amount remaining due and payable. G.S. 15A-1340.38(c).

iii. The clerk must notify the victim by first-class mail at the victim's last known address of the amount of the judgment and that a writ of execution may be issued. G.S. 15A-1340.38(c).

iv. Until the clerk receives notification of termination or revocation of probation and the amount that remains due and payable on the order of restitution, the clerk shall not be required to update the judgment docket to reflect partial payments on the order of restitution as a condition of probation. G.S. 15A-1340.38(c).

d. If restitution is docketed as a civil judgment and payment is made on the civil judgment, the clerk must also credit the payment against the restitution order in the criminal case. Similarly, a payment toward restitution in the criminal case must be credited against the civil judgment. G.S. 15A-1340.38(c).

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

**Resource.** James M. Markham, *Restitution*, ADMIN. OF JUST. BULL. NO. 2020/01 (UNC School of Government, July 2020).

8. Attorney fees judgment for indigent criminal defendants.

   a. When a judge enters an attorney fees judgment against an indigent criminal defendant who has been given court-appointed counsel, the clerk must docket and index the judgment as a civil judgment when the conviction becomes final if the defendant is not ordered, as a condition of probation, to pay the State for costs of representation or when the defendant's probation is revoked, terminated, or expires, and then only in the amount still owing. G.S. 7A-455(c), *amended by* S.L. 2013-41, sec.1, effective May 2, 2013.

   b. Because an attorney fees judgment is not subject to the statute of limitations, it can be enforced more than ten years after entry. *See Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co.*, 332 N.C. 1, 8 (1992) (statutes of limitation are not applicable to the State, or to a political subdivision of the State, when it is pursuing a governmental purpose unless the relevant statute expressly includes the State).

9. Costs and fines in criminal actions. Under G.S. 15A-1365,"[w]hen a defendant has defaulted in payment of a fine or costs, the judge may order that the judgment be docketed. Upon being docketed, the judgment becomes a lien on the real estate of the defendant in the same manner as do judgments in civil actions."

10. Certificate of Taxes as Judgment. G.S. 105-375 allows a taxing unit to direct the tax collector to file with the clerk for docketing a Certificate of Taxes as Judgment as part of an in rem foreclosure proceeding. The statute sets forth the procedure.

11. Attorney discipline and related orders. Final judgments of censure, suspension, and disbarment, and final determinations of attorney incapacity or disability, issued by the State Bar Grievance Committee or disciplinary hearing commission shall be entered on the judgment docket of the superior court. G.S. 84-32(a).

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

Commission. G.S. 93A-6(h).

13. A final award of the Industrial Commission awarding damages on a counterclaim filed on behalf of a State department, institution, or agency or a county or city board of education must be docketed and is enforceable in the same manner as a judgment of the General Court of Justice. G.S. 143-291.3.

D. When judgments must be docketed.

1. A judgment must be docketed after it is entered.

2. A judgment is entered when **all three** of the following requirements are met:

   a. It is reduced to writing.

   b. It is signed by the judge (or relevant presiding judicial officer).

   c. It is filed with the clerk pursuant to G.S. 1A-1, Rule 5. G. S. 1A-1, Rule 58. Refer to "Entry of Judgment: Rule 58," *Civil*, Chapter 4.

E. What is required to docket a judgment.

1. The clerk must index and record the judgment. G.S. 1-234.

2. Under G.S. 1-233, the docket entry must contain the following information:

   a. the file number for the case;

   b. the names of the parties;

   c. the address, if known, of each party against whom judgment is rendered;

   **Practice Note.**

   - Sometimes, particularly in confessions of judgment, the defendant's address is not listed. [Note that G.S. 1A-1, Rule 68.1, governing confessions of judgment, does not expressly require an address.] Although the clerk is not required to determine the defendant's address, the clerk can avoid problems when trying to execute on the judgment or determine who is the true judgment debtor if the clerk has the plaintiff provide the defendant's address at the time of filing the confession of judgment.



Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

finality, or priority of the judgment docketed.

d. the relief granted;

e. the date, hour, and minute of the entry of judgment under G.S. 1A-1, Rule 58; and

f. the date, hour, and minute of the indexing of the judgment (this information is automatically entered into the state's Civil Case Processing System, called VCAP; the time of abstracting is also automatically recorded in VCAP).

3. The clerk must keep a cross-index of the whole, complete with dates and file numbers. G.S. 1-233.

a. The judgment index must list the names of all of the judgment debtors. *Hahn v. Mosely*, 119 N.C. 73, 75 (1896); *Dewey v. Sugg*, 109 N.C. 328, 334 (1891).

b. The judgment index is considered sufficient if it lists only one of the judgment creditors. *Hahn v. Mosely*, 119 N.C. 73, 76 (1896).

c. A judgment index was found insufficient when it listed the wrong last name for the plaintiff. *Jones v. Currie*, 190 N.C. 260, 265 (1925).

F. Consequences of docketing.

1. Docketing a judgment creates a lien on the real property of the debtor(s) in the county where the judgment is docketed. G.S. 1-234.

a. The lien **does attach** to tenancy-by-entirety property if both spouses are judgment debtors. *Johnson v. Leavitt*, 188 N.C. 682, 685 (1924); *Martin v. Lewis*, 187 N.C. 473, 477 (1924). The lien **does not attach** to tenancy-by-entirety property if only one spouse is the judgment debtor. *Johnson v. Leavitt*, 188 N.C. 682, 685 (1924); *Finch v. Cecil*, 170 N.C. 72, 73 (1915).

