**SO ORDERED.**

**SIGNED this 23rd day of October, 2026.**

BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | Chapter 7 |
| | ) | Case No. 25-10147 |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER DENYING EASTWOOD'S MOTION FOR GATEKEEPING ORDER AND CHANNELING INJUNCTION**

This case is before the Court on the motion for a gatekeeping order and channeling injunction (the "Motion") filed by Eastwood Construction Partners, LLC ("Eastwood"), on October 12, 2026, ECF No. 193, and on the response in opposition filed by James Lawrence Bryant and Sharon Renea Bryant ("Debtors"), ECF No. 196. Debtors are proceeding pro se. For the reasons stated herein, the Court will deny the Motion.

**BACKGROUND**

On February 15, 2023, Debtors filed a complaint with the North Carolina Real Estate Commission against Eastwood, alleging that Eastwood had engaged in illegal steering and blockbusting after Debtors' decision to buy a home built by Eastwood. ECF No. 193 at 1-2. The North Carolina Real Estate Commission did not find wrongdoing. Id. at 2. On April 27, 2023, Eastwood sought a restraining order and preliminary injunction in Randolph County Superior Court (the "State Action"), alleging that Debtors made false and defamatory statements to potential buyers of Eastwood's homes in person, on signs, through social media, and at protests in Debtors' front yard. Case No. 25-02009, ECF Nos. 31-1, 31-2. On May 19, 2023, Debtors asserted counterclaims of breach of contract, negligence, defamation, and unfair and deceptive trade practices. Id., ECF No. 3 at 9. On June 27, 2023, the state court granted Eastwood's request for a preliminary injunction against Debtors. Id., ECF No. 3-3 at 3. Debtors noticed an appeal of the preliminary injunction, but never prosecuted it. Id., ECF No. 31-6 at 6.

In July 2023, Debtors filed complaints with the National Association for the Advancement of Colored People and the American Civil Liberties Union against Eastwood. Id., ECF No. 31-6 at 33. On July 31, 2023, Debtors also filed discrimination claims against Eastwood in the United States District Court for the Middle

District of North Carolina (the "Federal Action"). Id., ECF No. 3-3. Debtors then filed a complaint with the US Department of Housing and Urban Development, which did not find that Eastwood engaged in wrongdoing. Case No. 25-10147, ECF No. 193 at 4. In November 2023, Debtors filed another complaint with the North Carolina Real Estate Commission, which did not make any negative findings against Eastwood. Id. On November 22, 2023, the state court dismissed all the counterclaims except for breach of contract. Case No. 25-02009, ECF No. 3 at 9.

On December 29, 2023, the parties reached a settlement agreement in which Eastwood agreed to pay $7,000 for Debtors to dismiss their remaining counterclaim in the State Action and dismiss the Federal Action. Id., ECF Nos. 3, 28 at 31. That day, Debtors filed a notice of voluntary dismissal of their remaining counterclaim in the State Action. Id., ECF No. 3 at 10. Debtors did not dismiss the Federal Action. Id. On January 10, 2024, Eastwood moved for the state court to enforce the settlement agreement. Id.

The state court granted Eastwood's motion on March 22, 2024, and entered a judgment against Debtors of $150,000. Id., ECF No. 3 at 10-11. In that order, the state court also granted a permanent injunction, prohibiting Debtors from several actions including harassing, threatening, or approaching Eastwood's customers and employees; brandishing a weapon to disrupt or harm Eastwood's

business; making statements about Eastwood; entering Eastwood's property; making defamatory statements about Eastwood; and engaging in any act to harm Eastwood's business or reputation. Id., ECF No. 3-2 at 3-4. Debtors filed two notices of appeal of the state court's order enforcing the settlement agreement, id., ECF No. 3-2 at 1, which were dismissed, Case No. 25-10147, ECF No. 193 at 5. On September 27, 2024, the federal court also granted Eastwood's motion to enforce the settlement agreement. Case No. 25-02009, ECF No. 31-22.

