**SO ORDERED.**

**SIGNED this 23rd day of October, 2026.**

BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In re: | |
| James Lawrence Bryant, Jr., Sharon Renea Bryant, | Chapter 7 |
| | Case No. 25-10147 |
| Debtors. | |

**ORDER FOR THE PARTIES TO SHOW CAUSE WHY THE AUTOMATIC STAY SHOULD NOT BE MODIFIED AND THE CAPTIONED CASE CLOSED**

This case is before the Court *sua sponte*. On June 1, 2026, ServiceMac LLC filed its motion for relief from stay as to real property, located at 5629 Siler Street, Trinity, NC. ECF No. 176. That motion originally was scheduled to be heard on June 30, 2026, but, at the request of the movant and Debtors, the Court continued the hearing to September 24, 2026. ECF No. 181. At the September 24, 2026, hearing, the parties again requested a continuance to December 22, 2026, in each instance representing that the holder was considering a loan modification request by Debtors.

James Lawrence Bryant, Jr. and Sharon Renea Bryant received their respective discharges under 11 U.S.C. § 727 in 2025. ECF Nos. 61 & 87. Debtors' estates have been fully administered and the chapter 7 trustee has filed a report of no distribution. ECF No. 60. There are no pending adversary proceedings. The only remaining adversary was closed on October 7, 2026. See Adv. Pro. No. 25-02009, ECF No. 133. Debtors withdrew their motion asserting a violation of the discharge injunction on October 14, 2026. ECF No. 194.

Under 11 U.S.C. § 362(c)(2)(C), the automatic stay has terminated with respect to Debtors. Nevertheless, Debtors continue to avail themselves of the automatic stay with respect to property of the fully administered estate. The purposes of the automatic stay include; providing debtors a "breathing spell" to permit debtors to reorganize their affairs and to provide for an orderly resolution of claims, In re Peterson, 297 B.R. 467, 470 (Bankr. W.D.N.C. 2003); and protecting property of the estate against the dissipation of assets and from interference with the trustee's orderly administration of the estate, In re Windstream Holdings, Inc., 105 F.4th 488, 495-96 (2d Cir. 2024). Under the circumstances of this case, receiving continued protection of the automatic stay post-discharge with respect to an asset that is otherwise property of the fully administered chapter 7 estate serves no legitimate bankruptcy purpose, and delays the

administration of the case which otherwise is ready to be closed. This case has been pending for over a year and a half. The discharge has been entered and the trustee has filed a report of no distribution. The property is not necessary for reorganization because this is a chapter 7 case and the trustee has filed a report of no distribution. In re Reid, No. 25-10566, 2026 WL 120978, *3 n.9 (Bankr. M.D.N.C. Jan. 15, 2026) (finding that property was not necessary for reorganization in a no asset chapter 7 case); and In re Grady, No. 09-10149-SSM, 2009 WL 902426, *1 (Bankr. E.D. Va. March 19, 2009). There is no bankruptcy purpose to protect property of the estate for administration by the trustee, who has filed his report of no distribution. Therefore, the Court will schedule a hearing for the parties to appear and show cause why the automatic stay should not be terminated with respect to the property and why this fully administered case should not be closed.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the Court will conduct a hearing for the parties to appear and show cause why the Court should not grant ServiceMac's motion for relief from stay, ECF No. 176, and close this fully administered case on **November 10, 2026**, at 9:30 a.m., Second Floor, Courtroom #1, 101 South Edgeworth Street, Greensboro, NC 27401.

[1] Termination of the automatic stay will not prevent the parties from further negotiating a loan modification.

The Clerk's Office is directed to serve a copy of this order on Debtors within three days of entry of this order.

[END OF DOCUMENT]

Parties to be Served
25-10147

| | |
|---|---|
| John Paul Hughes Cournoyer<br>U.S. Bankruptcy Administrator | Via CM/ECF |
| Franklin Greene<br>Counsel for ServiceMac, LLC, | Via CM/ECF |
| Vicki L. Parrott<br>Chapter 7 Trustee | Via CM/ECF |

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370