2. For judgments entered on or after September 1, 2003, the judgment lien is effective as against third parties from and after the indexing of the judgment as provided in G.S. 1-233. G.S. 1-234; *Hinnant v. Philips*, 184 N.C. App. 241, 245–46 (2007) (a judgment docketed pursuant to G.S. 1-233 created a lien effective against third parties, and

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

3. The lien applies to all real property belonging to the judgment debtor at the time the judgment is docketed and to any property acquired by the judgment debtor within ten years from the date of entry of the judgment under G.S. 1A-1, Rule 58. G.S. 1-234. For judgments entered on or before September 1, 2003, the judgment lien applies to property acquired within ten years of rendition of the judgment.

   a. If there has been an injunction, restraining order, or statute prohibiting enforcement of a judgment, the period of the stay of enforcement does not count in determining the ten-year period. G.S. 1-234. The statute of limitations on judgments is suspended on property claimed as exempt if the judgment creditor recorded a copy of the order designating exempt property in the register of deeds office where the exempt real property is located. G.S. 1C-1604(a1).

4. Docketing does not create a lien against personal property.

G. Clerk's liability for failure to index and record judgment. Refer to "Liability of the Clerk," *The Office of the Clerk*, Chapter 4, for tips on how to limit potential liability.

1. **The clerk may be held liable for failure to docket, or for improperly docketing, a judgment, including docketing a judgment when it should not have been docketed.**

2. For the clerk to be held liable, the creditor must show some damages. *Darden v. Blount*, 126 N.C. 247, 251 (1900). In other words, the creditor must show that (a) the debtor owned real property to which the lien would have attached had the judgment been properly docketed; (b) by the time the improper docketing was corrected, the debtor had disposed of that property or other liens had been placed on it; and (c) the judgment debtor had no other property out of which to satisfy the judgment. *See Young v. Connelly*, 112 N.C. 646, 651 (1893).

H. Transcript of judgment.

1. Upon the request of the judgment creditor and payment of the statutory fee, a transcript of the judgment may be sent electronically from the county in which it was entered and originally docketed to any other county in North Carolina. *See* G.S. 1-234.

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

**Practice Note.** In order to eliminate any dispute about whether (1) the judgment was transcripted against the requested party and (2) the transcript was sent to the requested county, it is good practice for the clerk to obtain a written request for a transcript and to place that request in the file.

2. How transcripted.

   a. The clerk in the original county (where the judgment was entered) electronically sends a transcript of the original docket to the other county (as listed in the transcript request). G.S. 1-234.

      **Practice Note.** The clerk in the receiving county does not have to do anything. The judgment will automatically appear on the Judgments Index in the second county.

   b. The judgment becomes a lien against all real property owned by the judgment debtor in that county. G.S. 1-234.

3. A writ of execution cannot be issued to the sheriff of a county until the judgment has been docketed (by transcript) in that county. G.S. 1-308.

## Partial Payments on Judgments

A. Clerk to whom payments must be made. The clerk of the county in which the judgment was rendered is the only clerk who can receive payments on a money judgment. *See* G.S. 1-239(a)(1).

B. Because the clerk has no authority to take a payment when there is an execution in the hands of the sheriff, the clerk must make sure that no execution is outstanding when the judgment debtor seeks to make a payment to the clerk. *Bynum v. Barefoot*, 75 N.C. 576, 576 (1876). If execution is outstanding, payment must be made to the sheriff. Note: *Bynum* is a very old case and has not been cited in subsequent case law in the more than 140 years since its publication. Because it has not been overruled, however, it appears to be the existing law.

   1. Crediting of proceeds received from an execution sale. When proceeds that result from a levy and execution sale pursuant to G.S. Chapter 1, Article 29B are **paid by the sheriff to the clerk**, the clerk must credit and apply the payment to the judgment as of the date the proceeds are received by the clerk. G.S. 1-239(d).

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

**sheriff** pursuant to levy under execution without an execution sale, the funds must be credited and applied as of the date the funds are collected by the sheriff. G.S. 1-239(d).

3. For further information on writs of execution, refer to "Writs of Execution," *Civil*, Chapter 9.

C. Form of payments. Payments may be made in cash, by money order, or by check.

**Practice Note.** Many clerks will accept certified bank checks, cashier's checks, or attorney trust account checks. Most clerks will not accept personal checks.

D. The clerk cannot refuse to accept a partial payment by a judgment debtor or a judgment creditor's notice of receipt of partial payment. G.S. 1-239(a)(1) (speaking to partial payment by a judgment debtor); 1-239(c) (requiring judgment creditor to give notice to clerk of any payment made to the judgment creditor); *Webb v. McKeel*, 144 N.C. App. 381, 383 (under G.S. 1-239, partial payments are acceptable), *review denied*, 354 N.C. 371 (2001).

E. Applying partial payments. The clerk should apply partial payments to interest first and then to principal. *Morley v. Morley*, 102 N.C. App. 713, 716 (1991); 44B AM. JUR. 2D *Interest and Usury* § 56 (2007, updated 2021). No case indicates when civil court costs are supposed to be paid, but the practice is to pay court costs first and then interest and principal. The state's Civil Case Processing System, called VCAP, is set up according to this practice. (One statute that sets out priority in specific civil actions provides that costs are paid first. *See* G.S. 97-10.2(f)(1)a. (Workers' Compensation Act).)

F. Clerk's duties upon receiving partial payment on the judgment.

1. The clerk must give the party making the payment a receipt showing the date and amount of the payment and identifying the judgment. G.S. 1-239(a)(2).

2. The clerk must note receipt of the payment on the judgment docket. G.S. 1-239(a)(2).

a. If the payment is made by check and the check is not finally paid by the drawee bank (e.g., the check is returned for insufficient funds), the clerk must cancel the notation of receipt on the judgment docket and return the check to the party who tendered it. G.S. 1-239(a)(2).