On March 13, 2025, Debtors filed a voluntary petition under chapter 7 of title 11. Case No. 25-10147, ECF No. 1. Eastwood initiated an adversary proceeding on June 5, 2025, seeking to have the state court judgment declared non-dischargeable. Case No. 25-02009, ECF No. 1. Eastwood filed an amended complaint on June 9, 2025. Id., ECF No. 3. Debtors filed counterclaims against Eastwood and Eastwood's attorneys, id., ECF No. 47, but eventually withdrew those claims. Id., ECF No. 68 at 6, 77. On July 17, 2025, the Court entered an order of discharge for Sharon Bryant and, on September 4, 2025, for James Byrant. Case No. 25-10147, ECF Nos. 61, 87. On November 14, 2025, Eastwood and Debtors filed cross motions for summary judgment, Case No. 25-02009, ECF Nos. 31, which the Court later denied. Id., ECF No. 104.

During the bankruptcy case, Debtors filed multiple documents containing arguments that were not warranted by existing law in

that they requested duplicative relief and contained false or misleading case citations and law. Case No. 25-10147, ECF No. 167 at 2. As a result, on November 19, 2025, the Court entered an order directing Debtors to show cause why the Court should not sanction them for failure to comply with Federal Rule of Bankruptcy Procedure 9011, which prohibits nonfrivolous arguments that are intended to harass (the "Show Cause Order"). Id., ECF No. 137. After a hearing, the Court declined to levy any sanctions against Debtors, and it warned them that further duplicative, repetitive, or frivolous motions could result in sanctions. Id. at 6–7.

On August 5, 2026, Eastwood moved to voluntarily dismiss the adversary proceeding with prejudice. Case No. 25-02009, ECF No. 123. On August 6, 2026, Debtors requested a reimbursement of costs in the amount of $5,051.09. Id., ECF No. 124. The Court granted the motion for voluntary dismissal and denied the request for costs. Id., ECF No. 133. The adversary proceeding has been closed.

On September 18, 2026, Debtors filed a motion to show cause, arguing that Eastwood had refused to mark the state court judgment discharged. Case No. 25-10147, ECF No. 183. Eastwood responded to the motion, attaching a copy of emails that Debtors sent to Eastwood's counsel that requested reimbursement of expenses and threatened more litigation. Id., ECF No. 187 at 8–9. On October

14, 2026, Debtors withdrew the show cause motion. Id., ECF No. 194.

On October 12, 2026, Eastwood moved for a gatekeeping order, arguing that Debtors were harassing Eastwood to get as much money as possible. Id., ECF No. 193 at 6. Specifically, Eastwood asserts that Debtors had engaged in vexatious and duplicative litigation post-settlement, filed seven actions against Eastwood that were eventually dismissed, advanced duplicative filings based on rejected arguments, continued their filings despite reprimands by various courts, incurred significant time and resources for Eastwood to defend, and disobeyed previous court orders. Id. at 8–14, 16–17. On October 21, 2026, Debtors responded, arguing that the injunction "is unnecessary and substantially broader than the circumstances warrant." Id., ECF No. 196 at 1. Specifically, Debtors contend that their emails to Eastwood's attorneys were merely evaluating available legal options, the adversary proceeding is closed, and their recent conduct demonstrates an effort to conclude litigation. Id. at 2–4.

**STANDARD OF REVIEW**

The All Writs Act gives federal courts, including bankruptcy courts, the ability to limit access to the courts by vexatious and repetitive litigants. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) (citing In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989)); see also Raubach v. Holt Sols.,

LLC (In re Ford), 678 B.R. 300, 359 (Bankr. W.D.N.C. 2026) (bankruptcy court imposing a prefiling injunction). "Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts." Cromer, 390 F.3d at 817 (citing U.S. Const. amend. XIV, § 1). Indeed, access to the courts is "the right conservative of all other rights, and lies at the foundation of orderly government." Chambers v. Balt. & Ohio R.R. Co., 207 U.S. 142, 148 (1907).