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

returned by the bank and instead may be "returned" by electronic notification. For clerks not accepting personal checks, returned checks are unlikely.

3. Notice of receipt of partial payment.

   a. Within seven days of receipt of partial payment, the clerk must give notice of payment to the judgment creditor's attorney of record or, if none, to the judgment creditor. G.S. 1-239(b). The notice is usually given by mail, but AOC-CV-410, Notice Payment On Judgment, provides the option to give notice in person.

      i. If payment is made in cash, notice provided for in G.S. 1-239(b) must be given upon receipt of the cash. G.S. 1-239(a)(3).

      ii. If payment is made by check, notice provided for in G.S. 1-239(b) must be given when the check is paid by the drawee (payor) bank. G.S. 1-239(a)(3).

      **Practice Note.** Because the clerk may not know when the drawee bank pays the check, some clerks will wait ten days after the check is deposited in the clerk's bank account before giving notice provided for in G.S. 1-239(b) in order to give the check time to clear the drawee bank. Modern electronic banking practices may make it easier for clerks to determine when a bank has made payment, thus eliminating some of the delay.

      **Form.** AOC-CV-410, Notice Payment On Judgment, may be used as the receipt of partial payment required by G.S. 1-239(a)(2) and as the notice of partial payment required by G.S. 1-239(b).

4. Payment to judgment creditor of partial payments received by the clerk.

   a. Whether the check is sent to the attorney of record or to the judgment creditor, the clerk must make the check payable to the judgment creditor. The clerk is the agent of the judgment creditor in receiving payments on a judgment, and there is no authority to

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

creditor's attorney or to the judgment creditor and attorney jointly.

b. If the judgment creditor's attorney of record comes to the clerk's office to collect the partial payment, the clerk may give the payment, made payable to the judgment creditor, to the attorney of record, whether or not the notice of receipt of payment was sent, because the attorney of record can waive the right to receive notice. G.S. 1-239(b).

**Practice Note.** If the clerk does not know the attorney of record, the clerk should require proper photo identification and confirm that the attorney is the attorney of record.

c. If there is an attorney of record, the clerk may not pay the judgment creditor directly until at least seven days after the written notice of receipt of payment was given by mail or in person to the attorney of record. G.S. 1-239(b).

d. If there is no attorney of record, or if at least seven days have passed since written notice of receipt of payment was given by mail to the attorney of record, the clerk may issue a check to a judgment creditor who comes to the clerk's office.

**Practice Note.** If the clerk does not know the judgment creditor, the clerk should require proper photo identification.

e. If at least seven days have passed since written notice of receipt of payment was given by mail or in person to the attorney of record or, if none, to the judgment creditor, and if neither has come for the payment, the clerk can mail the payment to the judgment creditor or attorney of record. The check must be made payable to the judgment creditor.

f. Upon receipt of a partial payment in cash, most clerks immediately mail a check, made payable to the judgment creditor, for the partial payment. (If the clerk has accepted a check for payment, the clerk should not issue a check to the creditor or attorney until the debtor's check has cleared.)

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

III. A. Clerk to whom payments must be made. The only clerk who can receive payments on a money judgment is the clerk of the county in which the judgment was rendered. *See* G.S. 1-239(a)(1).

B. Form of payments. Payments may be made in cash or by check. If a check is accepted, the clerk should not send notice of payment or issue a check to the creditor until the debtor's check clears the bank. *See* G.S. 1-239(a)(2).

C. The clerk must make sure that no execution is outstanding when the judgment debtor seeks to make a payment to the clerk, because the clerk has no authority to take a payment when there is an execution in the hands of the sheriff. *Bynum v. Barefoot*, 75 N.C. 576, 576 (1876). Note: *Bynum* is a very old case and has not been cited in subsequent case law in the more than 140 years since its publication. Because it has not been overruled, however, it appears to be the existing law.

1. Crediting of proceeds received from an execution sale. When proceeds that result from a levy and execution sale pursuant to G.S. Chapter 1, Article 29B are **paid by the sheriff to the clerk**, the clerk must credit and apply the payment to the judgment as of the date the proceeds are received by the clerk. G.S. 1-239(d).

2. Crediting of funds received without an execution sale. When funds are **returned to the clerk by the sheriff** pursuant to levy under execution without an execution sale, the funds must be credited and applied as of the date the funds are collected by the sheriff. G.S. 1-239(d).

3. For further information on writs of execution, refer to "Writs of Execution," *Civil*, Chapter 9.

D. Clerk's duties upon receiving full payment on the judgment.

1. The clerk must give the party making the payment a receipt showing the date and amount of the payment and identifying the judgment. G.S. 1-239(a)(2).

2. The clerk must note the payment on the judgment docket. G.S. 1-239(a)(2).

a. If the payment is made by check and the check is not finally paid by the drawee bank (e.g., the check is returned for insufficient funds), the clerk must cancel the notation of receipt on the judgment docket and return the check to the party who tendered it. G.S.

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

**Practice Note.** In electronic banking practice, the check may not be physically returned by the bank and instead may be "returned" by electronic notification. For clerks not accepting personal checks, returned checks are unlikely.

3. Notice of receipt of full payment.

a. The clerk must give notice of payment to the judgment creditor's attorney of record or, if none, to the judgment creditor within seven days of receipt of full payment. G.S. 1-239(b). The notice is usually given by mail, but AOC-CV-410, Notice Payment On Judgment, provides that it may also be given in person.

i. If payment is made in cash, notice provided for in G.S. 1-239(b) must be given upon receipt of the cash. G.S. 1-239(a)(3).

ii. If payment is made by check, notice provided for in G.S. 1-239(b) must be given when the check is paid by the drawee (payor) bank. G.S. 1-239(a)(3).