"Thus, a judge should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" Cromer, 390 F.3d at 817–18 (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)). Further, "'use of such measures against a pro se plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" Id. at 818 (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)). Relevant considerations for a pre-filing injunction include: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and

(4) the adequacy of alternative sanctions." Id. (citing, inter alia, Pavilonis, 626 F.2d at 1078–79). Such relief is only appropriate with a real and immediate threat of future injury, along with objectionable past conduct. See Rizzo v. Goode, 423 U.S. 362, 372 (1976).

## DISCUSSION

Having considered the record and papers, the record is sufficient for the Court to rule without a hearing. In the Motion, Eastwood requests that the Court enjoin Debtors from filing more complaints in not only this Court, but also in other state and federal courts and tribunals. The Court will address each aspect in turn.

### I. State Courts and Tribunals

If a prefiling injunction is intended to include state court proceedings, a federal court generally should not grant relief, absent three limited exceptions under the Anti-Injunction Act. See Bluefield Cmty. Hosp., Inc. v. Anziulewicz, 737 F.2d 405, 408 (4th Cir. 1984). These exceptions, which were "designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court[,]" Chick Kahm Choo v. Exxon Corp., 486 U.S. 140, 147 (1988), include "as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Kay Co. v. Equitable Prod. Co., 27 F.4th 252, 260

(4th Cir. 2022) (quoting 28 U.S.C. § 2283). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed . . . ." Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970).

Because Eastwood is not seeking to effectuate a federal court judgment but rather is attempting to prohibit Debtors from filing complaints in state courts and tribunals, none of the exceptions under the Anti Injunction Act apply. See Kay Co., 27 F.4th at 260. Moreover, the state court already imposed a permanent injunction against Debtors and entered an order enforcing the settlement agreement. See Case No. 25-02009, ECF No. 3. Thus, there is no need to stay state litigation. See Atl. Coast Line R.R. Co., 398 U.S. at 297. Accordingly, the Court declines to impose a gatekeeping order that includes actions in state courts and tribunals.

**II. Federal Courts and Tribunals**

"There is simply no support in the law for permitting an injunction prohibiting a litigant from ever again filing a document in federal court." Brow, 994 F.2d at 1039 (quoting In re Packer Ave. Assoc. 884 F.2d at 748). Indeed, a prefiling injunction must be "narrowly tailored to fit the specific circumstances at issue." Cromer, 390 F.3d at 818 (citing, inter alia, Brow, 994 F.2d at 1038). Thus, federal courts have limited a prefiling injunction

to their specific court instead of federal courts at large. See, e.g., Morning Star Baptist Church v. James City Cnty. Police, 480 F. Supp. 2d 853, 862 (E.D. Va. 2007); Chien v. Robbins, No. 3:21-cv-501, 2021 U.S. Dist. 232137, at *11 (E.D. Va. Dec. 3, 2021); Smith v. Sec., No. 5:25-cv-00220, 2025 U.S. Dist. 133419, at *11-12 (S.D.W. Va. July 14, 2025).

The district court also already entered an order enforcing the settlement agreement. See Case No. 25-02009, ECF No. 31-22. Debtors have not filed another complaint in the district court since. Therefore, the Court declines to impose a prefiling injunction in other federal courts and tribunals.

**III. This Court**

When a party initiates multiple lawsuits that appear "frivolous and without merit" and "simply rehash claims that have already been disposed of on their merits[,]" a court may find the party to be a vexatious litigant. Whitehead v. Viacom, 233 F. Supp. 2d 715, 726 (D. Md. 2002). Yet, a party's duplicative actions do not always reach the level that necessitates a prefiling injunction. See, e.g., Lewis v. Microsoft Corp., 410 F. Supp. 2d 432, 439 (E.D.N.C. 2006) (declining to do so with "four bites at the same apple"); Pickens v. Hendricks, No. 1:21-cv-00030, 2023 U.S. Dist. LEXIS 141661, at *19 (W.D.N.C. Aug. 14, 2023) (denying the motion for a gatekeeping order despite the duplicative and frivolous filings of the pro se plaintiff because the conduct had

not yet reached an exigent level). A court could instead decide to impose an alternative sanction or issue a warning. See In re Gibbs, 665 B.R. 283, 288 (Bankr. D.S.C. 2024); see also Saphilom v. Vichittavong, No. 3:23-cv-00027, 2023 U.S. Dist. LEXIS 174596, at *10 (W.D. Va. Sept. 27, 2023) (finding "it would be premature to escalate immediately to a prefiling injunction[]" considering it had yet to apply sanctions to plaintiff).