**Practice Note.** Because the clerk may not know when the drawee bank pays the check, some clerks will wait ten days after the check is deposited in the clerk's bank account before giving notice provided for in G.S. 1-239(b) in order to give the check time to clear the drawee bank. Modern electronic banking practices may make it easier for clerks to determine when a bank has made payment, thus eliminating some of the delay.

b. The notice must include the words "Judgment Paid In Full." G.S. 1-239(a)(3).

**Form.** AOC-CV-410, Notice Payment On Judgment.

4. Payment to the judgment creditor.

a. Whether the check is sent to the attorney of record or to the judgment creditor, the clerk must make the check payable to the judgment creditor. The clerk is the agent of the judgment creditor in receiving payments on a judgment, and there is no authority to make the check payable to the judgment

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

b. If the judgment creditor's attorney of record comes to the clerk's office to collect the full payment, the clerk may give the payment, made payable to the judgment creditor, to the attorney of record whether or not the notice of receipt of payment was sent, because the attorney of record can waive the right to receive notice. G.S. 1-239(b).

**Practice Note.**

- If the clerk does not know the attorney of record, the clerk should require proper photo identification and confirm that the attorney is the attorney of record.
- Some clerks ask the attorney of record to complete AOC-CV-413, Certificate Of Payment/Satisfaction Of Judgment By Judgment Creditor. However, even if this form is not completed, G.S. 1-239(a)(5) provides that if the judgment creditor's attorney or the judgment creditor does not dispute that payment is in full when collecting the payment, the clerk marks the judgment "Paid and Satisfied In Full" on the judgment docket.

c. If there is an attorney of record, the clerk may not pay the judgment creditor directly until at least seven days after the written notice of receipt of payment was given by mail or in person to the attorney of record. G.S. 1-239(b).

d. If there is no attorney of record, or if at least seven days have passed since written notice of receipt of payment was given by mail to the attorney of record, the clerk may issue a check to a judgment creditor who comes to the clerk's office.

**Practice Note.**

- If the clerk does not know the judgment creditor, the clerk should require proper photo identification.
- Some clerks ask the judgment creditor to complete AOC-CV-413, Certificate Of Payment/Satisfaction Of Judgment By Judgment Creditor. However, even if this form is not completed, G.S. 1-239(a)(5) provides that if the judgment creditor's attorney or the judgment creditor does not dispute that payment is in full when

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

the judgment "Paid and Satisfied In Full" on the judgment docket.



e. If at least ten days have passed since notice of payment in full was sent to the attorney of record or, if none, to the judgment creditor pursuant to G.S. 1-239(b), and if neither has come for the payment nor notified the clerk that the judgment creditor disputes that it is payment in full, the clerk should mail the payment, made payable to the judgment creditor, to the judgment creditor or attorney of record and mark the judgment "Paid And Satisfied In Full." The clerk must also forward a certificate of payment in full to the clerk in each county to which a transcript of the judgment has been sent. G.S. 1-239(a)(5).

**Practice Note.** Some clerks also send AOC-CV-413, Certificate Of Payment/Satisfaction Of Judgment By Judgment Creditor.

f. If at the time the attorney of record or judgment creditor collects the money, or if within ten days after notice of full payment was given, the judgment creditor or attorney of record notifies the clerk that the judgment creditor disputes payment in full, the clerk must schedule a hearing under G.S. 1-242. G.S. 1-239(a)(6). See Section VII, below.

E. Issues with payment to clerk.

1. Can the clerk accept payment after judgment is entered but before the time for appeal has run? Yes. The clerk must accept payment in this instance.

2. Can the clerk accept payment from the judgment debtor before the judgment is entered? No. In some cases the judgment debtor (or insurance company) wishes to pay the judgment before the judgment is entered to avoid having a judgment docketed. If the parties present a judgment for money owed to be filed and payment by the judgment debtor at the same time, G.S. 1-233 requires the judgment to be docketed.

3. Can the clerk accept payment of an arbitration award filed with the clerk before the time for reducing the award to judgment? There is no authority for the clerk to accept payment until the award is entered as a judgment.

## Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

4. Can the clerk take a payment in a small claims action before judgment is entered (filed with the clerk)? There is no authority for the clerk to accept payment until the judgment is entered.

## IV. Payments Directly to Judgment Creditor

A. A judgment creditor who receives a partial or full payment upon a judgment directly from the judgment debtor must give satisfactory notice of the payment to the clerk in the county where the judgment was rendered. G.S. 1-239(c).

1. Timing of notice. The judgment creditor must give satisfactory notice within sixty days after receipt of any payment upon a judgment. G.S. 1-239(c).

2. Content of the notice.

a. Single payment. The notice must specify the date and the amount of the payment received. G.S. 1-239(c).

b. Multiple payments. If the creditor provides the clerk with a single notice that includes multiple payments made by the debtor, the notice must specify the date of each individual payment and the amount received on each date. G.S. 1-239(c).

**Form.** The judgment creditor may notify the clerk by using AOC-CV-413, Certificate Of Payment/Satisfaction Of Judgment By Judgment Creditor.

B. If the judgment creditor fails to timely notify the clerk of a payment made to the judgment creditor, the judgment debtor may make a written demand to the creditor to file the notice. *See* G.S. 1-239(c).

1. The judgment creditor is subject to a $100 civil penalty if the judgment creditor does not give notice of the payment to the clerk within thirty days after the written demand by the judgment debtor. G.S. 1-239(c). The clear proceeds of this penalty must be remitted to the Civil Penalty and Forfeiture Fund ("the Fund") in accordance with G.S. 115C-457.2. G.S. 1-239(c). The Fund and all interest accruing to the Fund are used exclusively for maintaining free public schools. G.S. 115C-457.1(b).