In considering the adequacy of alternative sanctions, "the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. U.S. Lines Inc., 792 F.2d 19, 24 (2d Cir. 1986). A plaintiff's decision to ignore a court's warnings regarding their behavior could support the finding that alternative sanctions are not appropriate. See Miles v. Angelone, 483 F. Supp. 2d 491, 496 (E.D. Va. 2007).

For example, in Green v. Prince George's County Office of Child Support, the United States District Court for Maryland affirmed the bankruptcy court's decision to impose a prefiling injunction. 641 B.R. 820, 842 (D. Md. 2022), aff'd, No. 22-1705, 2023 U.S. App. LEXIS 9785 (4th Cir. Apr. 24, 2023). The debtor had filed multiple motions and appeals within the bankruptcy court even after the bankruptcy court's explanations of the reasons rejecting his filings, could not claim a good faith basis for his filings due to the repetitive nature of his arguments despite the

court's conclusions otherwise, had filed twenty bankruptcy appeals, had failed to appear at the show cause hearing, and had filed an additional bankruptcy petition without court approval. Id. at 842–43. Thus, the district court agreed that alternative sanctions were not appropriate. Id. at 843.

This Court warned Debtors regarding duplicative, repetitive, and frivolous filings that contained non-existent law and erroneous citations. See Case No. 25-10147, ECF No. 167. There is no indication on the record that Debtors have violated the Court's prior admonition. Cf. Green, 641 B.R. at 843. After the Show Cause Order, in the adversary proceeding, Debtors requested costs in response to Eastwood's motion for voluntary dismissal. Because costs are permissible in some circumstances as a condition of voluntary dismissal, see Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987), Debtors' arguments for litigation expenses were not frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining an argument as frivolous if "it lacks an arguable basis either in law or in fact"), superseded on other grounds by statute, 28 U.S.C. § 1915A(b). While Debtors asked again for reimbursement for litigation expenses in their emails to Eastwoods' counsel after the Court's order denying their request for costs, see Case No. 25-10147, ECF No. 187 at 8–9, this request was not filed with the Court.

Moreover, in their show cause motion in the bankruptcy case, Debtors provided several cases in support of their argument that Eastwood was responsible for correcting the state court record. See id., ECF No. 183. Thus, regardless of whether the motion would have been granted, it was not frivolous. See Neitzke, 490 U.S. at 325; see also Whitehead, 233 F. Supp. 2d at 727 (indicating that plaintiff who continued to file duplicative lawsuits that failed to state legal claims demonstrated a lack of good faith). In any event, Debtors withdrew their motion. See Case No. 25-10147, ECF No. 194. Because the Court's warning related to the possibility of sanctions was effective, cf. Miles, 483 F. Supp. 2d at 496, the Court declines to impose the drastic remedy of a gatekeeping order.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that Eastwood's motion for a gatekeeping order and channeling injunction is denied.

[END OF DOCUMENT]

---

[1] Because injunctive relief may not constitute claim or debt subject to discharge if the obligations imposed by the prepetition injunction can be performed without monetary obligation, the discharge does necessarily not prevent Eastwood from seeking to enforce the injunction in other courts and tribunals of competent jurisdiction. See In re Novo, No. 06-61366-CIV, 2007 WL 9700561, at *5-7 (S.D. Fla. Feb. 23, 2007) (citing Ohio v. Kovacs, 469 U.S. 274 (1985), and affirming the bankruptcy court's determination that a prepetition injunction prohibiting the debtors from further defaming or stalking the movants was not a "debt" that was subject to the discharge). The Court does not need to reach this issue in this contested matter, and nothing herein shall be construed as a determination of whether such relief would be a violation of the discharge injunction.

Parties to be Served
25-10147

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator Via CM/ECF

Clint S. Morse
Counsel for Eastwood Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370