2. The judgment creditor also is liable to the judgment debtor for any loss caused by the failure

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

action seeking the civil penalty, actual damages, and attorney fees.)

**Example.** A judgment debtor pays a judgment creditor the full amount of the judgment. Four months later, the judgment debtor is getting ready to purchase a house and discovers that the judgment creditor did not notify the clerk of the payment and mark the judgment satisfied. On March 2, the judgment debtor mails a demand to the judgment creditor to give notice to the clerk; the judgment creditor responds that he will give the notice when he gets around to it. The judgment debtor's commitment for a 6.5 percent loan expires April 20, but the closing on the house scheduled for April 18 must be postponed because the judgment creditor has not cancelled the debt. The judgment creditor finally notifies the clerk on May 20. When the judgment debtor closes on his house, the interest rate he must pay is at 7 percent. The judgment creditor is liable to the judgment debtor for (a) the additional .5 percent interest that the judgment debtor must pay because of the judgment creditor's failure to give the proper notice and (b) attorney fees.

C. Upon receipt of the notice of payment from the judgment creditor, the clerk must promptly enter the payment on the judgment docket, crediting each payment against the judgment as of the date received by the creditor. G.S. 1-239(c).

## V. Clerk Is Liable for Failure to Remit Payment to Creditor

A. The clerk's duty is to pay the money received under a judgment to the party entitled to the money. *Kendrick v. Cain*, 272 N.C. 719, 722 (1968).

B. The clerk is liable to the person to whom the payment is due.

C. The clerk is the statutory agent of the judgment creditor, not of the judgment debtor. *Kendrick v. Cain*, 272 N.C. 719, 722 (1968); *Bowen v. Iowa Nat. Mut. Ins. Co.*, 270 N.C. 486, 491 (1967) (the effect of G.S. 1-239 "is to make the clerk the statutory agent of the owner of the judgment, and not of the party making the payment").

D. Payment by the judgment debtor to the clerk discharges the debtor's obligation even though the clerk did not pay the judgment creditor. *Dalton v. Strickland*, 208 N.C. 27, 30 (1935).

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

judgment docket. *Dalton v. Strickland*, 208 N.C. 27, 30 (1935).



## VI. Canceling Judgments (Satisfaction and Discharge)

A. If either the attorney of record for the judgment creditor or the judgment creditor comes to the clerk's office to receive payment in full and receives the money, the clerk marks the judgment satisfied on the judgment docket. See Section III.D.4, above.

**Practice Note.** The best practice is for the clerk to have the individual appearing at the clerk's office complete and sign AOC-CV-413, Certificate Of Payment/Satisfaction Of Judgment By Judgment Creditor.

B. If either the attorney of record for the judgment creditor or the judgment creditor has received payment in full directly from the judgment debtor and sends the clerk AOC-CV-413, Certificate Of Payment/Satisfaction Of Judgment By Judgment Creditor, or some similar document, properly executed and indicating payment in full, the clerk marks the judgment satisfied on the judgment docket.

C. If **neither the attorney of record nor the judgment creditor appears at the clerk's office to** receive the monies within ten days after the notice of payment in full was mailed, or if neither notifies the clerk that the amount is disputed, the clerk must mark "Paid and Satisfied In Full" on the judgment docket. G.S. 1-239(a)(5)a. (The clerk mails the check, payable to the judgment creditor, to the creditor's last known address or to the attorney's address.)

**Practice Note.** Some clerks also send a copy of the Certificate Of Payment for the attorney of record or the judgment creditor to complete and return, although this is not required since the statute provides that the clerk must mark the judgment "Paid and Satisfied In Full" after the ten-day period.

D. Bankruptcy. It is the duty of the clerk to file the certificate of discharge and to enter a notation of the certificate on the judgment abstract if a bankruptcy court furnishes a written statement or certificate to the clerk (1) that a judgment debtor has been discharged and indicating that the plaintiff or judgment creditor in whose favor judgments are docketed against the judgment debtor has received due notice and (2) stating that the judgments have been discharged. G.S. 1-245.

1. G.S. 1-245 applies to (a) judgments docketed in the

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

clerk and (b) future judgments of the same kind. *See* G.S. 1-245.

**Practice Note.**

- The form from the bankruptcy court may be called an order of discharge, certificate of discharge, or notice of discharge.
- Usually, discharge orders or notices received by the clerk do not list specific cases but, rather, provide a general discharge of debts listed in the bankruptcy petition. In that case, the clerk cannot enter a notation on the judgment docket because the clerk is not given notice of the specific judgments to be discharged in bankruptcy. The burden is on the debtor to bring to the clerk sufficient information for the clerk to be satisfied that specific judgments have been discharged. If the notice does not list specific judgments, the clerk should file it as a Registration.

2. Discharge in a Chapter 7 bankruptcy proceeding extinguishes the judgment debtor's personal liability on the debt and allows the judgment debtor to take appropriate action to avoid the lien. *In re Mechling*, 284 B.R. 127, 132–33 (Bankr. D. Idaho 2002) (discussing *In re Clowney,* 19 B.R. 349, 352–54 (Bankr. M.D.N.C. 1982)) (discharge of a judgment in a Chapter 7 proceeding would prevent the creation of a lien on property acquired by judgment debtor after discharge; the filing of a certificate pursuant to G.S. 1-245 provides notice that the judgment referenced therein has been rendered unenforceable)).

## VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification

A. Any interested person may file a motion with the clerk if (1) payment on the judgment was made and not entered, (2) the judgment was reversed and no entry was made on the judgment docket, or (3) the judgment was modified on appeal and no entry was made on the judgment docket. The clerk must hold a hearing on the matter. *See* G.S. 1-242.

**Practice Note.** This procedure is most likely to be used in situations where (1) a judgment debtor has paid the judgment creditor directly, (2) the judgment creditor did not inform the clerk to credit the payment, and (3) the judgment creditor cannot be made to give notice to the clerk under G.S. 1-239 because the judgment creditor

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

B. Filing motion and notice.

1. Any interested person may file a motion in the cause seeking a hearing. G.S. 1-242.

2. Motion must be made upon affidavit. G.S. 1-242.

3. Notice must be given to all interested persons. G.S. 1-242.

   a. Interested persons would include all judgment debtors on the same judgment.

   b. Other judgment creditors usually would not be interested persons.

   c. Notice to parties is given as provided by G.S. 1A-l, Rule 5. If there is an interested person who is not a party, notice to this person should be given as provided by Rule 4.

C. Hearing.

1. Hearing can be by affidavit, oral testimony, deposition, or any other competent evidence. G.S. 1-242.

2. The party seeking to show the payment, reversal, or modification on appeal must prove the payment, reversal, or modification by the preponderance of the evidence.

3. The clerk determines whether a credit, reversal, or modification should have been docketed.

4. The clerk marks the judgment docket as indicated by the clerk's ruling.

5. A party may appeal the clerk's decision. G.S. 1-242 specifically provides that appeals are to be made under the provisions of G.S. 1-301.1. The appeal is to the trial court in which the underlying judgment was entered.

D. After hearing. If the clerk orders a credit, reversal, or modification, the clerk must send a transcript of the final judgment to the clerk in each county in which the original judgment is docketed. The clerk in each such county must enter the transcript on the judgment docket. G.S. 1-242.

## VIII. Filing Foreign Judgments from Other States or U.S. Courts

A. The Uniform Enforcement of Foreign Judgments Act (UEFJA)—G.S. 1C-1701 to -1708—sets out a procedure

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

Carolina or from the federal courts. This is sometimes called "domesticating" the judgment.

B. Once the statutory procedure is followed, the judgments may be enforced in North Carolina in the same manner as North Carolina judgments. G.S. 1C-1703(c). See Section VIII.G, below, for more on enforcement.

1. This includes a ten-year enforcement period contemplated by G.S. 1-234. Nielson v. Schmoke, 836 S.E.2d 652, 659 (N.C. Ct. App. 2021).

2. The ten-year enforcement period for a foreign judgment filed in compliance with the UEFJA runs from the date of the filing of the foreign judgment in North Carolina, not from the date the judgment was entered in the other jurisdiction. *Nielson v. Schmoke*, 836 S.E.2d 652, 659 (N.C. Ct. App. 2021).

C. Definition of foreign judgment. "Foreign judgment" means a judgment, decree, or order of a court of the United States or of a court of any other state that is entitled to full faith and credit in this state. G.S. 1C-1702(1).

1. "Foreign judgment" does not include a child support order, a child custody order or decree, or a domestic violence protective order. G.S. 1C-1702(1).

2. "Foreign judgment" also does not include a judgment from another country. See Section IX, below, discussing the Uniform Foreign-Country Money Judgments Recognition Act.

D. Federal judgments from North Carolina federal district courts may be registered under the UEFJA or under the provisions of G.S. 1-237, discussed in Section I.C.1, above. Filing under the UEFJA allows a judgment creditor to take advantage of the statute's streamlined procedure.

E. The UEFJA is not the exclusive way to enforce a judgment from another state. G.S. 1C-1707. The old method of bringing a lawsuit in North Carolina on the out-of-state judgment is still permitted, although the UEFJA procedure is easier. See Section X, below.

F. Procedure under the UEFJA.

1. The judgment creditor must file

a. a copy of the foreign judgment with the clerk in any county in which the judgment debtor resides or owns real or personal property and

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

i. states that the foreign judgment is final,

ii. states that it is unsatisfied in whole or in part, and

iii. sets forth the amount remaining unpaid on the judgment. G.S. 1C-1703(a).

2. Judgment must be authenticated in accordance with an act of Congress or a North Carolina statute. G.S. 1C-1703(a).

   a. A certified copy or exemplified copy of the judgment satisfies the requirement of authentication. *See Lust v. Fountain of Life, Inc.*, 110 N.C. App. 298, 301 (1993) (Florida clerk's attestation and judge's certificate were proper authentication).

   b. See G.S. 1A-1, Rule 44(a), which states how a record is authenticated under North Carolina law.

3. At the time of the filing of the foreign judgment, the judgment creditor is required to pay costs and fees under G.S. 7A-305 that would be collected if the judgment creditor were filing a civil action in the appropriate trial division for the amount still owed. *See* G.S. 1C-1706.

4. Upon receiving a copy of the judgment and an affidavit that complies with the statute, the clerk must docket and index the judgment in the same manner as a judgment of this state. G.S. 1C-1703(b).

   **Practice Note.** If the judgment and affidavit are not in proper form, the clerk should file them but not docket or index them as a judgment. Some clerks return a copy of the judgment and the affidavit to the sender with a notation indicating that the judgment was not docketed as a judgment because it was not properly completed in accordance with the requirements of the UEFJA. If a properly completed new judgment and affidavit are filed, the clerk should then docket and index the judgment.

5. Interest rate on registered judgment. Although no North Carolina case has yet ruled on the rate of post-judgment interest that a judgment registered under the UEFJA should draw, the judgment should draw interest on the principal at the North

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

interest in the underlying contract that is the subject of the judgment.

G. Procedure for enforcing a judgment under the UEFJA.

1. **The clerk cannot issue an execution or begin any enforcement proceeding on a foreign judgment until the expiration of thirty days after proper service of the notice of filing on the judgment debtor.** See G.S. 1C-1703(b) and Section VIII.G.2, below, for service of the notice.

   **Practice Note.** When the clerk is docketing the judgment, a note can be added on the judgment abstract or made in the file indicating that the judgment cannot be enforced until thirty days after service on the judgment debtor or, if the judgment debtor has filed a motion for relief, until resolution of the motion.

2. Upon filing the foreign judgment and affidavit, the judgment creditor must serve a notice on the judgment debtor. G.S. 1C-1704(a).

   a. The notice must

      i. set forth the name and address of the judgment creditor and the judgment creditor's attorney, if any;

      ii. list the name and address of the North Carolina clerk's office in which the foreign judgment is filed; and

      iii. state that the judgment has been filed in that clerk's office; that the judgment debtor has thirty days from the date of receipt of the notice to seek relief from enforcement of the judgment; and that if the judgment is not satisfied and no relief is sought within that thirty-day period, the judgment will be enforced in this state in the same manner as any North Carolina judgment. G.S. 1C-1704(b).

   b. The judgment creditor must attach a file-stamped copy of the foreign judgment and affidavit to the notice. G.S. 1C-1704(a).

   c. The notice is served under G.S. 1A-1, Rule 4(j), and proof of service is made as provided by that Rule. G.S. 1C-1704(a).

3. If no motion for relief is filed by the judgment

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

a motion for relief after the thirty-day period if no writ of execution has issued. *Security Credit Leasing, Inc. v. D.J.'s of Salisbury, Inc.*, 140 N.C. App. 521, 526 (2000). Thus, if the judgment debtor files a motion for relief after the thirty-day period but before an execution is issued, the clerk should not issue an execution while the motion for relief is pending.

H. Judgment debtor may seek relief from a foreign judgment under the UEFJA.

1. Upon receiving notice of the filing of the foreign judgment for enforcement in North Carolina, the judgment debtor may file a motion for relief from, or assert a defense to, the foreign judgment. G.S. 1C-1705(a).

2. The judgment creditor then may move for enforcement of the judgment and has the burden of proving that the judgment is entitled to full faith and credit. G.S. 1C-1703(b).

3. The hearing on the matter is before a judge of the trial division in which the action would have been tried. G.S. 1C-1703(b).

4. The clerk follows the final judgment entered by the trial division in the matter.

## IX. Judgments from Other Countries

A. The North Carolina Uniform Foreign-Country Money Judgments Recognition Act (NCUFCMJRA or "the Act") —G.S. 1C-1850 to -1859—sets out a procedure for recognizing judgments of a "foreign country." This statute took effect October 1, 2009, and applies to all actions commenced on or after that date in which the issue of recognition of a foreign-country judgment is raised. It replaced the previous North Carolina Foreign Money Judgments Recognition Act.

1. A "foreign country" is

   a. a government other than the United States;

   b. a government other than a state, district, commonwealth, territory, or insular possession of the United States; or

   c. any other government with regard to which the decision in North Carolina as to whether to recognize a judgment of that government's courts is initially subject to

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

Credit Clause of the U.S. Constitution. G.S. 1C-1851(1).

2. A "foreign-country judgment" is a judgment of a court of a foreign country. G.S. 1C-1851(2). Judgments of other states in the United States ("sister states") do not fall under this definition. G.S. 1C-1851, Official Comment.

3. Except as provided in G.S. 1C-1852(b), set out in Section IX.A.4, below, the Act applies to any foreign-country judgment to the extent that the judgment grants or denies the recovery of a sum of money and is final, conclusive, and enforceable under the law of the foreign country where it was rendered. G.S. 1C-1852(a).

4. The Act does not apply to a foreign-country judgment, even if the judgment grants or denies the recovery of a sum of money, to the extent that the judgment is a judgment for taxes; a fine or other penalty; or a judgment for alimony, support, or maintenance in a matrimonial or family matter. G.S. 1C-1852(b). For more information on the Act's applicability to child support, see CHERYL D. HOWELL & JAN S. SIMMONS, "Child Support," NORTH CAROLINA TRIAL JUDGES' BENCH BOOK, District Court, Vol. 1, Ch. 3, Pt. 4 (UNC School of Government, 2019).

B. Procedure.

1. The party seeking to have the judgment recognized must file a civil action in a North Carolina court as set forth in G.S. 1C-1855.

2. A party seeking recognition of a foreign-country judgment has the burden of establishing that the Act applies to the foreign-country judgment. G.S. 1C-1852(c).

3. A judge decides whether the foreign judgment should be recognized. The standards to be used in making this decision are set forth in G.S. 1C-1853.

4. If the judge finds that the foreign-country judgment is entitled to recognition, then, to the extent that the judgment grants or denies the recovery of a sum of money, the foreign judgment is

a. conclusive between the parties to the same extent as the judgment of a sister state entitled to full faith and credit in this state would be conclusive and

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

state. G.S. 1C-1856(a)(1)–(2). Therefore, if the judgment being recognized is for the recovery of a sum of money, the clerk must docket the judgment and, upon request, issue a notice of rights (if required) and an execution.

C. Interest rate on recognized foreign-country judgment. Although no North Carolina case has yet ruled on what rate of post-judgment interest is awarded under a judgment recognized under the NCUFCMJRA, the judgment should draw interest on the principal at the North Carolina legal rate of interest set out in G.S. 24-1 unless the parties agreed to a different rate of interest in the underlying agreement that is being enforced in the judgment.

## X. Lawsuits on Judgments (Often Referred to as Renewing Judgments)

A. General.

1. A judgment lien expires ten years after it has been entered. G.S. 1-234 ("judgment is a lien on the real property . . . for 10 years from the date of the entry of the judgment under G.S. 1A-1, Rule 58 . . ." ). After that period, no writ of execution may be issued to enforce the judgment. For judgments entered before September 1, 2003, the lien expires ten years after the judgment is rendered.

   a. Some exceptions to this expiration date apply, but a discussion is outside the scope of this manual. For one exception, see G.S. 1C-1604(a1), which suspends the statute of limitations on property claimed as exempt if the judgment creditor recorded a copy of the order designating exempt property in the register of deeds office where the exempt real property is located.

2. To extend this enforcement period, a judgment creditor may bring a civil action to enforce the prior judgment and obtain a new ten-year period in which to collect.

   **Resource.** Dona Lewandowski, *Action to Renew a Judgment – But Not Really*, UNC Sch. of Gov't: On the Civil Side Blog (Feb. 24, 2017).

3. An action on a prior judgment may be brought only one time (whether the action is on a prior North Carolina judgment or on a judgment from another state or a federal court). G.S. 1-47(1). This gives the

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

4. Although people frequently refer to this process as "renewing judgments," in fact a new lawsuit is brought on the prior judgment and a new judgment entered. An action on a prior judgment is an independent action separate and distinct from the original suit in which the prior judgment was entered. *Teele v. Kerr*, 261 N.C. 148, 149–50 (1964); *Duplin Cnty. DSS ex rel. Pulley v. Frazier*, 230 N.C. App. 480, 483 (2013) (subsequent suit is a new action brought to collect a prior debt); *NCNB v. Robinson*, 80 N.C. App. 154, 156–57 (1986).

B. When to bring an action on a judgment. The complaint on a judgment must be *filed* within ten years from the date of entry of the original judgment. G.S. 1-47. The trial on the action to "renew" the judgment does not have to be held within the original ten-year period.

C. Procedure for action on a prior judgment.

1. The judgment creditor files a lawsuit for money owed based on the prior judgment.

   a. The prior judgment can be from a North Carolina court, the court of any state or territory of the United States, or any federal court. G.S. 1-47(1).

   b. The judgment creditor either attaches a certified copy of the judgment or offers it at trial.

2. The cause of action is based on the unsatisfied balance of the earlier judgment, not the underlying contract or tort that may have been the basis for the earlier judgment.

3. At trial, the judgment creditor must prove

   a. that there is an unpaid judgment and

   b. the amount owed on the earlier judgment.

4. Post-judgment interest on the second judgment runs only on the principal amount of the original judgment, not on the accrued interest and court costs. *NCNB v. Robinson*, 80 N.C. App. 154, 156–57 (1986). Therefore, the court considering an award of interest in the second judgment must separately consider the principal and accrued interest from the first judgment. *City of Charlotte v. Noles*, 143 N.C. App. 181, 184 (2001) (plaintiff was entitled to interest only on the underlying award and was not entitled to interest on the interest that had accrued on that award);

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

5. Any rate of interest in the original contract is not applicable to the action on the judgment because in the original lawsuit the judgment merged with the debt and the contract ceased to exist. Therefore, in the action on the judgment, the North Carolina legal rate of interest set out in G.S. 24-1 applies to post-judgment interest. *See Speros Constr. Co. v. Musselwhite*, 103 N.C. App. 510, 513 (1991) (interest accrued on the principal amount awarded in the original judgment at the amount agreed to in the contract, which was 6 percent; interest accrued on amount awarded in the subsequent action at the legal rate in G.S. 24-1, which was 8 percent); *NCNB v. Robinson*, 80 N.C. App. 154, 157 (1986).

6. Default judgment can be entered in these cases in district and superior court. If the amount in controversy is within the magistrate's jurisdiction, the case may be filed as a small claim.

7. The new judgment is docketed and becomes a lien on the real property of the defendant in the county where docketed. **The lien of the new judgment does not relate back to** the docketing of the first judgment. The lien from the prior judgment is extinguished at the end of ten years. G.S. 1-234 ("judgment is a lien on the real property . . . for ten years from the date of the entry of the judgment under G.S. 1A-1, Rule 58 . . .").

   **Example.** On March 25, 2009, judgment is entered against Samuel Jones in favor of Shonda Bennett for $4,000 for breach of contract. Mr. Jones made no payments on the judgment. Several other judgments are entered against Mr. Jones after Ms. Bennett's judgment. On March 20, 2019, Ms. Bennett files a timely lawsuit against Mr. Jones on the 2009 judgment. At trial, Ms. Bennett submits an affidavit from the clerk indicating that judgment was entered on March 25, 2009, for $4,000 and that the current amount owed is $7,200 ($4,000 principal and $3,200 interest). Judgment is entered on September 30, 2019, for $7,360 (because by that time another $160 interest had accrued). Ms. Bennett discovers that Mr. Jones purchased a house in 2016 (he paid cash from an inheritance). The house has a fair market value of $85,000, and the amount owed on the judgments entered against Mr. Jones between the time of the docketing of Ms. Bennett's first judgment and the renewed judgment is $105,000. Ms. Bennett's judgment for $7,360 is junior to the earlier judgments by other creditors and does not relate

PRINT: MANUAL CHAPTER

Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2

© Copyright 2026, The University of North Carolina at Chapel H

Accessibility | UNC Privacy Policy

## Sections

I. Docketing Judgments
II. Partial Payments on Judgments
III. Full Payments on Judgments
IV. Payments Directly to Judgment Creditor
V. Clerk Is Liable for Failure to Remit Payment to Creditor
VI. Canceling Judgments (Satisfaction and Discharge)
VII. Hearing Before Clerk to Determine Entry of Credit, Reversal, or Modification
VIII. Filing Foreign Judgments from Other States or U.S. Courts
IX. Judgments from Other Countries

1 2